1   JODY A. LANDRY, Bar No. 125743
    LENA K. SIMS, Bar No. 212904
2   LITTLER MENDELSON
    A Professional Corporation
3   501 W. Broadway, Suite 900
    San Diego, CA 92101.3577
4   Telephone:    619.232.0441
    Facsimile:    619.232.4302
5   email:       jlandry@littler.com

6   MICHAEL E. BREWER, Bar No. 177912
    LITTLER MENDELSON
7   A Professional Corporation
    2175 North California Boulevard, Suite 835
8   Walnut Creek, CA 94596.3565
    Telephone:    (925) 932-2468
9   Facsimile:    (925) 946-9809
    email:       mbrewer@littler.com

10

11  Attorneys for Defendant
    PILOT TRAVEL CENTERS LLC

12

**FILED**

MAY 2 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

13              UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

ADR

15  CHERYL FORD, on behalf of herself, the      Case No.  C07-02715 JL
    general public, and as an "aggrieved
16  employee" under the California Labor         (Alameda County Superior Court
    Code Private Attorney General Act,           Case No. RGO7322125)

17
                    Plaintiff,                   **NOTICE TO FEDERAL COURT OF
18                                               REMOVAL OF CIVIL ACTION FROM
            v.                                   STATE COURT PURSUANT TO 28 U.S.C.
                                                 SECTIONS 1332(d), 1441 and 1446**
    PILOT TRAVEL CENTERS LLC and
    DOES 1-10, inclusive,                        Class Action Fairness Act

                    Defendant.                   Action Filed In State Court:  April 23, 2007

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
175 North California Boulevard
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO. _____ )  **ORIGINAL**
FIRMWIDE:82448486.1 043135.1043

1    TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF CHERYL FORD

2    AND HER ATTORNEYS OF RECORD:

3        PLEASE TAKE NOTICE that Defendant PILOT TRAVEL CENTERS LLC (hereinafter

4    collectively "Defendant") hereby removes the below referenced action from Alameda County

5    Superior Court in the State of California to the United States District Court for the Northern District

6    of California. Removal is based on 28 U.S.C. sections 1332(d) (the Class Action Fairness Act),

7    1441(b), and 1446 on the following grounds:

8                        **STATEMENT OF JURISDICTION**

9        1.    This Court has original jurisdiction over this action under the Class Action Fairness

10    Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See* 28 U.S.C. section 1332(d).

11    In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under

12    federal or state law in which any member of a class of plaintiffs is a citizen of a state different from

13    any defendant and where the amount in controversy for the putative class members in the aggregate

14    exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Act authorizes removal

15    of such actions pursuant to 28 U.S.C. section 1446. As set forth below, this case meets all of

16    CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

17                    **PLEADINGS, PROCESS, AND ORDERS**

18        2.    On or about April 23, 2007, Plaintiff CHERYL FORD ("Plaintiff") filed an original

19    Class Action Complaint in the Alameda County Superior Court in the State of California: *Cheryl*

20    *Ford, on behalf of herself, the general public, and as an "aggrieved employee" under the California*

21    *Labor Code Private Attorney General Act v. Pilot Travel Centers LLC, and Does 1-10, inclusive,*

22    Case No. RGO7322125 (hereinafter "the Complaint"). Plaintiff and the members of the putative

23    class are alleged to have been "employed by Pilot Travel in the state of California within the four

24    years preceding the filing of this Complaint, and received wages from Pilot Travel in the form of

25    checks issued by an out of state bank with no state address for presentation, were given no

26    notification of any provision for negotiating such paychecks in California at no cost, and/or incurred

27    a fee to cash their paycheck and/or had a hold placed on their paycheck all in violation of Labor

28    Code § 212.... Moreover Pilot Travel actually charges its own employees a fee to cash their

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
175 North California Boulevard
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468
NOTICE OF REMOVAL TO FEDERAL
COURT (NO.                              )                2.
C:\NRPORTBL\FIRMWIDE\MHORTON\82448486 1.DO

1    paychecks at Pilot Travel Centers thereby violating both Labor Code §§ 212 and 221. On

2    information and belief, numerous paychecks that violate Labor Code section 212 have been issued

3    by Pilot Travel to its California employees over the preceding four years."

4    3.    Plaintiff's Complaint asserts six (6) causes of action: (1) Issuance of Out of State

5    Paychecks in violation of Labor Code section 212; (2) Collecting a Check Cashing Fee in violation

6    of California Labor Code § 221; (3) Labor Code Private Attorney General Act of 2004; (4) [nothing

7    is actually alleged]; (5) unfair competition pursuant to 17200 *et seq.* of the Business and Professions

8    Code; and (6) for penalties pursuant to section 203 of the Labor Code.

9    4.    A copy of the Complaint, Summons, Civil Case Cover Sheet, Notice of Case

10   Management Conference and Case Management and Civil ADR Program Packet were served on

11   Defendant via its Agent for Service of Process, CT Corporation Systems on April 26, 2007. True

12   and correct copies of the documents served on Defendant are attached hereto as follows:

13            a.    The Complaint is attached hereto as Exhibit "A."

14            b.    The Summons is attached hereto as Exhibit "B."

15            c.    The Civil Case Cover Sheet is attached hereto as Exhibit "C."

16            d.    The Case Management and Civil ADR Program Packet is attached hereto as

17                  Exhibit "D."

18   5.    Attached hereto and incorporated herein by reference as Exhibit "E" is a true and

19   correct copy of Defendants' Answer to Plaintiffs' Class Action Complaint, filed on May 18, 2007.

20   6.    No further proceedings related thereto have been heard in Alameda County Superior

21   Court.

22   **JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

23   7.    Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2),[1] as

24   amended, provides in pertinent part as follows:

25       The district courts shall have original jurisdiction of any civil action in
         which the matter in controversy exceeds the sum or value of $5,000,000,
26       exclusive of interest and costs, and is a class action in which . . .

27   _____

28   [1] While there are a number of exceptions to this new rule of original jurisdiction contained in
     amended 28 U.S.C. section 1332(d)(3)-(5), none of them is applicable to the instant action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2175 North California Boulevard
Suite 835
Walnut Creek, CA 34596 3585
925 932 2468
NOTICE OF REMOVAL TO FEDERAL
COURT (NO.                         )        3.
C:\NRPORTBL\FIRMWIDE\MHORTON\82448486 1.DO

1

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

2

3       8.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C.

4    § 1332(d) and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. sections

5    1441(b) and 1446.

6                          **PURPORTED CLASS ACTION UNDER STATE LAW**

7       9.      This action has been styled as a class action, presumably pursuant to California Code

8    of Civil Procedure section 382.  Complaint ¶¶ 6-12.  California Code of Civil Procedure section 382

9    is a state statute authorizing an action to be brought by one or more representative persons as a class

10   action.

11                                         **CITIZENSHIP**

12      10.     During the entire course of their employment with Defendant, Plaintiff was employed

13   in the State of California.  Declaration of Laura J. Cheatham ("Cheatham Decl.") ¶ 3.  Plaintiff

14   provided Defendant with the address as follows: 63455 Scenic, Desert Hot Springs, California.

15   Cheatham Decl., ¶ 3. Plaintiff is therefore a citizen of the State of California.  *See* 28 U.S.C. §

16   1332(a)(1) [an individual is a citizen of the state in which he or she is domiciled].

17      11.     Plaintiff seeks to represent current and former employees of Defendant who "are or

18   were employed in the State of California within the four years preceding the filing of this complaint

19   who received paychecks processed and/or issued by Pilot Travel in the form of checks issued by an

20   out of state bank with no in state address for presentation and who were not notified of any provision

21   for negotiating such paychecks in California at no cost, and/or were required to pay a fee to cash

22   their paycheck, and/or who had a hold placed on their paycheck".  Complaint ¶ 7.

23      12.     Defendant was, at the time of the filing of this action, and remains a citizen of the

24   State of Tennessee, in that it was and continues to be a corporation incorporated under the laws of

25   the State of Delaware with its principal place of business in Knoxville, Tennessee.  Cheatham Decl.,

26   ¶ 2. 28 U.S.C. §§1332(a)(1), (c)(1), 1441(b).

27      13.     Defendants Does 1 through 10, inclusive, are fictitious.  The Complaint does not set

28   forth the identity or status of any said fictitious defendants, nor does it set forth any charging

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
175 North California Boulevard
Suite 835
Walnut Creek, CA  94596 3565
925 932 2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO. _____ )          4.

1   allegation against any fictitious defendants. Pursuant to Section 1441, the citizenship of defendants

2   sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction

3   and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf*

4   *Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

5   14.   Plaintiff, who is a member of the putative class of plaintiffs, was employed by

6   Defendant and resides in the State of California. The Complaint alleges that the potential class are

7   individuals employed by Defendants who "are or were employed in the State of California within the

8   four years preceding the filing of this complaint who received paychecks processed and/or issued by

9   Pilot Travel in the form of checks issued by an out of state bank with no in state address for

10  presentation and who were not notified of any provision for negotiating such paychecks in California

11  at no cost, and/or were required to pay a fee to cash their paycheck, and/or who had a hold placed on

12  their paycheck". Complaint ¶ 7. Accordingly, Plaintiff is a citizen of a state different from the

13  Defendant.

14  ## AMOUNT IN CONTROVERSY

15  15.   Plaintiffs' Complaint is silent as to the total amount in controversy. The failure of the

16  Complaint to specify the total amount of damages or other monetary relief sought by Plaintiff,

17  however, does not deprive this Court of jurisdiction. *See White v. J. C. Penney Life Ins. Co.*, 861

18  F.Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the

19  failure of Plaintiffs to plead a specific dollar amount in controversy; if the rules were otherwise, "any

20  Plaintiff could avoid removal simply by declining … to place a specific dollar claim upon its

21  claim."). Defendants need only to establish by a *preponderance of evidence* that the claims exceed

22  the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir.

23  1996); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

24  16.   Notwithstanding Plaintiff's failure to allege the total amount of monetary relief

25  claimed, the Class Action Fairness Act authorizes the removal of class actions in which, among

26  other factors mentioned above, the amount in controversy for all class members exceeds five million

27  dollars ($5,000,000). *See* 28 U.S.C. § 1332(d). While Defendant denies Plaintiff's claims of

28  wrongdoing and denies her requests for relief thereon, the facial allegations in Plaintiff's Complaint

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
175 North Calderon Boulevard
Suite 835
Walnut Creek, CA 94598 3565
925 932 2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO.                                    )
C:\NRPORTBI\FIRMWIDE\MHORTON\82448486 1.DO

5.

1    and the total amount of wages, penalties, interest, attorneys' fees, injunctive relief, and other

2    monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, *Luckett v.*

3    *Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal,

4    combined with Plaintiffs' allegations, sufficient to support finding that jurisdictional limits satisfied),

5    calculated as follows:

6         (a)    Plaintiff asserts the relevant time period covering the claims at issue in this case is the

7                four-year period immediately preceding the filing of the state court action on April

8                23, 2007. (Complaint ¶ 7). Accordingly, the purported class period runs from

9                approximately April 23, 2003, to the present.

10        (b)    In the first cause of action Plaintiff asserts a claim for damages, for herself and the

11               putative class, for damages caused by an alleged violation of California Labor Code

12               section 212 due to paychecks allegedly being issued that were not payable upon

13               demand, without discount in the state of California and/or without the name and

14               address of a place in California where they could cash the check free of charge.

15               Defendant denies the claim. Nonetheless, assuming arguendo that this occurred the

16               amount in controversy were Plaintiff to prevail on this claim is at least \$55,596.00

17               (just for 18 months). *See* Declaration of Jody A. Landry ("Landry Decl.") ¶ 2;

18               Cheatham Decl., ¶ 5.

19        (c)    In the second cause of action Plaintiff asserts a claim for damages, for herself and the

20               putative class, for damages caused by an alleged violation of California Labor Code

21               section 221 due to Defendant's alleged charging a fee to cash the paycheck.

22               Defendant denies Plaintiff's claim. Nevertheless, assuming *arguendo*, this occurred,

23               the amount in controversy were Plaintiff to prevail on this claim is \$55,596.00 (just

24               for 18 months). *See* Landry Decl. ¶ 2; Cheatham Decl., ¶ 5.

25        (d)    Plaintiff alleges the recovery of separate penalties under the Private Attorney General

26               Act ("PAGA") for the alleged violation of California Labor Code section 212. If a

27               statute does not include a specific civil penalty PAGA provides that the civil penalty

28               for a violation is "one hundred dollars (\$100) for each aggrieved employee per pay

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
175 North California Boulevard
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO. _____)          6.
C:\NRPORTBL\FIRMWIDE\MHORTON\82448486 1.DO

1   period for the initial violation and two hundred dollars ($200) for each aggrieved
2   employee per pay period for each subsequent violation." California Labor Code
3   section 2699(f)(2). Defendant denies Plaintiff's claims and has raised various
4   defenses to said claims. Nevertheless, assuming this occurred for each putative class
5   member for just eighteen months, the amount in controversy were Plaintiff to prevail
6   on this claim is at least $5,240,800.00. It appears that Plaintiff seeks to go back four
7   years on this claim. If it is more than 18 months included in this calculation then the
8   amount in controversy clearly is more. *See* Landry Decl. ¶ 2; Cheatham Decl., ¶ 5.

9   (e)   Plaintiff also seeks reasonable attorneys' fees in her Complaint. She specifically
10   alleges that she "and the class be awarded attorneys' fees and costs pursuant to
11   statute, including but not limited to Labor Code §§ 218.5 and 1194." Complaint,
12   Prayer for Relief (j). It is well settled that, in determining whether a complaint meets
13   the amount in controversy requirement, the Court should consider the aggregate value
14   of claims for damages *as well as* attorneys' fees. *See, e.g.*, *Galt G/S v. JSS*
15   *Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken
16   into account to determine jurisdictional amounts). In California, where wage and
17   hour class actions have settled prior to trial for millions of dollars, it is not uncommon
18   for an attorneys' fee award to be twenty-five to thirty percent of the settlement and,
19   thus, in excess of $1,337,990.00 (25% of the above amounts).[2] *See* Landry Decl. ¶ 2.

20   (f)   Based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for
21   damages, penalties, attorneys' fees, and other monetary relief exceed the $5 million
22   jurisdictional limit of this Court, as required by 28 U.S.C. section 1332(d).

23   17.   The preponderance of the evidence is that the amount sought by the facial allegations
24   of Plaintiff's Complaint is greater than the jurisdictional amount of $5 million required by CAFA.

27   [2] *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75
28   million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling
over $1.2 million).

LITTLER MENDELSON
A Professional Corporation
175 North California Boulevard
Suite 835
Walnut Creek, CA 94596 3565
925.932.2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO.                    )
C:\NRPORTBL\FIRMWIDE\MHORTON\82448486_1.DO

7.

18.    As a result, although Defendant denies Plaintiff's claims of wrongdoing and denies her requests for relief thereon, based upon the facial allegations in Plaintiff's Complaint and assuming, *arguendo*, Plaintiff was able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the other class members is in excess of $5 million, exclusive of interest and costs, plus attorneys' fees. Removal of this action under CAFA, thus, is appropriate.

## TIMELINESS OF REMOVAL

19.    This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first notice of the Complaint, on April 26, 2007, and within one year of the filing of the Complaint on April 23, 2007.

20.    The Class Action Fairness Act applies to actions that were "commenced" on or after on February 18, 2005. Because this action was filed on April 23, 2007, it was "commenced" after February 18, 2005, as required by CAFA.

21.    Removal is proper under CAFA.

## NOTICE TO PLAINTIFF

22.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record: (1) Keller Grover LLP, (2) Thierman Law Firm, (3) Law Offices of Scott A. Miller, A.P.C. and (4) Law Office of Steven L. Miller. In addition, a copy of Notice of Removal will be filed with the Clerk of the Court for Alameda County Superior Court.

23.    WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Alameda County Superior Court.

Dated: May 21, 2007

Respectfully submitted,

JODY A. LANDRY
LENA K. SIMS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PILOT TRAVEL CENTERS LLC

LITTLER MENDELSON
A Professional Corporation
175 North California Boulevard
Suite 835
Walnut Creek, CA 94596 3565
925.932.2468

NOTICE OF REMOVAL TO FEDERAL
COURT (NO. _____ )                8.
C:\NRPORTBL\FIRMWIDE\MHORTON\82448486.1.DO

**EXHIBIT  A**

ERIC A. GROVER (SBN 136080)
JADE BUTMAN (SBN 235920)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel. (415) 543-1305
Fax (415) 543-7681

Mark R. Thierman, Esq. (SBN 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq. (SBN 230322)
**LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 788-8081

Steven L. Miller, Esq. (SBN 106023)
**LAW OFFICE OF STEVEN L. MILLER,
A PROFESSIONAL CORPORATION**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 986-8900
Attorneys for Plaintiff

**ENDORSED
FILED
ALAMEDA COUNTY**

**APR 2 3 2007**

CLERK OF THE SUPERIOR COURT
By _____ ᴅᴇ

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, | Case No.: **RG07322125** |
| | **CLASS ACTION** |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST** |
| v. | |
| PILOT TRAVEL CENTERS LLC. and DOES 1 through 10 inclusive, | CAL. BUS. & PROF. CODE § 17200 and CAL. LAB. CODE §§ 203, 212, 221, 2699 and 2699.3 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR
PRESENTATION AT NO COST

EXHIBIT A

1    Comes now Plaintiff Cheryl Ford ("Plaintiff") on behalf of herself, all others

2  similarly situated, the general public, and all aggrieved employees, and alleges as

3  follows:

4                          **JURISDICTION AND VENUE**

5    1.    This Court has jurisdiction over the claims alleged herein pursuant to

6  California Business & Professions Code §§ 17200, *et seq*. and California Labor Code

7  §§ 212, 2699 and 2699.3. In particular, Plaintiff has complied with all requirements

8  set forth in Labor Code § 2699.3 necessary to commence a civil action.

9    2.    Venue is proper in this Court because California Code of Civil Procedure

10  §§ 395 and 395.5, and case law interpreting those sections, provides that if a foreign

11  corporation fails to designate with the office of the California Secretary of State a

12  principal place of business in California, it is subject to being sued in any county in the

13  state that plaintiff desires. On information and belief, Defendant, a foreign business

14  entity, has failed to designate a principal place of business with the office of the

15  Secretary of State.

16                         **PARTIES AND BACKGROUND**

17    3.    Defendant Pilot Travel Centers LLC ("Pilot Travel") is a Delaware LLC

18  headquartered in Knoxville, Tennessee and doing business at various locations

19  throughout the State of California.

20    4.    Plaintiff Cheryl Ford ("Plaintiff") is a California resident and former

21  employee of Pilot Travel. Plaintiff, and all others similarly situated, are or were

22  employed by Pilot Travel in the State of California within the four years preceding the

23  filing of this Complaint, and received wages from Pilot Travel in the form of checks

24  issued by an out of state bank with no in state address for presentation, were given no

25  notification of any provision for negotiating such paychecks in California at no cost,

26  and/or incurred a fee to cash their paycheck and/or had a hold placed on their

27  paycheck, all in violation of Labor Code § 212. In particular, Pilot Travel paychecks

28

are drawn on a bank that has no branches within the State of California and contains no California address as to where the checks may be cashed. Moreover, Pilot Travel employees have not been provided with any separate information letting them know of a location or locations within the State of California where their paycheck can be cashed without a fee. Moreover, Pilot Travel actually charges its own employees a fee to cash their paychecks at Pilot Travel Centers, thereby violating both Labor Code §§212 and 221. On information and belief, numerous paychecks that violate Labor Code § 212 have been issued by Pilot Travel to its California employees over the preceding four years. Attached hereto as Exhibit A is a true and correct copy of such a paycheck.

5. Plaintiff does not know the true names of Defendants Does 1 through 10, inclusive and, therefore, sues them by those fictitious names.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action on her own behalf, on behalf of a class of persons similarly situated, the general public, and all aggrieved California employees who received paychecks processed and/or issued by Pilot Travel.

7. Plaintiff seeks to represent a class of all persons who are or were employed in the State of California within the four years preceding the filing of this Complaint and who received paychecks processed and/or issued by Pilot Travel in the form of checks issued by an out of state bank with no in state address for presentation and who were not notified of any provision for negotiating such paychecks in California at no cost, and/or are or who were required to pay a fee to cash their paycheck, and/or who had a hold placed on their paycheck, all of which is in violation of Labor Code § 212. In particular, the paychecks processed and/or issued by Pilot Travel have only a bank name and address located in Tennessee and contain no California address as to where the checks may be cashed. The Tennessee bank these paychecks were drawn on has no branches within the State of California. Moreover, Pilot Travel did not provide the

recipients of these checks with any separate information letting them know of a location or locations within the State of California where these paychecks could be cashed without a fee. On information and belief, numerous paychecks that violate Labor Code § 212 have been issued by Pilot Travel to California employees over the preceding four years.

8.    Plaintiff also seeks to represent a sub-class of Pilot Travel's California employees who were charged a fee by Pilot Travel to cash their paychecks. By charging its employee's a fee to cash their paychecks, Pilot Travel has violated Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.*

9.    The class and the sub-class consist of at least 75 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

10.    ·There is a well-defined community of interest in the questions of law and fact affecting the members of the class and sub-class Plaintiff seeks to represent. The class and sub-class members' claims against Pilot Travel involve questions of common or general interest, in that their claims are based on Pilot Travel's implementation and utilization of a policy pursuant to which all members of the class received paychecks processed and issued by Pilot Travel drawn on an out of state bank with no in state address for presentation and no notification to class members of any provision for negotiating such paychecks in California at no cost, and/or class members have been required to pay a fee to Pilot Travel or some other entity to cash their paycheck and/or have had a hold placed on their paycheck, all in violation of Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.* These issues are such that proof of a statement of facts common to the members of the class will entitle each member of the class and sub-class to the relief requested in this Complaint.

11.    Plaintiff will fairly and adequately represent the interests of the class and sub-class members because the Plaintiff is a member of the class and sub-class and the claims of Plaintiff are typical of those in the class and sub-class.

12.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class and/or sub-class.

## FIRST CAUSE OF ACTION

**(Issuance of Out of State Paychecks in violation of California Labor Code § 212)**

13.    Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

14.    California Labor Code § 212 states:

(a) No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1) Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, **unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument,** and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2) Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b) Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c) Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without

---

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST

5

1    discount, at any place of business of the drawee chosen by
     the person entitled to enforce the instrument.
2

3    15.    In other words, the California Labor Code requires all employers to

4    provide notice on each paycheck of a place within the State of California where the

5    paycheck may be cashed on demand at no charge and without any waiting period.

6    16.    After providing Plaintiff and class members without out-of-state

7    paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel

8    compounded its wrongdoing by then charging employees a fee to cash their paychecks

9    at Pilot Travel Centers.

10   17.    By issuing Plaintiff and the putative class members of the class (as

11   described above) paychecks issued from an out-of-state bank with no branches in

12   California and then charging Plaintiffs and members of the sub-class a fee to cash their

13   paychecks, Defendant has violated the provisions of Labor Code § 212.

14   ## SECOND CAUSE OF ACTION

15   **(Collecting a Check Cashing Fee in violation of California Labor Code § 221)**

16   18.    Plaintiff herein repeats and realleges each and every paragraph above as

17   though fully set forth herein.

18   19.    After providing Plaintiff and class members without out-of-state

19   paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel

20   compounded its wrongdoing by then charging employees a fee to cash their paychecks

21   at Pilot Travel Centers.

22   20.    By charging Plaintiff and members of the sub-class a fee to cash their

23   paychecks, Defendant has violated the provisions of Labor Code § 221.

24   ## THIRD CAUSE OF ACTION

25   **(Labor Code Private Attorneys General Act of 2004)**

26   20.    Plaintiff herein repeats and realleges each and every paragraph above as

27   though fully set forth herein.

28

21.    California Labor Code § 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

18.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

19.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Pilot Travel for violations of Labor Code § 212.

20.    By its actions as alleged herein, Pilot Travel has issued paychecks to California employees that have failed to comply with the requirements of Labor Code § 212.

21.    Plaintiff therefore brings this action on behalf of herself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing therefrom, have received a paycheck processed and/or issued by Pilot Travel that did not comply with Labor Code § 212.

22.    Therefore, Plaintiff, for herself and all members of the class, seeks the penalties provided by Labor Code § 2699 for violations of California Labor Code § 212.

23.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

**FIFTH CAUSE OF ACTION**

**(California Business & Professions Code §§ 17200, *et seq.* – California Labor Code §§ 212, 221)**

24.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

25.    At all times relevant herein, Defendant has violated the above cited provisions of Labor Code §§ 212 and 221.

26.    Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

27.    Plaintiff, on her behalf and on behalf all other similarly situated persons (*i.e.*, the members of the proposed class), seeks disgorgement of profits and restitution for all check cashing fees charged directly by Pilot Travel and any other out-of-pocket costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code § 212.

28.    Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and an order requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

29. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

**SIXTH CAUSE OF ACTION**

**(California Labor Code § 203)**

30.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

---

31. Plaintiff was terminated in November 2006. Plaintiff did not receive her final check paying her for all accrued and unused vacation wages until on or about December 15, 2006.

32. Defendant's late payment of vacation wages was in violation of Labor Code § 201 and entitles Plaintiff to waiting time penalties under Labor Code § 203.

33. Should discovery disclose that Defendant engages in a pattern and practice of failing to comply with the requirements of Labor Code § 201 in the payment of final wages, Plaintiff will seek leave to amend this cause of action to seek a class wide remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth.

1. For the civil penalties specified in Labor Code § 2699 for Plaintiff and each aggrieved member of the class for each violation of Labor Code § 212 during the course of the applicable statute of limitations prior to the filing of this Complaint until the date of compliance with the law.

2. For disgorgement of profits and restitution of all fees charged directly by Pilot Travel and/or costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code §§ 212 and 221 for the four-year period preceding the filing of the Complaint and continuing therefrom.

3. For an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

4. For all damages available for violations of Labor Code § 212.

5. For all damages available for violations of Labor Code § 221.

6.  For all interest on any sums awarded as allowed by law.

7.  For all reasonable attorneys' fees provided for by any applicable statute, including Labor Code § 2699(g)(1) and Code of Civil Procedure § 1021.5.

8.  With respect to the Sixth Cause of Action, all relief available to Plaintiff individually under Labor Code § 203.

9.  For all costs of this suit allowed by law.

10. For any other and further relief that the court deems just and proper.

Dated: April 23, 2007                           Respectfully submitted,

                                                KELLER GROVER LLP

                                          By: _____
                                                Eric A. Grover

                                                Attorneys for Plaintiff
                                                Cheryl Ford

1

## JURY TRIAL DEMAND

2      Plaintiff demands a trial by jury on all claims and causes of action to

3   which she is entitled to a jury trial.

4

Dated:  April 23, 2007                        KELLER GROVER LLP

5

6                                          By: _____

7                                              Eric A. Grover

8                                          Attorneys for Plaintiff
                                           Cheryl Ford

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A



REDACTED

**EXHIBIT  B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Pilot Travel Centers LLC

And Does 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Cheryl Ford, on behalf of herself, the general public, and as an
"aggrieved employee" under the California Labor Code Private
Attorneys General Act

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED
FILED
ALAMEDA COUNTY**

APR 2 8 2007

CLERK OF THE SUPERIOR COURT
By _____ HK

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court, Rene C. Davidson Courthouse
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
**RG07322125**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eric A. Grover, Keller Grover LLP, 425 Second Street, Suite 500, San Francisco, CA 94107
Tel: (415) 543-1305 Fax: (415) 543-7861

DATE: 4/23/07 **PAT S. SWEETEN** Clerk, by ___R Mishn___ , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Pilot Travel Centers LLC

under: ☑ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. www.USCourtForms.com



**EXHIBIT  C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric A. Grover, Esq. (SBN 136080)<br>KELLER GOVER LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107<br>TELEPHONE NO.: (415) 543-1305    FAX NO.: (415) 543-7861<br>ATTORNEY FOR (Name): Plaintiff Cheryl Ford | **ENDORSED**<br>**FILED**<br>**ALAMEDA COUNTY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

APR 2 3 2007

CLERK OF THE SUPERIOR COURT
By _____

CASE NAME:
Cheryl Ford v. Pilot Travel Centers LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✔ Unlimited    ☐ Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **RG07322125**<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

**2.** This case ✔ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ✔ Substantial amount of documentary evidence
d. ✔ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

**3.** Type of remedies sought (check all that apply):
a. ✔ monetary   b. ✔ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

**4.** Number of causes of action (specify): 2

**5.** This case ✔ is ☐ is not a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 23, 2007
Eric A. Grover, Esq.
_____ (TYPE OR PRINT NAME)     ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov



EXHIBIT "C"

F. ADDENDUM TO CIVIL CASE COVER SHEET
*Unified Rules of the Superior Cou    California, County of Alameda*

| Short Title: | Ford v. Pilot Travel Centers LLP | Case Number: | |
|---|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Hayward Hall of Justice (447)
[√] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | | Alameda County Case Type (check only one) |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [√] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                    A-13

**EXHIBIT  D**

# ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION PACKAGE
### Effective April 15, 2005

## Instructions to Plaintiff / Cross-Complainant

> In all general civil cases filed in the trial courts after June 30, 2001, the plaintiff
> is required to serve a copy of this ADR information package on each defendant.

California Rules of Court, Rule 201.9 (Excerpt)

(a) Each court must make available to the plaintiff, at the time of filing of the
complaint, an Alternative Dispute Resolution (ADR) information package that
includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages
of ADR and descriptions of the principal ADR processes . . .

(2) Information about the ADR programs available in that court . . .

(3) In counties that are participating in the Dispute Resolution Programs
Act (DRPA), information about the availability of local dispute resolution
programs funded under the DRPA . . .

(4) An ADR stipulation form that parties may use to stipulate to the use
of an ADR process.

(b) Court may make package available on Web site . . .

**(c) The plaintiff must serve a copy of the ADR information package on
each defendant along with the complaint. Cross-complainants must serve a
copy of the ADR information package on any new parties to the action
along with the cross-complaint.**

## GENERAL INFORMATION ABOUT ADR

### Introduction to Alternative Dispute Resolution

Did you know that most civil lawsuits settle without a trial? And did you know that there are a number of ways to resolve civil disputes without having to sue somebody? These alternatives to a lawsuit are known as alternative dispute resolution (also called ADR). The most common forms of ADR are mediation, arbitration, and neutral evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties dispute disputes themselves. These persons are called neutrals. In mediation, for example, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through court-connected and community dispute resolution programs and private neutrals.

### Advantages of Alternative Dispute Resolution

ADR can have a number of advantages over a lawsuit:

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorney fees, and expert witness fees can be saved.

- **ADR can permit more participation.** With ADR, the parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- **ADR can be flexible.** The parties can choose the ADR process that is best for them.

- **ADR can be cooperative.** In mediation, for example, the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.** There are fewer, if any, court appearances. And because ADR can be speedier, cheaper, and can create an atmosphere in which the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads. For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute instead of filing a lawsuit. Even when a lawsuit has been filed, ADR can be used before the parties' positions harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

### Disadvantages of Alternative Dispute Resolution

ADR may not be suitable for every dispute.

If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure and review for legal error by an appellate court.

There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

The neutral may charge a fee for his or her services.

If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Lawsuits must be brought within specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of Alternative Dispute Resolution

This section describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

### Mediation

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved; the parties do.

Mediation is a cooperative process in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how they each see things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or has unequal bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

### Arbitration

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medical reports and bills and business records) rather than by testimony.

There are two kinds of arbitration in California: (1) Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and is normally binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. (2) "Judicial arbitration" takes place within the court process and is not binding unless the parties agree at the outset to be bound. A party to this kind of arbitration who does not like a judicial arbitration award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial. Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to decide on the outcome of their dispute themselves.

### Neutral Evaluation

In evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments and makes an evaluation of the case. Each party gets a chance to present his or her side and hear the other side. This may lead to a settlement or at least help the parties prepare to resolve the dispute later on. If the neutral evaluation does not resolve the dispute, the parties may go to court or try another form of ADR.

Neutral evaluation, like mediation, can come early in the dispute and save time and money.

Neutral evaluation is most effective when a party has an unrealistic view of the dispute, when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Neutral evaluation may not be a good idea when it is too soon to tell what the case is worth or if the dispute is about something besides money, like a neighbor playing loud music late at night.

## Other Types of Alternative Dispute Resolution

There are several other types of ADR besides mediation, arbitration, and neutral evaluation. Some of these are conciliation, settlement conferences, fact-finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR methods. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney about your legal rights and other matters relating to the dispute.

## Help Finding an Alternative Dispute Resolution Provider in Your Community

To locate a dispute resolution program or private neutral in your community:

- **Visit the Court's Web site.** The Alameda County Superior Court maintains a list of court-connected mediators, neutral evaluators, and private arbitrators at http://www.co.alameda.ca.us/courts/adr.htm.

- **Contact the Small Claims Court Legal Advisor.** The small claims legal advisor for Alameda County is located at the Wiley W. Manuel Courthouse, Self-Help Center. The phone number is 510-268-7665.

- **Visit the California Department of Consumer Affairs' Web site.** The Department of Consumer Affairs (also called the DCA) has posted a list of conflict resolution programs throughout the state. The list can be found at http://www.dca.ca.gov/r_r/mediatl1.htm

  You can also call the Department of Consumer Affairs, Consumer Information Center, at 800-952-5210.

- **Contact your local bar association.** You can find a list of local bar associations in California on the State Bar Web site at http://www.calbar.org/2lin/2bar.htm.

  If you cannot find a bar association for your area on the State Bar Web site, check the yellow pages of your telephone book under "Associations."

- **Look in the yellow pages of your telephone book under "Arbitrators" or "Mediators."**

- **Automotive Repair, Smog Check:** The **California Bureau of Automotive Repair** (also known as BAR) offers a free mediation service for consumers who are dissatisfied with an auto repair or a smog check, or who dispute an invoice for such services. BAR registers and regulates California automotive repair facilities and licenses smog, lamp, and brake inspection stations. Learn more at http://smogcheck.ca.gov/smogweb/geninfo/otherinfo/mediation.htm or call 800-952-5210.

- **Attorney Fees:** The **State Bar of California** administers a mandatory fee arbitration program to resolve attorney fee disputes between lawyers and their clients. The program is an informal, low-cost forum and is mandatory for a lawyer if a client requests it. Mediation of attorney fees disputes may also be available in some areas of California. Learn more at http://www.calbar.org/2bar/3arb/3arbndx.htm or call 415-538-2020.

# DISPUTE RESOLUTION PROGRAMS IN ALAMEDA COUNTY

**Mediation Services**
**222278 Redwood Road, Castro Valley, CA 94546**
Phone: (510) 733-4940    fax: (510) 733-4945
Provides a panel of mediators to assist in the process of reaching an agreement in the areas of Neighborhood Disputes, Child Custody, Divorce, Parent/Teel Conflicts, Home Owners Association, Business, Real Estate, Employer/Employee, and Fremont Rent Increases.

**East Bay Community Mediation**
**1968 San Pablo Avenue, Berkeley, CA 94702-1612**
Phone: (510) 548-2377    fax: (510) 548-4051
EBCM is a community-based mediation program created by the union of Berkeley Dispute Resolution Service and Conciliation Forums of Oakland. EBCM offers counseling on options and approaches to resolving a dispute, mediation, large-group conflict facilitation, and conflict resolution skills workshops.

**Catholic Charities of the East Bay: Oakland – Main Office**
**433 Jefferson Street, Oakland, CA 94607**
Phone: (510) 768-3100    fax: (510) 451-6998
Mediators are responsible for mediation sessions involving the youth, victim and family members to work towards a mutually agreeable restitution agreement. Also provide free workshops in anger management and mediation.

**Center for Community Dispute Settlement**
**1789 Barcelona Street, Livermore, CA 94550**
Phone: (925) 373-1035
Provides services in Tri-Valley for all of Alameda County. Program goals are to increase the number of court cases resolved, mediating small claims cases four days per week, and training youth in listening and conflict resolution skills.

**California Lawyers for the Arts: Oakland Office**
**1212 Broadway Street, Suite 837, Oakland, CA 94612**
Phone: (510) 444-6351    fax: (510) 444-6352
This program increases the resolution of arts related disputes such as artistic control, ownership of intellectual property, credit for work performed or produced and contract issues, through the use of alternative dispute resolution. It also increases the capacity to provide services for counseling, conciliation and administration of mediation, arbitration and meeting facilitation.

## ALAMEDA COUNTY SUPERIOR COURT
## ADR PROGRAM

### ADR Program Administrator

Pursuant to California Rule of Court 1580.3, the presiding judge of the Superior Court of California, County of Alameda has designated Benjamin D. Stough, Berkeley Trial Court Administrator, to serve as ADR program administrator.

A Plaintiff may elect, the parties may stipulate or a judge may refer a case to Judicial Arbitration. The Judicial Arbitration Program Coordinator may be contacted at (510) 670-6646.

### The Judicial Arbitration Process

Appointment of Arbitrator (must be appointed within 30 days after referral per CRC 1605).
⇒ Parties mailed list of five names from which to select. (List mailed within 5-10 business days after receipt of referral).

⇒ Each party may reject one of the names listed (10 calendar days per *CRC 1605a*)

⇒ The administrator randomly appoints the arbitrators from the names remaining on the list. If only one remains then is deemed appointed.

### Assignment of Case *(CRC 1605a(4))*
⇒ Within 15 days of notice of the appointment, the arbitrator shall contact parties in writing about time, date, and place of the hearing. The parties shall receive at least 30 days notice prior to the hearing.

### Hearings *(CRC 1611)*
⇒ Shall be scheduled so as to be completed not less than 35 days nor more than 90 days from the date the arbitrator was assigned. For good cause shown, the case may be continued an additional 90 days by the Case Management Judge.

### Award of Arbitrator *(CRC 1615b & c)*
⇒ Arbitrator must file an award within 10 days after conclusion of the arbitration hearing. The court may allow 20 additional days upon application of arbitrator is cases of unusual length or complexity.

⇒ Within 30 days of the filing of the award the parties may file a Request for Trial de Novo. The clerk shall enter the award as a judgment after 30 days provided a Trial de Novo has not been filed.

### Return of Case to Court
⇒ Upon Filing of Trial de Novo the action is returned to Case Management Judge for further proceedings. *(CRC 1616 & Local Rule 6.4)*

⇒ If Trial de Novo is not filed then judgment is entered and the Case Management Judge is notified *(CRC 1615c & Local Rule 6.6)*

⇒ If parties indicate a settlement then case is returned to Case Management Judge and case is continued 45 days for an Order to Show Cause RE filing a dismissal. *(Local Rule 6.6)*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | | |
|---|---|---|
| Allen E. Broussard Justice Center<br>600 Washington Street, Oakland, CA 94707 | Berkeley Courthouse<br>2000 Center Street, 2nd Fl., Berkeley, CA 94704 | George E. McDonald Hall of Justice<br>2233 Shoreline Drive, Alameda, CA 94501 |
| Fremont Hall of Justice<br>39439 Paseo Padre Parkway, Fremont, CA 94538 | Gale/Schenone Hall of Justice<br>5672 Stoneridge Drive, Pleasanton, CA 94588 | Wiley W. Manuel Courthouse<br>661 Washington Street, Oakland, CA 94607 |
| Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | René C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | |

Case No.: _____

                    Plaintiff

        vs.

### STIPULATION FOR ALTERNATIVE
### DISPUTE RESOLUTION (ADR)

                    Defendant

The parties by and through their attorneys of record hereby stipulate to submit the within

controversy to the following Alternative Dispute Resolution process:

_____

_____

_____


### ORDER

The foregoing stipulation having been read and considered, and good cause appearing, now therefore,

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the matter be set for Order to Show Cause Hearing RE:

Dismissal on _____ at _____ a.m./p.m. in Department _____


Dated: _____


                            _____

                            JUDGE OF THE SUPERIOR COURT



(SEAL)

**EXHIBIT E**

05-17-2007   13:33   From-LITTLER MENDELSON          8259469808          T-346        *5692915*

1 | JODY A. LANDRY, Bar No. 125743
LENA K. SIMS, Bar No. 212904
2 | LITTLER MENDELSON
A Professional Corporation
3 | 501 W Broadway, Suite 900
San Diego, CA  92101-3577
4 | Telephone:   (619) 232-0441
Facsimile:   (619) 232-4302
5 |
MICHAEL E. BREWER, Bar No. 177912
6 | LITTLER MENDELSON
A Professional Corporation
7 | 2175 North California Blvd., Suite 835
Walnut Creek, CA  94596.3565
8 | Telephone:   925.932.2468
Facsimile:   925.946.9809
9 |
Attorneys for Defendant
10 | PILOT TRAVEL CENTERS LLC.

**F I L E D**
ALAMEDA COUNTY

MAY 1 7 2007

CLERK OF THE SUPERIOR COURT
By _Cather Col_
                    Deputy

11

12

13

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

14

### COUNTY OF ALAMEDA

15 | CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,

16

17 | Plaintiff,

18 | v.

19 | PILOT TRAVEL CENTERS LLC., and DOES 1 through 10, inclusive,

20

21 | Defendant.

Case No.  RG 07322125

CLASS ACTION

**DEFENDANT PILOT TRAVEL CENTERS LLC'S ANSWER TO UNVERIFIED COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST**

# BY FAX

22

23 |        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant

24 | answers Plaintiff's Complaint by generally denying each and every allegation contained therein, by

25 | denying that Plaintiff has been damaged or has sustained any damages as a result of the conduct

26 | alleged therein, and by asserting the separate and distinct affirmative defenses set forth below.

27

28

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd.
Suite 835
Walnut Creek, CA 94596 3565
925 932 2468

DEFENDANT PILOT TRAVEL CENTERS LLC GENERAL DENIAL TO PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED
WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST (CASE NO. RG07322125)

10563998.tif - 5/17/2007 1:31:13 PM

E "

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that neither the Complaint, nor any cause of action set forth therein, states facts sufficient to constitute a cause of action against Defendant.

AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure sections 338, 340, and 343, and California Business and Professions Code section 17208.

AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff failed to mitigate her purported damages.

AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of unjust enrichment.

AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of waiver.

AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of estoppel.

AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of accord and satisfaction.

AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of avoidable consequences.

AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of res judicata.

AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff's claims are barred by the doctrine of collateral estoppel.

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, Defendant alleges that Plaintiff lacks standing to prosecute the claims asserted in the Complaint.

2.

LITTLER MENDELSON
A Professional Corporation
2113 Mask Canberra Blvd
Sune 430
Amoral Creen, CA 94580 5666
925 9 12 3466

DEFENDANT PILOT TRAVEL CENTERS LLC GENERAL DENIAL TO PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST (CASE NO. RG07322125)

10563998.tif - 5/17/2007 1:31:13 PM

1    AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2    Defendant alleges that Plaintiff failed to exhaust all administrative remedies prior to filing suit.

3    AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

4    Defendant alleges that Plaintiff's claims are not ripe for adjudication.

5    AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6    Defendant alleges that this action may not be maintained as a class action because individual

7    questions of liability and damages predominate over common questions of fact.

8    AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

9    alleges that this action may not be maintained as a class action because claims of the purported class

10    representative are not typical of those of the putative class.

11    AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

12    alleges that this action may not be maintained as a class action because the purported representative

13    and their counsel will not fairly and adequately protect the interests of the class.

14    AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant

15    alleges that this action may not be maintained as a class action because the putative class is not so

16    numerous that joinder of all members is impractical.

17    AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

18    Defendant alleges that the Complaint fails to state a claim for penalties under California Labor Code

19    section 203 in that there is a good faith dispute as to Defendant' obligation to pay wages.

20    AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

21    Defendant alleges that, if Plaintiff is adjudged to be entitled to any recovery, Defendant are entitled

22    to a set-off for damage to Defendant inflicted by Plaintiff's wrongful acts and breaches of contract

23    and duty, or for any payments made to Plaintiff by order of any agency, or other compensation paid

24    to or received by Plaintiff from any source.

25    AS AN TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE

26    DEFENSE, Defendant alleges that Plaintiff has not suffered and will not suffer irreparable harm or

27    any harm as a result of any of the alleged conduct of Defendant.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5536 horse California Street
Suite 630
Walnut Creek, GA 94596-3644
925 X 3 3444

3.

10563998.tif - 5/17/2007 1:31:13 PM

1      AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE
2    DEFENSE, Defendant alleges that there is no likelihood of Plaintiff prevailing on the merits of this
3    action.

4      AS A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE
5    DEFENSE, Defendant alleges that Plaintiff's legal remedies are adequate.

6      AS A TWENTY-FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE
7    DEFENSE, Defendant alleges that Plaintiff cannot recover any legal remedies or disgorgement
8    under California Business and Professions Code § 17200, et seq.

9      AS A TWENTY-FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,
10   Defendant alleges that prosecution of this action under Business and Professions Code section 17200
11   et seq., as applied to the facts and circumstances of this case, constitutes a denial of Due Process
12   under the United States and California Constitutions.

13     AS A TWENTY-SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE
14   DEFENSE, Defendant alleges that the application of the civil penalty provisions in California Labor
15   Code section 2699, et seq. constitutes a denial of Due Process under the United States and California
16   Constitutions.

17     AS A TWENTY-SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE
18   DEFENSE, Defendant alleges that, to the extent Plaintiff seeks statutory or other penalties, such
19   claim must comport with the due process requirements of State Farm v. Campbell, 538 U.S. 408
20   (2003) and Simon v. San Paolo U.S. Holding Co., Inc. (2005) 35 Cal.4th 1159.

21     AS A TWENTY-EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE
22   DEFENSE, Defendant alleges that the application of the civil penalty provisions in California Labor
23   Code section 2699, et seq. constitutes an unconstitutional taking in violation of the Due Process
24   Clauses in the United States and California Constitutions.

25     AS A TWENTY-NINTH, SEPARATE AND DISTINCT AFFIRMATIVE
26   DEFENSE, Defendant alleges that the application of the civil penalty provisions in California Labor
27   Code section 2699, et seq. constitutes an excessive fine and/or cruel and unusual punishment in
28   violation of the Eighth Amendment to the United States Constitution.

4.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2115 North Commerce Blvd
Suite 535
Walnut Creek, CA 94596-3565
925.932.2468

DEFENDANT PILOT TRAVEL CENTERS LLC GENERAL DENIAL TO PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED
WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST (CASE NO. RG07322125)


1    AS A THIRTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

2    Defendant alleges that the application of the civil penalty provisions in California Labor Code

3    section 2699, *et seq.* is an unconstitutional delegation of executive power in violation of the

4    California Constitution.

5    AS A THIRTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

6    Defendant alleges that California Labor Code section 212 violates the Commerce Clause of the

7    United States Constitution.

8    AS A THIRTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE

9    DEFENSE, Defendant alleges that California Labor Code section 212 violates the Equal Protection

10   Clause of the United States and California Constitutions.

11   AS A THIRTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE,

12   Defendant alleges that California Labor Code section 212 is preempted by the National Banking Act,

13   12 U.S.C. § 21, *et seq.*

14   WHEREFORE, Defendant Pilot Travel Centers LLC prays that:

15   1.    Plaintiff takes nothing by her Complaint and that the Complaint be dismissed

16   in its entirety, with prejudice;

17   2.    Defendant be awarded full judgment in this action;

18   3.    Defendant be awarded costs of suit and attorney's fees incurred herein,

19   including, but not limited to costs and attorney's fess provided under Labor Code section 218.5; and

20   4.    Defendant be awarded such other and further relief as the Court deems just

21   and proper.

22   Dated: May 1/7ʰ, 2007

23

24

25   MICHAEL E. BREWER
     LITTLER MENDELSON

26   A Professional Corporation
     Attorneys for Defendant

27   PILOT TRAVEL CENTERS LLC.

28

LITTLER & MENDELSON
A Professional Corporation
2141 North Landscape Blvd
Suite 250
Walnut Creek, Ca 94596-2068
925 932 2468

10563998.tif - 5/17/2007 1:31:13 PM

1 | **PROOF OF SERVICE**

2

3 | I am a resident of the State of California, over the age of eighteen years, and not a party to the

within action. My business address is 2175 North California Blvd., Suite 835, Walnut Creek, California

4

94596.3565. On May 17, 2007, I served the within document(s):

5

6 | **DEFENDANT PILOT TRAVEL CENTERS LLC'S ANSWER TO VERIFIED COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST**

7

8 | ☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3),

9 | telephone number 925.946.9809. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is

10 | attached. The names and facsimile numbers of the person(s) served are as set forth below.

11 | ☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully

12 | prepaid for deposit in the United States mail at Walnut Creek, California addressed as set forth below.

13

14 | ☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

15

16 | ☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

17 | ** SEE ATTACHED LIST

18 | I am readily familiar with the firm's practice of collection and processing

19 | correspondence for mailing and for shipping via overnight delivery service. Under that practice it

20 | would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

21 | deposited in an overnight delivery service pick-up box or office on the same day with postage or fees

22 | thereon fully prepaid in the ordinary course of business.

23 | I declare under penalty of perjury under the laws of the State of California that the

24 | above is true and correct. Executed on May 17, 2007, at Walnut Creek, California.

25

26 | Gaye M. Rose

27 | Firmwide:82485855.1 043135.1043

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2175 North California Blvd.
Suite 835
Walnut Creek, CA 94596-3565
925.932.2468

PROOF OF SERVICE

05-17-2007    13:33    From-LITTLER MENDELSON                 9259469809              T-348   P.006/008   F-801

1

### ATTACHED SERVICE LIST

| | |
|---|---|
| ERIC A. GROVER<br>JADE BUTMAN<br>KELLER GROVER LLP<br>425 Second Street, Suite 500<br>San Francisco, CA 94107<br>Telephone: 415.543.1305<br>Facsimile: 415.543.7681 | Co-Counsel for Plaintiff |
| MARK. R. THIERMAN, ESQ.<br>THIERMAN LAW FIRM<br>7287 Lakeside Drive<br>Reno, Nevada 98511<br>Telephone: 775.284.1500 | Co-Counsel for Plaintiff |
| SCOTT A MILLER, ESQ.<br>LAW OFFICES OF SCOTT A MILLER, APC<br>16133 Ventura Blvd., Suite 1200<br>Encino, CA 91436<br>Telephone: 818.788.8081 | Co-Counsel for Plaintiff |
| STEVEN L. MILLER, ESQ.<br>LAW OFFICE OF STEVEN L. MILLER, APC<br>16133 Ventura Blvd., Suite 1200<br>Encino, CA 91436<br>Telephone: 818.986.8900 | Co-Counsel for Plaintiff |
| JODY A. LANDRY<br>LENA K. SIMS<br>LITTLER MENDELSON, APC<br>501 W. Broadway, Suite 900<br>San Diego, CA 92101-3577<br>Telephone: 619.232.0441<br>Facsimile: 619.232.4302 | Co-Counsel for Defendant<br>PILOT TRAVEL CENTERS LLC |

2  3  4  5  6  7  8  9  10  11  12  13  14  15  16  17  18  19  20  21  22  23  24  25  26  27  28

LITTLER MENDELSON
A Professional Corporation
2170 North California Blvd
Suite 320
Walnut Creek, CA 94596 9545
925.932.2468

2.

PROOF OF SERVICE

10563998.tif - 5/17/2007 1:31:13 PM