JODY A. LANDRY, Bar No. 125743
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441
Facsimile: 619.232.4302
Email: jlandry@littler.com

MICHAEL E. BREWER, Bar No. 177912
LISA C. CHAGALA, Bar No. 217883
LITTLER MENDELSON
A Professional Corporation
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: (925) 932-2468
Facsimile: (925) 946-9809
Email: mbrewer@littler.com
lchagala@littler.com

ERIC A. GROVER, Bar No. 136080
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
Email: eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD

Attorneys for Defendant
PILOT TRAVEL CENTERS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC and DOES 1-10, inclusive,<br><br>Defendant. | Case No. C07-02715 TEH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: December 3, 2007<br>Time: 1:30 p.m.<br>Ctrm: 12 (19th Floor) |

    The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to the Court's Standing Order Regarding Case Management Statements.

//
//
//
//

1.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1. **Jurisdiction and Service**

On April 23, 2007, Plaintiff CHERYL FORD ("Plaintiff") filed an original Class Action Complaint in Alameda County Superior Court against Defendant Pilot Travel Centers LLC ("Defendant" or "PTC") entitled *Cheryl Ford, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney General Act v. Pilot Travel Centers LLC, and Does 1-10, inclusive*, Case No. RGO7322125 (hereinafter "the Complaint"). Plaintiff and the members of the putative class are alleged to have been "employed by Pilot Travel in the state of California within the four years preceding the filing of this Complaint, and received wages from Pilot Travel in the form of checks issued by an out of state bank with no state address for presentation, were given no notification of any provision for negotiating such paychecks in California at no cost, and/or incurred a fee to cash their paycheck and/or had a hold placed on their paycheck all in violation of Labor Code § 212...."

Defendant removed the action, asserting that this Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. section 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. The Act authorizes removal of such actions pursuant to 28 U.S.C. section 1446.

2. **Facts**

Plaintiff raises five causes of action, and seeks to have the first four certified as a class action on behalf of all PTC California employees going back to April of 2003.

a. The first cause of action accuses PTC of violating California Labor Code section 212. This Labor Code, among other things, requires that if an employee is paid by a payroll check, that the check be payable, on demand, without discount, at some established place of business in California, the name and address of which must appear on the paycheck. Plaintiff claims that this statute was violated as the name and address of an established place of business in California did not appear on PTC's payroll checks.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
925.932.2468

b.      The second cause of action accuses PTC of violating California Labor Code section 221. This section prohibits an employer from "collecting" from an employee any part of wages paid. Plaintiff claims this was violated when PTC collected money from its employees for cashing their paychecks at PTC's retail business locations.

c.      The third cause of action claims that the violations set out in the prior two claims permits Plaintiff to collect penalties under Labor Code section 2699, the Private Attorney General Act (PAGA).

d.      The fourth cause of action alleges that the same conduct is an unfair and unlawful business practice, and as such, that PTC should be required to pay restitution, or disgorge any profits made by its payroll practices, going back four years.

e.      The fifth cause of action alleges that Plaintiff Cheryl Ford was terminated in November of 2006, but that she did not receive all of her wages until December 15, 2006. As such, she claims she is entitled to waiting time penalties under California Labor Code section 203. This section allows her to recover her average daily wage, for each day her final paycheck is late, not to exceed 30 days.

### 3.     Legal Issues

The following are the issues of law (and fact) which are expected to be the most prominent in this case:

a.      Whether PTC violated California Labor Code section 212.

b.      Whether PTC violated California Labor Code section 221.

c.      Whether Plaintiff is entitled to penalties (and what amount) under the PAGA.

d.      Whether PTC violated California's Unfair Business Practices Act.

e.      Whether Plaintiff is entitled to waiting time penalties.

f.      To what extent Plaintiff's claims are barred by the statute of limitations.

g.      Whether this case should be certified as a class action.

h.      Whether any of Plaintiff's claims are unconstitutional.

i.      Whether Plaintiff's Labor Code section 212 claims are preempted by the National Banking Act.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
925.932.2468

3

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

**4.   Motions**

No motions are currently pending. PTC may bring a motion for summary judgment or summary adjudication.

**5.   Amendment of Pleadings**

The parties do not anticipate amending the pleadings.

**6.   Evidence Preservation**

The parties have reviewed their document preservation practices and have agreed to preserve all documents which may be relevant to the instant lawsuit.

**7.   Disclosures**

The parties will exchange Initial Disclosures no later than November 28, 2007.

**8.   Discovery**

The parties have not conducted formal discovery. On an informal basis, PTC has provided Plaintiff with documents related to its pay practices. The scope of discovery will include information related to PTC's payroll practices and Plaintiff's claims for damages. The case should be straightforward and the parties do not foresee the need for any modifications to the discovery limitations set out by the federal rules.

**9.   Class Actions**

Plaintiff provides the following additional information pursuant to Rule 16-9(b): This action is maintainable as a class action because it meets all the prerequisites of Fed. R. Civ. P. 23(a)(1)-(4). In addition to meeting the prerequisites of Rule 23(a), the action satisfies one or more of the three alternatives listed under Rule 23(b). In particular, this action is maintainable as a class action under Rule 23(b)(3). Alternatively, it meets the requirements for a class action under subsections (b)(1) and (b)(2). The proposed "Labor Code Section 2699" class is all California employees of Defendants who, at any time during the period April 23, 2006, up to and including the date this action is resolved, received a live paycheck from Defendant that failed to comply with the requirements of Labor Code Section 212." The proposed "Labor Code Section 212" class is all California employees of Defendant who, at any time during the period April 23, 2003, up to and including the date this action is resolved, received a live paycheck from Defendant that failed to

comply with the requirements of Labor Code Section 212 and who incurred a fee from someone other than Defendant to cash their paycheck and/or their paycheck was subject to a bank hold." The proposed "Labor Code Section 221" class is all California employees of Defendant who, at any time during the period April 23, 2003, up to and including the date this action is resolved, received a live paycheck from Defendant that failed to comply with the requirements of Labor Code Section 212 and who incurred a fee imposed by Defendant to cash their paycheck."

Plaintiff contends that, as to all three classes, the Rule 23(a)(1) numerosity requirement is satisfied. Because the allegation is that Plaintiff and all class members received improper paychecks during the relevant period of time, Plaintiff also contends the commonality requirement of Rule 23(a)(2) is met.

Plaintiff contends she will be able to satisfy the typicality requirement of Rule 23(a)(3) as to all three classes. Plaintiff contends that both liability and the injuries that flow from such liability all arise from the same course of conduct engaged in by Defendant and turn on the same legal arguments. With respect to subsection (a)(4), Plaintiff and her chosen counsel will adequately represent the interests of the proposed class.

Rule 23(b)(3) authorizes a court to certify a class action if the questions of fact or law common to the members of the class predominate over questions affecting only individual members and the class action is superior to other available methods for the fair and efficient adjudication of the controversy. After discovery, Plaintiff contends she will be able to provide sufficient evidence to demonstrate that common questions will predominate over individual ones in determining whether Defendant failed to comply with the requirements of Labor Code section 212 and violated Labor Code section 221. Plaintiff contends she will also be able to establish that a class action is superior to other methods of adjudication.

Plaintiff contends certification under subsections (b)(1) and (b)(2) would also be appropriate because the failure to grant certification would result in a great risk of unfair or inconsistent adjudications and Defendant has acted on grounds generally applicable to the class as a whole. Plaintiff expects to be prepared to file a motion for class certification by no later than May 30, 2008.

LITTLER MENDELSON
A Professional Corporation
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
925.932.2468

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

10. **Related Cases**

None Known.

11. **Relief**

Plaintiff seeks class wide relief in the form of civil penalties under the PAGA, disgorgement of profits, restitution, and injunctive relief pursuant to the California Labor Code and Unfair Business Practices Act, costs and attorneys fees. Defendant seeks judgment in its favor, its costs, and its fees.

12. **Settlement and ADR**

The parties participated in a private mediation session with Mark S. Rudy, Esq. on October 23, 2007. The parties are continuing to engage in settlement discussions with Mr. Rudy.

13. **Consent to Magistrate Judge**

The parties have not consented to a magistrate judge for this case.

14. **Other References**

Not Applicable.

15. **Narrowing of Issues**

There are no issues which could be narrowed.

16. **Expedited Schedule**

Not Applicable.

17. **Scheduling**

| | |
|---|---|
| Deadline for Filing Class Certification Motion: | May 30, 2008 |
| Deadline for Filing Opposition to Class Certification Motion: | June 27, 2008 |
| Deadline for Filing Reply to Class Certification Motion: | July 11, 2008 |
| Hearing on Class Certification Motion: | July 28, 2008 |
| Case Management Conference: | August 18, 2008 |

18. **Trial**

This case will be tried by Jury. Based on current information, the parties anticipate a four day trial.

//

**19. Disclosure of Non-party Interested Entities or Persons**

Defendant identifies the following non-party interested entities:

a. Pilot Corporation

b. Marathon Petroleum Company LLC

Dated: November 19, 2007

/s/
MICHAEL E. BREWER
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
PILOT TRAVEL CENTERS LLC

Dated: November 19, 2007

/s/
ERIC A. GROVER
KELLER GROVER LLP
Attorney for Plaintiff
CHERYL FORD

Firmwide:83661846.1 043135.1043

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
925.932.2468

7

JOINT CASE MANAGEMENT CONFERENCE STATEMENT