1  ERIC A. GROVER, Esq. (SBN 136080)
   KELLER GROVER LLP
2  425 Second Street, Suite 500
   San Francisco, CA  94107
3  Tel. (415) 543-1305
   Fax: (415) 265-7861
4  eagrover@kellergrover.com

5  Attorneys for Plaintiff
   CHERYL FORD
6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11  CHERYL FORD, on behalf of herself, the       )  Case No.: C07-02715 TEH
    general public, and as an "aggrieved         )
12  employee" under the California Labor         )
    Code Private Attorneys General Act,          )  <u>CLASS ACTION</u>
13                                               )
           Plaintiff,                            )  **DECLARATION OF ERIC A.**
14                                               )  **GROVER IN SUPPORT OF MOTION**
       v.                                        )  **FOR PRELIMINARY APPROVAL**
15                                               )  **OF CLASS ACTION SETTLEMENT**
    PILOT TRAVEL CENTERS LLC and                 )
16  DOES 1 through 10 inclusive,                  )  DATE:    May 12, 2008
                                                 )  TIME:      1:30 p.m.
17         Defendants.                           )  COURTROOM:   12 (19th Floor)
                                                 )  JUDGE:   Hon. Thelton E. Henderson
18  ─────────────────────────────────           )

19

20

21

22

23

24

25

26

27

28  ─────────────────────────────────────────────────────────
    GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
    SETTLEMENT                                    Case No.: C07-02715 TEH

1    I, ERIC A. GROVER, do hereby declare and state as follows:

2    1.    I am an attorney at law, licensed to practice before the courts of the State

3    of California and this Court.  I am a partner in the law firm Keller Grover LLP, attorneys

4    of record for Plaintiff Cheryl Ford in this action.  I have personal knowledge of the

5    matters stated herein and, if called as a witness, I could and would competently testify

6    thereto.

7    2.    Between September 1988 and October 2005, I was first an associate and

8    then a shareholder in the firm Littler Mendelson, P.C.  Littler is the largest law firm in

9    the United States specializing in labor and employment law.  During my 17 years at

10   Littler, I practiced extensively in all areas of labor and employment law, including wage

11   and hour law and class action defense.  I also have extensive litigation experience,

12   including numerous arbitrations and trying a number of cases to verdict in state and

13   federal courts.

14   3.    In the time I worked at Littler, I worked on many class action matters.

15   The following is a list of various class action matters for which I was the lead or co-lead

16   defense attorney:

17       a.    *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.)

18       b.    *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.)

19
20

21       c.    *ILWU, et al. v. DMS Messenger Services, et al.* (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.)

22

23       d.    *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.)

24

25       e.    *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.)

26

27       f.    *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.)

28

1

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                Case No.: C07-02715 TEH

g.   *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.)

h.   *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.)

i.   *Tiffany, et al. v. Hometown Buffett* (San Francisco County) (Manager misclassification.)

j.   *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.)

k.   *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.)

l.   *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.)

m.   *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.)

4.   Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP.   At Keller Grover, approximately 95% of my time is spent representing plaintiffs in employment matters.   I am currently lead counsel or co-lead counsel on more than 15 different wage and hour class actions.   I have been named Class Counsel in numerous recent wage and hour class action matters, including:

a.   *Watson v. Ann Taylor Stores Corp.*, Los Angeles County Case No. BC342729;

b.   *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG05223254;

c.   *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d.   *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e.   *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f.   *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No.  4489);

2

g.    *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h.    *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

i.    *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

j.    *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k.    *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC 347513;

l.    *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG05237683;

m.    *Fleming v. Dollar Tree Stores, Inc.*, U.S.D.C. Northern District of California Case No. Case No.  C 06-03409 MJJ;

n.    *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134; and

o.    *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198.

5.    Based on my years of experience and my own independent investigation and evaluation, I am of the opinion that the recovery for each Class Member is on very fair, reasonable and adequate terms.  I am familiar with nearly all of the class action settlements involving Labor Code § 212 issues and have a strong understanding of the trends in both the likelihood of certification and the value of settlements.  My opinion takes into consideration the amounts received in other similar class actions, the risks inherent in litigation of this genre, and the reasonable tailoring of each Class Members' claim to the amounts received.   Based on that knowledge, I am of the opinion the settlement is fair, reasonable and adequate and is in the best interests of the Class.

**Factual and Procedural Background:**

6.    On April 23, 2007, Plaintiff filed a class action complaint in the Superior Court of the County of Alameda, that was subsequently removed to the United States

3

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                          Case No.: C07-02715 TEH

District Court for the Northern District of California. Plaintiff alleges, among other things, that Defendant issued paychecks to its California employees that fail to conform to the requirements of California Labor Code section 212 and that Defendant charged its own employees a check cashing fee in violation of Labor Code section 221. Plaintiff asserts causes of action under Labor Code sections 212, 221 and 2699 and Business & Professions Code sections 17200, *et seq.* Plaintiff seeks damages and restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and costs on behalf of herself and a proposed class.

7.     Specifically, Plaintiff alleges that, until March 12, 2007,[1] Defendant issued paychecks that failed to state the name and address of an established place of business in California where employees could cash their checks for free. Further, Plaintiff alleges that Defendant did not make any arrangements for its employees to cash their paychecks at a location within the state without a fee. As a result, Plaintiff alleges that she and Labor Code § 212 Class members were charged a fee to cash their paychecks at banks or other check cashing facilities in California and/or had holds placed on their paychecks delaying their ability to obtain their wages.

8.     In addition, Plaintiff alleges that she and a sub-class of employees also were charged check cashing fees by Defendant when they cashed their paychecks at Defendant's Pilot Travel Centers, allegedly violating Labor Code § 221. Plaintiff also alleges that Defendant's practice of issuing such paychecks and taking a portion of employees' wages in the form of check cashing fees were unfair business practices in violation of California Business & Professions Code §§ 17200, *et seq.*

---

[1] On or around March 12, 2007, Defendant began using paychecks issued by Wells Fargo, which has retail branches in California. Defendant entered into an agreement with Wells Fargo to pay for the check cashing fees incurred when its employees presented paychecks to be cashed. The new paychecks provide that they can be cashed free of charge at a Wells Fargo branch.

4

9.      In connection with these allegations, Plaintiff asserted causes of action under Labor Code §§ 212, 221 and 2699 and Business & Professions Code §§ 17200, *et seq.*, seeking damages and restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and costs.

10.     Defendant has denied all of these allegations and denies any liability to Plaintiff or the proposed class members.  To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or wrongful conduct.

**Discovery Completed to Date:**

11.     The Parties have exchanged a substantial amount of informal discovery. As part of the information exchanged, Defendant provided information concerning the number of paychecks issued to its California employees dating from April 23, 2003 to March 11, 2007.  Defendant provided information concerning the number of employees who received such paychecks.  Defendant also provided examples of checks and relevant information regarding the manner in which the checks were negotiated.

12.     Defendant also provided information that, from April 1, 2005 through March 11, 2007, Defendant charged its employees $2.00 when cashing a check at any of the Pilot stores.  Defendant estimates that, during that time period, employees cashed approximately 53% of the live paychecks issued at Pilot Stores.  Thus, the Parties were able to determine that approximately 36,289 paychecks were cashed by employees at Defendant's stores at a rate of $2.00 per check.

13.     Once the Parties determined that settlement was a possibility, a scheduled a mediation was scheduled.  My firm prepared a detailed list of necessary documents and information we would need from Defendant in order to have meaningful mediation discussions. Defendant agreed to and did in fact provide the information requested.  Our review and analysis of the informal discovery materials enabled me to prepare class-wide liability and damages studies.  The amount of information and materials obtained during

5

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                          Case No.: C07-02715 TEH

this case evinces Class Counsel's thorough and comprehensive understanding of the "strengths and weaknesses" of the case.

14.    In this regard, Defendant provided all of the following information prior to the mediation session:

a.  <u>Number of Paychecks Issued by Pilot Travel to California Employees</u>: Defendant estimates that it issued approximately 68,469 live paychecks to its California employees between April 23, 2003 and March 11, 2007 (the "Class Period").

b.  <u>Number of California Employees Receiving Live Paychecks</u>: Defendant estimates that approximately 2,987 of its California employees received live paychecks during the Class Period.

c.  <u>Number of Paychecks Issued to Pilot Travel Employees Within the Last Year of the Class Period</u>:  Defendant estimates that it issued approximately 15,305 live paychecks to California employees between April 23, 2006 and March 11, 2007.

d.  <u>Number of California Employees Who Received Pilot Travel Paychecks Within the Last Year of the Class Period</u>:  Defendant estimates that approximately 1,144 of its California employees received live paychecks during the Class Period.

e.  <u>Check Cashing Fees Charged by Defendant at Pilot Stores</u>: Defendant charged its employees $2.00 per check cashed at Defendant's Pilot stores.

f.  <u>Percentage of Paychecks Cashed at Pilot Stores</u>: With information available only from April 1, 2005 through March 11, 2007, estimates that 53% of the live paychecks issued during the Class Period were cashed in Pilot Stores and approximately 36,747 checks were chased during that time period, meaning Pilot employees paid Defendant approximately $73,494.86 in check cashing fees when negotiating their paychecks.

g.  <u>Information Regarding the Types of Paychecks Issued</u>:  The paychecks issued during the Class Period were drawn on Amsouth PTC Bank and Wachovia Bank, neither of which had retail branches in California during the Class Period.

h.  <u>Information Re Check Cashing Arrangement With Wells Fargo</u>:  Pilot Travel provided documentary information concerning the new arrangement it entered into with Wells Fargo Bank effective on or about March 12, 2007 to pay the check cashing fees of any Pilot Travel employee in California who cashed their paychecks at a Wells Fargo branch.

6

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                        Case No.: C07-02715 TEH

**Settlement Negotiations and Amount:**

15.     Plaintiff's counsel assessed Defendant's information and engaged in detailed discussions with Defendant's counsel regarding different settlement scenarios. Through this informal discovery and discussions, Defendant and Plaintiff exchanged information and documentation as well as apprised each other of their respective factual contentions, legal theories, and defenses.  Both Parties were able to conduct a thorough investigation into the claims asserted in the complaints.  In particular, the Parties were able to make informed assessments of the probability of certifying a class action, a critical hurdle in an action involving relatively small individual claims.  Additionally, during the course of their information exchange, the Parties engaged in extensive good faith, arms-length negotiations including information exchanges, telephone conferences, and correspondence aimed at settling their dispute.  In short, for a period of several months, the Parties engaged in extensive investigation and informal discovery into the factual and legal claims presented in the Complaint.

16.     Armed with extensive data regarding Defendant's practice of issuing paychecks to its California employees, the Parties were able to engage in informed negotiations of possible settlement alternatives, which included sharing their respective factual and legal positions.  During the course of these exchanges of information, the Parties engaged in extensive good faith, arms-length negotiations, including telephone conferences, correspondence, and formal mediation, all in an effort to settle their dispute.  The Parties decided to proceed with formal mediation and participated in a mediation session held on October 23, 2007 with Mark S. Rudy, Esq.  At the end of a full-day mediation session and three subsequent months of follow-up negotiations, the Parties were able to reach a tentative settlement agreement.

17.     In February 2008, the Parties reached a formal settlement agreement, which was memorialized in the Joint Stipulation of Settlement and Release Between

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

1  Plaintiff and Defendant ("Stipulation").  The Settlement Stipulation sets forth all terms

2  of the agreement reached by the Parties.  A true and correct copy of the Settlement

3  Stipulation is attached hereto as **Exhibit 1**.

4  **Summary of the Settlement Terms:**

5      18.    The Parties have agreed that Defendant will pay up to, but not to exceed,

6  $925,000, which is referred to as the "Gross Fund Value" or "GFV," to settle all of the

7  Labor Code § 212 related claims (the First through Third Causes of Action alleged in the

8  Complaint).  A true and correct copy of the Complaint is attached hereto as **Exhibit 2**.

9      19.    There are two proposed settlement classes described below.  The

10  settlement classes are referred to collectively as the "Class."

11      20.    The Stipulation allocates $132,500 to the Labor Code Section 2699 Class,

12  which is composed of all California employees of Defendant who received one or more

13  live paychecks from Defendant between April 23, 2006 and March 11, 2007.  Pursuant

14  to Labor Code § 2699(i), 75% of that amount ($99,375) will be distributed to the

15  California Labor and Workforce Development Agency ("LWDA") for enforcement of

16  labor laws and education of employers.  The remaining 25% ($33,125) will be

17  distributed to Section 2699 Class Members who make valid claims.  The entire $33,125

18  will be paid out to Section 2699 Class Members who submit timely and valid claims.  It

19  is estimated that there are approximately 1,144 employees in the Section 2699 Class.

20  Each Section 2699 Class Member who makes a valid claim will receive a payment

21  calculated on a prorated basis based.   The settlement provides a fair financial benefit to

22  the State of California and the employees within this settlement Class.

23      21.    The Stipulation allocates up to $501,5000 for the claims of the Labor

24  Code § 212 Settlement Class, which is composed of all California employees of

25  Defendant who paid a fee to Defendant or a third-party to cash one or more live

26  paychecks received from Defendant between April 23, 2003 and March 11, 2007.  The

27

28

8

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                        Case No.: C07-02715 TEH

formula for distribution shall be: $10 per check for up to a maximum of 17 checks ($170). There are an estimated 2,987 members of the Labor Code Section 212 Class, which includes those who are also members of the Labor Code Section 2699 Class. This settlement class is based on claims made; however a minimum of $100,300 (or more than 20% of the Net Fund Value allocated to the Labor Code Section 212 Class) must be paid to Class Members. If the number of claims filed is lower than what is required to reach the $100,300 minimum, the claimants will receive increased payments based on their pro rata share of the $100,300 minimum.

22.    The settlement payments to the Labor Code § 212 Class are intended to be restitution for the check cashing fees employees when trying to cash their paychecks. By statute, check cashing fees at non-banking locations, like check cashing businesses, cannot exceed 3% of the value of the check. After surveying a number of check cashing establishments in Northern and Southern California, we found the average charge to be around 1.9% of the check. The settlement provides a fair financial benefit to the employees within this settlement Class.

23.    Plaintiff and Class Counsel understand that not every person who received a live paycheck actually incurred a check cashing fee. Thus, it is fully expected that only a segment of the Labor Code § 212 Settlement Class Members who receive class notice and claim forms will have actually incurred a check cashing fee. In connection with samples undertaken in other Labor Code § 212 cases I have worked on and/or received information concerning, a likely range of employees who incur check cashing fees is somewhere between 20% and 30% of those employees who receive live paychecks.

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

**Counsel's Assessment of the Settlement:**

24.    The settlement for each participating Class Member is fair, reasonable, and adequate, given the inherent risk of litigation, the risk relative to class certification and the costs of pursuing such litigation.  The fairness of the settlement is demonstrated by the uncertainty and risks to the Plaintiff and the Class both in not prevailing on one or more paycheck related causes of action or theories alleged in the complaint and in non-certification.   Although Class Counsel are confident that all of the elements necessary for certification are satisfied in this case, the risk of non-certification is always present.  Defendant has adamantly disputed that Plaintiff will be able to certify a class and that the putative Class Members were entitled to recovery under any of the theories alleged.  If the Class were not certified, most Class Members would likely not be able to pursue their individual claims against Defendant because their individual claims would not be large enough to provide incentive to litigate individually.  The settlement takes these risks into account and is a good compromise for the damages of absent Class Members.

25.    Prosecution of this case resulted in tangible benefits for the Class Members in the following respects: (1) By this settlement, Class Members will receive their recoveries over a reasonably short period of time as opposed to waiting additional years for the same, or possibly worse, result; and (2) settlement at this juncture will translate into significant savings in Class Counsel's fees and costs which would have only increased exponentially had the case progressed through trial, appeals, etc.

26.    For the vast majority of the Class Member population, receipt of this recovery will be nothing short of a windfall in that the Class Members likely never even knew they were entitled to free check cashing before Plaintiff Ford filed this case.  Also, Defendant has agreed to notify all current and future employees that the free check cashing arrangement Defendant made with Wells Fargo in March 2007 is available to

---

1

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                      Case No.: C07-02715 TEH

1    them.  The State of California also benefits by receiving a large sum for educational and

2    enforcement purposes.

3    **Suitability of the Action for Class Certification:**

4    27.    To date, no class has been certified.  The Stipulation reached among the

5    Parties contains a provision pursuant to which we stipulate to the Court's provisional

6    certification of the two Settlement Classes, but do so for purposes of this settlement

7    only.

8    28.    As Class Counsel, I am confident that Plaintiff could successfully prove

9    that this action meets the requirements of class certification.

10    29.    The two proposed Settlement Classes are clearly ascertainable.  The Labor

11    Code § 2699 Settlement Class encompasses current and former California employees of

12    Defendant who received one or more live paychecks from Defendant between April 23,

13    2006 and March 11, 2007, when Pilot Travel changed paycheck practices took effect for

14    its California employees.  The Labor Code § 212 Settlement Class encompasses Pilot

15    Travel employees who paid a fee to Defendant or a third-party to cash one or more live

16    paychecks received from Defendant between April 23, 2003 and March 11, 2007.  Pilot

17    Travel already has identified approximately 2,987 members of the two Settlement

18    Classes during the settlement process.

19    30.    According to Defendant's records, the Labor Code § 2699 Settlement

20    Class is comprised of approximately 1,144 current and former employees. The Labor

21    Code § 212 Settlement Class estimated to consist of approximately 2,987 current and

22    former employees.  Members of the Labor Code § 2699 Class may also be members of

23    the Labor Code § 212 Class.    Both Settlement Classes, therefore, are sufficiently

24    numerous that it would be "impracticable" to bring all members before the Court.

25    31.    Common questions of fact and law predominate in this case.    The

26    proposed Class Members' claims all stem from a common source: they were provided

27

28

2

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

1    with paychecks that allegedly failed to comply with Labor Code § 212.  Each settlement

2    Class Members was paid by Defendant with one or two distinct types of paycheck. The

3    members of each Settlement Class would be entitled to the same legal remedies under

4    the same state laws.

5         32.    Plaintiff Ford's claims are typical of the common claims presented.

6    Plaintiff Ford is a former employee of Defendant who received live paychecks and

7    incurred check cashing fees.  Her Labor Code §§ 212 and 2699 claims are the same as

8    those that the other Class Members would reasonably be expected to bring based on the

9    course of conduct alleged herein.

10        33.    Furthermore, the Class Representative has actively participated in this

11   litigation.  Ms. Ford provided the information that allowed the case to be filed.  She has

12   always been available and willing to lend her assistance to Class Counsel and, in fact,

13   did so during the filing of the complaint and settlement process.    The Class

14   Representative has shown that she would aggressively and competently protect the

15   interests of the Class.

16        34.    Ms. Ford also retained competent counsel to represent the Class.  My

17   almost 20 years of experience litigating employment cases, including serving as lead

18   counsel in numerous wage and hour class actions, gives me the expertise and skill to

19   serve as Class Counsel in this action.  The attorneys in my office working with me on

20   the case also specialize in and are experienced in class action litigation.  In addition, the

21   Thierman Law Firm, Law Offices of Scott A. Miller A.P.C., and Steven L. Miller, A

22   Professional Law Corporation have considerable experience litigating employment class

23   actions.

24        35.    Defendant, however, has taken the position all along that this case was not

25   suited for class action treatment and would not be possible to try as a representative

26   action.  Likewise, Defendant has been consistent in its forceful assertion that it had

27

28
---
3

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

1    complied with all legal requirements regarding the payment of wages.    In short,

2    Defendant believed that it had a good chance of defeating class certification and/or

3    prevailing on the merits of the claims.    Defendant's position guaranteed a lengthy and

4    protracted appeal process in the event they did not in fact prevail at certification and/or

5    trial.    However, Defendant was faced with the risks inherent in litigation and the

6    prospect of lengthy and expensive litigation against Plaintiff who is represented by Class

7    Counsel very experienced in handling wage and hour class actions.

8        36.    Although Class Counsel were ultimately confident in the merits of the

9    Class Members' position, we were put in the position of negotiating a settlement at this

10    juncture or possibly face years of litigation to reach a judgment that was by no means

11    preordained.    Wage and hour laws and the standards for class certification are constantly

12    evolving, and a change in law always threatened to wipe out Plaintiff's potential

13    recovery.    Furthermore, there is little case law addressing Labor Code §212 claims in the

14    present context, making it very difficult to anticipate the results at trial.    In this rapidly

15    changing area of law, claims can be created and deleted with the risk of retroactivity as

16    evidenced by the enactment and modifications to Labor Code §§ 2698, *et seq.* and

17    Proposition 64 changes to Business and Professions Code §§ 17200, *et seq.*    Thus,

18    although Class Counsel believe in the viability of the claims being settled in this action

19    and the ability to succeed at class certification, we accounted for the risk that the Court

20    would reach a different conclusion, which would leave the Class Members with no

21    recovery at all.    Accordingly, Class Counsel decided that a settlement at this juncture for

22    the agreed upon amount and distribution formula was in the best interest of the Class.

23    **Class Representative Enhancement and Individual Settlement:**

24        37.    It is appropriate to recognize the contributions of the Class Representative

25    in prosecuting this litigation.    The settlement provides named Plaintiff and proposed

26    Class Representative Ford with a modest $5,000.00 enhancement for the risks, time and

27

28                                            4

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

1  effort she expended in coming forward to provide invaluable information in support of

2  the claims alleged in the complaint.  In addition, the Parties agreed to settle Plaintiff

3  Ford's individual claims against Defendant for the sum of $10,000.  This is a reasonable

4  amount in exchange for Plaintiff's individual release.

5  **Notice Program:**

6     38.    The Parties agreed upon Rosenthal & Co. to handle the notice and claims

7  administration.    The notice procedure is fully disclosed in the Stipulation. In my

8  experience based on similar paycheck class actions, the notice procedure agreed upon by

9  the Parties is fair and will provide Class Members with the necessary details of the

10  proposed settlement and their options regarding submitting a claim, objecting to the

11  settlement terms, or opting out of the Class.

12  **Attorneys' Fees:**

13     39.    The Parties have agreed that Class Counsel will seek no more than

14  $231,250, which is 25% of the Gross Fund Value, in attorneys' fees.  This agreement is

15  fully disclosed in the Stipulation.

16     40.    This Court can appreciate that litigating a high stakes case against a large

17  corporate defendant represented by a highly respected law firm in an evolving area of

18  law is not appealing to most lawyers, particularly when the plaintiffs' lawyer will have

19  to finance the litigation.  This case was taken on a contingency basis and is not a case

20  undertaken lightly.  The risk of advancing costs in this type of litigation can be very

21  high.

22     41.    Class Counsel has spent many hours to date litigating the case and

23  bringing it to fruition.  Counsel expects to spend additional hours preparing for and

24  attending the Preliminary Approval Hearing and the Final Approval Hearing and

25  administering the settlement.  Class Counsel aggressively litigated the case from the

26  beginning. After agreeing to discuss settlement with Defendant, we pursued informal

27  discovery to provide us with the necessary documentation and information to properly

28

5

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                        Case No.: C07-02715 TEH

assess the strengths and weaknesses of our position and legal theories and to analyze what a fair settlement amount would be.

42.   Even with my extensive experience litigating employment cases, prosecuting these cases still carry a considerable amount of risk.  The greatest early risk involves the discretionary class certification decision.  Other risks abound depending on the circumstances of each case.  Clients who agree to be class representatives are likewise taking considerable risk that they may be responsible for certain defense costs if the case is lost.

43.   The nature of the work in this case, involving a class action and California's wage and hour law, and Class Counsel's expertise justify the requested attorneys' fees as well.  Through this case and only a handful of prior unrelated actions, Class Counsel has been at the forefront of actions involving violations Labor Code § 212 in this context.  There is very limited case law interpreting Labor Code § 212.  In fact, to my knowledge, Class Counsel's work in two similar cases, *Fleming v. Dollar Tree*, *Inc.*, Case No C06-03409 MJJ, 2006 U.S. Dist. LEXIS 67749 (N.D. Cal. Sept. 15, 2006) and *Solis v. The Regis Corporation*, Case No. 05-03039 CRB, 2007 WL 4328806, (N.D. Cal. Dec. 10, 2007), has established the only known federal authority interpreting Labor Code § 212 in this context.  In addition, class action work in itself requires specialized learning and the willingness to take large risks.

44.   A practice like ours can only properly litigate a limited number of cases at one time.  Had we not reached a settlement with Defendant, the demands of this case would have required a significant portion of our resources.  Thus, we were precluded from taking other employment cases due to the demands of litigating this case.

45.   The attorneys' fee request is expected to be approximately 25% of the gross potential settlement value.  My experience in class actions as well as my review of fee awards in other wage and hour actions support my conclusion that the fee request is

6

1    reasonable and in line with the common practice in this type of case.  Any attorneys' fee

2    awards are subject to this Court's approval at the Final Approval Hearing.

3    **Class Counsel's Costs:**

4         46.    The Settlement Stipulation provides that Class Counsel will seek to

5    recover litigation costs of no more than $10,000.  At the final approval stage, Class

6    Counsel will submit itemized statements of costs incurred to the Court for its approval.

7    All of the costs incurred to date were reasonably incurred in litigating this matter.

8         I declare, under penalty of perjury, under the laws of the United States, that the

9    foregoing is true and correct.  Executed this 31st day of March 2008 at San Francisco,

10   California.

11

12                                        _____/s/_____
                                          ERIC A. GROVER

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GROVER DECLARATION ISO PRELIM. APPROVAL OF CLASS ACTION
SETTLEMENT                                    Case No.: C07-02715 TEH

Exhibit 1

ERIC A. GROVER, Esq. (SBN 136080)
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD

JODY A. LANDRY, Esq. (SBN 125743)
LITTLER MENDELSON
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
Telephone: (619) 232-0441
Facsimile: (619) 232-4302
jlandry@littler.com

MICHAEL E. BREWER, Esq. (SBN 177912)
LISA C. CHAGALA, Esq. (SBN 217883)
LITTLER MENDELSON
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: (925) 932-2468
Facsimile: (925) 946-9809
mbrewer@littler.com
lchagala@littler.com

Attorneys for Defendant
PILOT TRAVEL CENTERS LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>      Plaintiff,<br><br>    v.<br><br>PILOT TRAVEL CENTERS LLC and DOES 1-10 inclusive,<br><br>      Defendants. | Case No.: C07-02715 TEH<br><br>CLASS ACTION<br><br>**JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT**<br><br>Date:     May 12, 2008<br>Time:     1:30 p.m.<br>Courtroom: 12 (19th Floor) |

JOINT STIPULATION OF SETTLEMENT AND RELEASE    Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is made

2    and entered into by and between Plaintiff Cheryl Ford ("Plaintiff" or "Class Representative") and

3    Defendant Pilot Travel Centers LLC ("Defendant" or "Pilot"), and is subject to the terms and

4    conditions hereof and the approval of the Court.  Plaintiff and Defendant are referenced

5    collectively herein as "the Parties."

6    1.    On April 23, 2007, Plaintiff filed a class action complaint in the Superior Court of

7    the County of Alameda, that was subsequently removed to the United States District Court for

8    the Northern District of California, Case No. C07-02715 TEH, captioned, *Cheryl Ford v. Pilot*

9    *Travel Centers LLC*, alleging, among other things, that Defendant issued paychecks to its

10    California employees that fail to conform to the requirements of California Labor Code section

11    212 and that Defendant charged its own employees a check cashing fee in violation of Labor

12    Code section 221.  The Lawsuit asserts causes of action under Labor Code sections 212, 221 and

13    2699 and Business & Professions Code sections 17200, *et seq*.  The Lawsuit seeks damages and

14    restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and

15    costs.

16    2.    Defendant denies any liability or wrongdoing of any kind associated with the

17    claims alleged in the Lawsuit, and further denies that, for purposes other than the settling of this

18    Lawsuit, any part of this Lawsuit is appropriate for class treatment.  Pilot has denied and

19    continues to deny each and every material factual allegation and alleged claim asserted in the

20    Lawsuit.  Nothing herein shall constitute an admission by Pilot of wrongdoing or liability or of

21    the truth of any factual allegations in the lawsuit.  Nothing herein shall constitute an admission

22    by Pilot that the Lawsuit is properly brought on a class or representative basis other than for

23    settlement purposes.  To this end, the settlement of the Lawsuit, the negotiation and execution of

24    this Agreement, and all acts performed or documents executed pursuant to or in furtherance of

25    the Settlement:  (i) are not, shall not be deemed to be, and may not be used as, an admission or

26    evidence of any wrongdoing or liability on the part of Pilot or of the truth of any of the factual

27    allegations in the Lawsuit; (ii) are not, shall not be deemed to be, and may not be used as, an

28    admission or evidence of any fault or omission on the part of Pilot in any civil, criminal or

1

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not, shall not be deemed to be, and may not be used as, an admission or evidence of the appropriateness of these or similar claims for class certification.

3.      For purposes of this Stipulation of Settlement, there shall be two separate settlement classes.  It is contemplated that an individual could be a member of both classes.  The "Labor Code Section 2699 Class" shall be defined as follows:

> "All California employees of Defendant who received one or more live paychecks from Defendant between April 23, 2006 and March 11, 2007.

4.      The "Labor Code Section 212 Class" shall be defined as follows:

> "All California employees of Defendant who paid a fee to Defendant or a third-party to cash one or more live paychecks received from Defendant between April 23, 2003 and March 11, 2007."

The members of the two settlement classes are referred to herein collectively as the "Class Members."

5.      On October 23, 2007, the Parties participated in mediation before respected mediator Mark S. Rudy, Esq.  Although the matter did not settle at that mediation session, Mr. Rudy continued to work with the parties through February 7, 2008, when a tentative settlement was reached subject to Court approval. The Parties are now entering into a more detailed, formalized settlement agreement to submit to the Court for preliminary and final approval.

6.      For purposes of settling the claims alleged in the Lawsuit only, the Parties conditionally stipulate and agree that the requisites for establishing class certification with respect to the two settlement classes have been met and are met, and, therefore, stipulate to certification of both settlement classes.  More specifically, the Parties conditionally stipulate and agree that:

> a.      Each settlement class is so numerous as to make it impracticable to join all class members.
>
> b.      There is an ascertainable class for each settlement class.
>
> c.      For each settlement class, common questions of law and fact exist.

2

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

d.   Plaintiff's Labor Code sections 212, 221 and 2699 claims are typical of the claims of the settlement classes.

e.   Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation should be deemed "Class Counsel" and will fairly and adequately protect the interests of each settlement class.

f.   The prosecution of separate actions by individual members of the two settlement classes would create the risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct.

g.   Questions of law and fact common to the members of each settlement class predominate over questions affecting individual members of each settlement class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

7.   With paychecks effective no later than March 12, 2007, Defendant made provisions for paychecks issued to its California employees to be cashed without a fee at certain Wells Fargo branches in California and has made efforts to notify all California employees of this free check cashing arrangement.  Defendant further agrees to continue to make efforts to notify all current and future California employees of this or any future free check cashing arrangement.

8.   Plaintiff and Class Counsel have performed a thorough study of the law and facts relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation and pre-mediation discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue the action through trial, the risks and costs of further prosecution of the Lawsuit, the uncertainties of complex litigation, and the substantial benefits to the members of each settlement class and the State of California, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of each settlement class and the State of California.  Plaintiff, on her own behalf and on behalf of the members of each settlement class, has agreed to settle the Lawsuit on the terms set forth herein.

3

9.    It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between them based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred to herein as the "Released Claims" and as defined in paragraph 24 below.  In order to achieve a full and complete release of Defendant (and the Releasees as defined in paragraph 11) of such disputes and claims, execution of the Stipulation and Settlement by the Class Representative is intended to effect a release by each Class Member (which includes any legal heirs and/or successors-in-interest of each Class Member) and is intended to include in its effect all claims based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred to herein as the Released Claims and as defined in paragraph 24 below as to all Class Members.

10.    With respect to the Released Claims (as defined in paragraph 24 below), each Class Member shall be deemed to have expressly waived and relinquished to the fullest extent permitted by law, the provisions, rights and benefits afforded by section 1542 of the California Civil Code, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

However:

**The Parties expressly exclude from the scope of this Release (except with respect to Representative Plaintiff Ford, who waives <u>all</u> claims) any claims that Class Members have in connection with any individual actions or class actions involving claims other than those as defined in paragraph 24 below.**

11.    As more fully described in paragraph 24 below, it is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims based on, arising out of or directly related to, all claims based upon deficiencies in the instruments or checks used to pay the wages of Defendant's California employees and all claims based on Defendant's charging its California employees a fee to cash paychecks at Defendant's retail locations if the California employee chose to use the retail location's check cashing service offered to its customers.  This release includes violations of Labor Code sections 212 and 221

4

1   and penalties under any provision of law, including (without limitation) Labor Code section 2699

2   and Labor Code section 225.5, based upon violations of Labor Code sections 212 and 221, and

3   restitution under Business & Professions Code section 17200 *et seq.* premised on violations of

4   Labor Code sections 212 and 221, as well as claims for attorneys' fees and costs related to any

5   such claims, which release shall include in its effect Pilot Travel Centers LLC and its present and

6   former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors,

7   employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of

8   their respective officers, partners, directors, servants, agents, shareholders, employees,

9   representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

10  acting under, by, through, or in concert with any of them (collectively, the "Releasees").

11          12.     This settlement requires Defendant to pay a total amount up to, but not to exceed,

12  $925,000.00 that shall be referred to herein as a Gross Fund Value ("GFV").  The GFV

13  represents the maximum payment Defendant shall be required to make toward the settlement of

14  this action, and this GFV shall be used to cover all payments of class claims, the payment to the

15  State of California's Labor & Workforce Development Agency ("LWDA"), administration costs,

16  Court-approved attorneys' fees and costs, Plaintiff's enhancement award and the settlement of

17  Plaintiff's individual claims. The payments from the GFV are not being made for any other

18  purpose and shall not be construed as compensation for purposes of determining eligibility for

19  any health and welfare benefits or unemployment compensation.  One hundred percent (100%)

20  of the amount allocated for payments to Labor Code Section 2699 Class Members and the

21  LWDA shall actually be paid to the LWDA and Labor Code Section 2699 Class Members.  A

22  minimum of twenty percent (20%) of the amount allocated for payment to Labor Code Section

23  212 Class Members shall actually be paid to Class Members.  Any amount of GFV not required

24  to pay class claims, administration costs, Court-approved attorneys' fees and costs, Plaintiff's

25  enhancement award, and the payment to the Class Representative in exchange for a General

26  Release, shall remain Defendant's property.

27          13.     The Net Fund Value ("NFV") will constitute the total sum from which the LWDA

28  and Class Members will be paid after Court-approved attorneys' fees and costs, administration

5

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1  costs, the enhancement award and settlement of Plaintiff's individual claims described herein are

2  subtracted from the GFV.

3  ### TERMS OF SETTLEMENT

4      14.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

5  warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

6      a.    It is agreed by and among the Plaintiff, Class Members and Defendant that

7  the Lawsuit and any claims, damages, or causes of action arising out of the

8  dispute which is the subject of said Lawsuit, be settled and compromised

9  as among Plaintiff, the Class Members and Defendant, subject to the terms

10  and conditions set forth in this Stipulation of Settlement and the approval

11  of the Court.

12      b.    Settlement Date: The settlement embodied in this Stipulation of

13  Settlement shall go into effect only after entry of a final order and

14  judgment has been entered by the Court certifying the settlement classes

15  and dismissing the Lawsuit in accordance with the terms herein, and

16  approving this Stipulation of Settlement.

17      c.    Settlement Payments to the Labor Code Section 2699 Class and the State

18  of California:

19      (1)    Payments to Labor Code Section 2699 Class and the State of

20  California: The Parties have allocated a total of $132,500.00 to

21  settle the claims of the Labor Code Section 2699 Class under

22  Labor Code section 2699.  All one hundred percent (100%) of this

23  amount will be paid out.  Labor Code section 2699(i) requires that

24  any settlement under this section is distributed as follows:  75% to

25  the State's LWDA for enforcement of labor laws and education of

26  employers and 25% to the aggrieved employees.  Therefore,

27  $99,375.00 will be paid to the LWDA.  The remaining $33,125.00

28  will be distributed to all members of the Labor Code Section 2699

6

Class who make timely claims (i.e., "Qualified Claimants").  It is estimated that there are approximately 1,150 members of the Labor Code Section 2699 Class.  The individual payment to each Qualified Claimant will be calculated on a prorated basis based upon each Qualified Claimant's number of pay periods during the applicable settlement period.  Any monies not able to be delivered to a Qualified Labor Code Section 2699 Claimant after one address follow up on returned mail will, at the end of the Claims Administration process, be paid by the Claims Administrator to the State LWDA.

(2)    Tax Treatment of Labor Code Section 2699 Class Payments: The individual settlement payments to the Labor Code Section 2699 Class Members are not wages.

d.    Settlement Payments to the Labor Code Section 212 Class:

(1)    Payments to Labor Code Section 212 Class Members: The Parties have allocated a total of $501,500.00 to settle the claims of the Labor Code Section 212 Class.  In consideration for settlement and a release of the defined claims by the Labor Code Section 212 Class against Defendant, and to the extent that settlement funds exist to meet this level of individual settlement payments, Defendant agrees to pay to each Qualified Claimant (as defined in paragraph 14(k) below) the sum of $10.00 for each check cashing fee affirmed under penalty of perjury up to a maximum of $170.00 per Qualified Labor Code Section 212 Class Claimant.  If the number of Qualified Claimants is such that a payment of $10.00 for each check cashing fee affirmed under penalty of perjury up to a maximum of $170.00 will exceed the $501,500.00 allocated to settle the claims of the Labor Code Section 212 Class, each

7

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

Qualified Claimant will receive a reduced pro rata share of the $501,500.00 settlement allocation.  In no event shall a common fund of less than $100,300.00 (or twenty percent (20%) of the amount allocated to settle the claims of the Labor Code Section 212 Class) be paid to the Qualified Claimants of the Labor Code Section 212 Class.  If the number of claims filed by Qualified Claimants does not reach a distribution amount of $100,300.00 at $10.00 for each check cashing fee affirmed under penalty of perjury up to a maximum of $170.00, the individual payment to each Qualified Claimant will be increased on a pro rata basis to make the settlement distribution to the Labor Code Section 212 Class meet the minimum $100,300.00 settlement distribution requirement.  Any amount from the $501,500.00 Labor Code Section 212 Class settlement allocation not used to pay Qualified Claimants is subject to excess costs of administration, as described in paragraph 14(g) below.  Any amounts not required for such use remain the property of Defendant and may be retained by Defendant.

(2)   Tax Treatment of Labor Code Section 212 Class Payments:  It is the intent of the Parties that the Labor Code Section 212 Class settlement payments are in the nature of restitution to the Labor Code Section 212 Class members who have been charged a fee to cash their paychecks.  This payment is not in the nature of wages. It is an amount designed to cover some or all of the expenses incurred by the Labor Code Section 212 Class members to cash their paychecks.

(3)   Difficulty of Determining Labor Code Section 212 Class Claims: The Parties recognize and agree that the claims raised by the Labor

8

1    Code Section 212 Class in the Lawsuit are extremely difficult to

2    determine with any certainty for any given time period, or at all.

3    Defendant denies any liability for fees incurred.  Assuming

4    responsibility for some class member claims of restitution, claims

5    are subject to several different calculations and formulae and the

6    current uncertainty as to the applicable statutes of limitations for at

7    least some of the asserted claims.  The Parties also recognize and

8    agree that because of the relatively small amount of each fee and

9    the large number of Defendant's employees who received pay

10   checks between April 23, 2003 and March 12, 2007 (i.e.,

11   approximately 3,000), it would be extremely burdensome and

12   unduly costly to discern exactly which individuals incurred any fee

13   and for how many paychecks each individual Labor Code Section

14   212 Class member incurred a fee.  The Parties hereby agree that

15   the formula for allocating the settlement payments to Labor Code

16   Section 212 Class members provided herein is reasonable and that

17   the settlement payments provided herein are designed to provide a

18   fair settlement to the Labor Code Section 212 Class, despite the

19   uncertainties associated with the amounts alleged to be owed to the

20   Labor Code Section 212 Class.

21   e.    Attorneys' Fees and Costs: In consideration for settling this matter and in

22   exchange for the release of the defined claims by the Class Members, and

23   the General Release by Plaintiff, and subject to final approval, Defendant

24   agrees not to object to or dispute an award to Class Counsel in an amount

25   not in excess of $231,250.00, or 25% of the GFV, to compensate and

26   reimburse Class Counsel for all of the work already performed by Class

27   Counsel in this case and all of the work remaining to be performed by

28   Class Counsel in documenting the Settlement, securing Court approval of

9

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining dismissal of the action.  Defendant agrees that Class Counsel also may be awarded a sum of up to $10,000 to cover actual out-of-pocket costs. If the costs incurred by Class Counsel are less than $10,000, the difference shall be paid into the Labor Code Section 212 Class portion of the settlement distribution.  Should the Court approve a lesser percentage or amount of fees, the unapproved portion or portions shall remain the property of Defendant.  Except as provided in this section, Plaintiff, Class Members and Defendant shall bear their own attorneys' fees and costs.  No attorneys' fees shall be paid or awarded to any Class Member who chooses to retain his or her own personal counsel.

f.    Payments to Plaintiff/Class Representative's Enhancement Award: Subject to approval by the Court, Defendant further agrees that Plaintiff may receive from the GFV an enhancement award and an amount to settle her individual claims on the terms set forth below.

(1)    Class Representative's Enhancement Award:  Subject to approval by the Court, Defendant further agrees that Plaintiff may receive from the GFV an enhancement of up to $5,000.00 for serving as Class Representative.  Should the Court approve an enhancement award to Plaintiff in an amount less than that set forth herein, the unapproved portion shall become part of the Labor Code Section 212 Class portion of the settlement distribution.  The Enhancement Award shall be reported on an IRS Form 1099.

(2)    Settlement of Plaintiff's Individual Claim:  Defendant and Plaintiff have also agreed to settle all of Plaintiff's individual claims as part of this Settlement.  In exchange for a payment of $10,000.00, Plaintiff individually generally releases and forever discharges the Defendant and any and all of its parent or related companies

10

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    (hereinafter "Releasees") from any and all claims, actions, causes

2    of action, sums of money due, attorneys' fees and costs, suits,

3    debts, covenants, contracts, agreements, promises, demands,

4    employee benefits, statutory penalties or other amounts, or

5    liabilities whatsoever, whether known or unknown, which Plaintiff

6    ever had, now has, or might in the future have, for any conduct

7    (including alleged omissions) arising between she and the Releases

8    through the Effective Date of this Agreement.    This release

9    includes (without limitation) 1) violation of Title VII of the Civil

10    Rights Act of 1964;  2)  violation of the Fair Employment and

11    Housing Act; 3) violation of the California Constitution; 4)

12    violation of the Americans with Disabilities Act; 5) violation of the

13    California Labor Code; 6) breach of contract; 7) wrongful

14    termination or other tort, which have been or could have been

15    brought against the Releasees arising out of or related to Plaintiff's

16    employment with Defendant or its successors or assigns.  This

17    release specifically includes a waiver of all claims to the greatest

18    extent permitted by California Civil Code section 1542, which

19    provides:

20     **"A general release does not extend to claims which the
     creditor does not know or suspect to exist in his or her
21     favor at the time of executing the release, which if
     known by him or her must have materially affected his
22     or her settlement with the debtor."**

23

24    (3)    The payment to settle Plaintiff's individual claims as covered by

25    the scope of the General Release and shall be reported on an IRS

26    Form 1099.

27

28

11

1    g.    <u>Costs of Claims Administrator</u>: The parties have selected Rosenthal & Co.

2          ("Rosenthal" or "Claims Administrator") to act as Claims Administrator in

3          this action. Rosenthal has estimated the cost to perform all necessary class

4          administration duties to be approximately $35,000.00. These

5          administration duties shall include without limitation, mailing notices and

6          claim forms, performing address updates and verifications as necessary

7          prior to the first mailing, deficiency letters, performing a single address

8          follow up on any returned mail, and the calculation, processing, and

9          mailing of all Class Member settlement checks and tax forms (if required)

10         to the Class Members and tax authorities. All administration costs shall be

11         taken from the GFV.  If the costs of administration are less than

12         $35,000.00, the difference shall be held as a contingency for unanticipated

13         items, including but not limited to additional payments to Class Members

14         of either settlement class, for sixty (60) days after the Effective Date.

15         Whatever funds are left after that time shall be returned to Defendant.  If

16         the costs of administration exceed $35,000.00, the parties agree that the

17         additional costs of administration shall come from unclaimed funds from

18         the Labor Code Section 212 Class portion of the NFV.  If that amount is

19         still not sufficient to cover the excess costs of administration, the

20         individual settlement awards to Labor Code Section 212 Class members

21         shall be reduced on a pro rata basis by an amount necessary to cover the

22         shortfall.  The Parties do not anticipate that it will be necessary to reduce

23         the payments to Labor Code Section 212 Class Members to cover excess

24         administration costs.

25    h.    <u>No Tax Advice Provided by Class Counsel or Defense Counsel</u>:  Neither

26         Class Counsel nor Defense Counsel intend anything contained herein to

27         constitute legal advice regarding the taxability of any amount paid

28         hereunder, nor shall it be relied upon as such.  The tax issues for each

12

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   Class Member are unique, and each Class Member is advised to obtain tax

2   advice from his or her own tax advisor with respect to any payments

3   resulting from this settlement.

4   i.   <u>Settlement Funding Deadline</u>:  Within ten (10) calendar days after the

5   final order of and judgment is signed by the Court, Defendant will deposit

6   with the Claims Administrator an amount sufficient to pay the attorneys'

7   fees and costs awarded to Class Counsel, the State of California's portion

8   of the settlement, the estimated costs of administration, the Class

9   Representative's enhancement, the settlement amount for the Class

10   Representative's personal claims in exchange for a General Release, and

11   all funds needed to pay claims received from Class Members.  The Claims

12   Administrator shall hold the deposited amount in an interest bearing

13   account.  The Effective Date of this Settlement ("Effective Date") is the

14   date upon which the Settlement is finally approved substantially in

15   accordance with the terms of this Stipulation for Settlement, and the date

16   of the Court's entry of Judgment and Dismissal of the Lawsuit

17   ("Judgment") substantially in accordance with the terms of this Stipulation

18   for Settlement.  For purposes of defining the Effective Date, the date upon

19   which the Settlement and Judgment (as described above) becomes final is

20   the last date of (a) final approval by the Court, when no further objections

21   can be made; (b) if there are objections to the Settlement which are not

22   withdrawn, and if an appeal, review or writ is not sought from the

23   Judgment, the day after the period for appeal has expired; or (c) if an

24   appeal, review or writ is sought from the Judgment, the day after the

25   Judgment is affirmed or the appeal, review or writ is dismissed or denied,

26   and the Judgment is no longer subject to further judicial review.  The

27   Settlement will therefore not become effective until and unless it is

28   approved by the United States District Court and affirmed by any possible

13

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1     reviewing Court, if an appeal or challenge is taken from the District

2     Court's action.  If the Effective Date of final approval eventually occurs,

3     then the interest earned on this deposit will be included in the Net Fund

4     Value.  If final approval is denied, or final approval is reversed on appeal,

5     then Defendant is entitled to prompt return of the principal and all interest

6     accrued, less any amount necessary to compensate the Claims

7     Administrator for all work performed through that time.

8     j.     Settlement Payout Timetable: Within fifteen (15) days of the Effective

9     Date, the Claims Administrator will provide to Class Counsel the check

10     representing the payment to the State of California (which check shall be

11     presented to the State by Class Counsel within five (5) days of receipt),

12     Plaintiff's enhancement and individual settlement payment and all Court-

13     approved attorneys' fees and costs.  Within forty-five (45) days of the

14     Effective Date of the settlement, the Claims Administrator will pay all

15     Class Members' claims.  No money will be distributed unless and until the

16     Effective Date occurs.

17     k.     Resolution of Claim Disputes:  A "Qualified Claimant" means Class

18     Member who has timely submitted a properly and fully completed and

19     signed Claim Form.  Defendant is entitled to verify submitted Claim

20     Forms for accuracy and legitimacy.  If the amount claimed by a Qualified

21     Claimant is inconsistent with Defendant's records as to the amount he/she

22     is entitled to, the Parties' Counsel will make a good faith effort to resolve

23     the dispute informally.  If they cannot agree, the dispute shall be submitted

24     to the Claims Administrator, who shall examine the Company's records in

25     an attempt to resolve the dispute.  In making this decision, the Company's

26     records shall be dispositive as to time worked by a Class Member and the

27     Class Member's method of receiving wage payments, and no claimant

28     may increase the size of his or her claim by arguing that the Company's

14

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

records are incorrect without providing documentation corroborating his or her position.  The decision of the Claims Administrator shall be final and non-appealable.

l.      Right to Rescission:  Within ten (10) days of the conclusion of the later of the opt-out period and the claims period (including time for a second mailing as required by Paragraph 17 and a response to the deficiency notice required by Paragraph 18), the Claims Administrator will provide a written report to both Parties' counsel noting the number of class notices sent, the number which were returned as undeliverable (after the follow up required by Paragraph 17), the number of valid opt-outs, the number of valid claims per Settlement Class (including the number of claims falling within each of the categories set forth in the Claim Form).  Prior to the due date for this report, the Claims Administrator will reasonably respond to requests from either party's counsel for a report on the current status of the claims and opt-out procedures.  Notwithstanding any other provision of this Stipulation of Settlement, Defendant retains the right to terminate this Stipulation of Settlement if more than ten percent (10%) of Class Members opt-out of the Settlement.  Any exercise of this provision must be made within twenty (20) calendar days of expiration of the opt-out deadline.  All signatories and their counsel must not encourage opt-outs. Counsel for the Class Members specifically agree not to solicit opt-outs, directly or indirectly, through any means.  In the event of such a rescission, no party may use the fact that the parties agreed to settle this case, the settlement documents or any communications regarding settlement as evidence of Defendant's liability in this lawsuit or the lack thereof.  In the event of such a rescission, Defendant shall pay the Claims Administrator for services rendered up to the date the Claims Administrator is notified that the settlement has been terminated.

15

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

**NOTICE TO THE SETTLEMENT CLASS**

15.    The Parties agree that within thirty (30) days after preliminary approval of this

settlement agreement by the Court, Defendant will provide to the Claims Administrator all of the

following information about each Class Member in a format requested by the Claims

Administrator: (1) name, (2) last known home address, (3) Social Security number, (4) the period

of employment for each Class Member where the Class Member received a pay check between

April 23, 2003 and March 12, 2007.  The Claims Administrator will perform address updates and

verifications as necessary prior to the first mailing. Within forty-five (45) days after preliminary

approval, and subject to the approval of the Court, the Claims Administrator will mail a Notice

of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") in the

form attached hereto as Exhibit "A" to each Class Member, by first class mail. Attached to the

Notice sent to each Class Member will be a Claim Form, as attached hereto as Exhibit "B."  Any

Class Member requesting it will be sent by the Class Administrator a more detailed settlement

notice, as attached hereto as Exhibit "C."

16.    Within forty-five (45) days after preliminary approval, Defendant shall file a

declaration, under penalty of perjury, with the Court stating that it has researched its books and

records and provided the Claims Administrator with what it represents to be a full and complete

list of the Settlement Class, including the information that is required to be provided by

paragraph 15, above.

**CLAIM PROCESS**

17.    Class Members will be permitted forty-five (45) calendar days from the date the

notices are mailed by the Claims Administrator to postmark Claim Forms. Class Members will

also have forty-five (45) calendar days from the date the Notices are mailed by the Claims

Administrator to postmark Objections and/or Requests For Exclusion (also referred to as "Opt-

Outs").  The Claims Administrator will perform one address follow up on returned mail, and will

re-mail Claim Forms to an updated address (if any) within fifteen (15) business days of receipt of

the returned mail. It is the intent of the Parties that reasonable, but not extraordinary, means be

used to locate Class Members.  The Claims Administrator will search using the social security

16

1   number of the Class Member for a more current address if the Notice is returned.  If no address is

2   found, no further action is required.

3         18.    Within ten (10) business days of receipt by the Claims Administrator of each

4   timely submitted Claim form, the Claims Administrator will send a deficiency notice to the Class

5   Member explaining any irregularity in the completed Claim Form.  The deficiency notice will

6   provide the Class Member the greater of the remainder of the forty-five (45) day claim period or

7   fifteen (15) days from the mailing of the deficiency notice to postmark the response to any

8   deficiencies in writing.  However, the failure of a Class Member to sign a Claim Form, or to

9   timely submit a Claim Form, shall invalidate a claim and will not be considered deficiencies

10  subject to cure, unless counsel for the Parties stipulate to allow cure.  If a Claim Form is signed

11  and timely submitted by a Class Member but does not indicate the number of periods for which

12  claim is made, it shall be conclusively presumed that the Class Member is entitled to payment for

13  one period only.

14        19.    All original Claim Forms shall be sent directly to the Claims Administrator at the

15  address indicated on the Claim Form. Defendant has made a good faith effort to identify all Class

16  Members and will provide a detailed list of such Class Members to the Claims Administrator on

17  an Excel spreadsheet or in such other form as Defendant and the Claims Administrator may

18  agree.  At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator will

19  certify jointly to Class Counsel and Defendant's counsel which claims were timely filed and

20  which Class Members have opted out. The Claims Administrator shall be responsible for issuing

21  the Class Member payments and taking care of all required tax reporting (if any), and for

22  communicating this information to the Parties' Counsel.   Upon completion of its calculation of

23  payments, the Claims Administrator shall provide Plaintiff and Defendant with a report listing

24  the amount of all payments to be made to each Qualified Claimant.  If required, proof of

25  payment will be filed with the Court and provided to the Parties' counsel.

26        20.    If a Class Member submits both an Opt-Out and a completed Claim Form, the

27  Claim Form will be accepted, the Opt-Out will be disregarded, and the claim will be paid.

28

---

17

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   21.   Opt-Outs by Class Members must be postmarked to the Claims Administrator

2   within forty-five (45) days of the initial mailing by the Claims Administrator.  Persons wishing

3   to Opt-Out must state in writing their name, address and telephone number, and state that they

4   wish to be excluded from the settlement.

5   22.   All objections to the settlement must be served and filed with the Court within

6   forty-five (45) days after the initial mailing by the Claims Administrator.  All objections must be

7   served on Class Counsel and Defense Counsel, and filed with the Court, along with a Notice of

8   Intention to Appear.  Class Members who fail to file and serve timely written objections in the

9   manner specified above shall be deemed to have waived any objections and shall be foreclosed

10   from making any objection (whether by appeal or otherwise) to the settlement, unless otherwise

11   ordered by the Court.  Only Class Members who do not Opt-Out may file objections.  Class

12   Counsel and Defense Counsel may, at least ten (10) days (or some other number of days as the

13   Court shall specify) before the Final Approval Hearing, file responses to any written objections

14   submitted to the Court.

15   23.   Within one hundred and eighty (180) days after the Effective Date, the Class

16   Administrator shall file with the Court a declaration or declarations certifying that all required

17   payments have been distributed pursuant to the terms of the Final Approval Order.

18   **RELEASE BY THE CLASS**

19   24.   Upon final approval by the Court, each Class Member who has not submitted a

20   valid exclusion form releases Pilot Travel Centers LLC and any parent, subsidiary, affiliate,

21   predecessor or successor, and all agents, employees, officers, directors, insurers and attorneys

22   thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs,

23   expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly

24   related to the Causes of Action in the Lawsuit, including all claims for or in the nature of

25   violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates

26   to violations of Labor Code sections 212 and 221, and Business & Professions Code section

27   17200 *et seq.* as it relates to violations of Labor Code sections 212 and 221.  This release also

28   covers all claims for interest, attorney fees and costs related to the Lawsuit.  The time period

18

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   covered by this release is April 23, 2003 through March 12, 2007.  The claims covered by this

2   release are referred to herein as the Released Claims.  Class Members who have not timely

3   returned a valid claims form shall be bound by the release provisions of this Stipulation of

4   Settlement (unless they have validly opted-out).  The parties jointly request and reserve the

5   Court's continuing jurisdiction over the construction, interpretation, implementation, and

6   enforcement of the Stipulation of Settlement and the Final Approval Order in accordance with

7   their respective terms, and over the administration and distribution of the settlement funds.

8          25.     Upon preliminary approval of the settlement, the Class Members shall be enjoined

9   from filing any actions, claims, complaints, or proceedings in state or federal court or with the

10  Department of Labor Standards Enforcement (DLSE), or from initiating other proceedings,

11  regarding the Released Claims defined in paragraph 24 above. This settlement is conditioned

12  upon the release by all Class Members as described in paragraph 24 above, and upon covenants

13  by all Class Members that they will not participate in any actions, lawsuits, proceedings,

14  complaints, or charges brought individually or by the DLSE in any court or before any

15  administrative body embodying the Released Claims, nor will Class Members oppose efforts by

16  Defendant to oppose any attempt to bring such claims against Defendant or the Releasees that

17  are embodied by the Released Claims.

18                    **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

19         26.     The Parties shall promptly submit this Stipulation of Settlement to the Court in

20  support of a request for preliminary approval and determination by the Court as to its fairness,

21  adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the

22  Parties shall apply to the Court for the entry of a preliminary order seeking the following:

23                    a.      Scheduling a preliminary fairness hearing on the question of whether the

24                            proposed settlement, including payment of attorneys' fees and costs, and

25                            the Class Representative's individual settlement and enhancement award,

26                            should be finally approved as fair, reasonable and adequate as to the

27                            members of the two settlement classes;

28

19

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

b.    Certifying this action as a class action for purposes of settlement with respect to the two (2) proposed settlement classes;

c.    Approving as to form and content the proposed Notices;

d.    Approving as to form and content the proposed Claim Form;

e.    Directing the mailing of the Short-Form Notice and Claim Form to the Class Members;

f.    Preliminarily approving the settlement subject only to the objections of Class Members and final review by the Court;

g.    Preliminarily approving estimated costs of administration payable to Rosenthal & Co.;

h.    Preliminarily approving Class Counsel's request for attorneys' fees and costs subject to final review of the Court; and

i.    Preliminarily approving Plaintiff's enhancement award and the settlement of Plaintiff's individual claims.

### DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL

27.    Following final approval of the settlement provided for in this Stipulation of Settlement, Class Counsel will submit a proposed final order of approval and judgment:

a.    Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.    Approving an award of attorneys' fees and reimbursement of costs for Class Counsel;

c.    Approving an enhancement award to Plaintiff in the amount of $5,000.00;

d.    Approving the settlement of Plaintiff's individual claims in the amount of $10,000.00;

e.    Dismissing this action with prejudice as to the Released Claims and permanently barring all Class Members from prosecuting against the

20

1    Releasees, any individual or class claims covered by the definition of

2    Released Claims set forth in paragraph 24 above; and

3      f.  Dismissing all of Plaintiff's claims in the Lawsuit with prejudice.

4    **PARTIES' AUTHORITY**

5      28.  The signatories hereto hereby represent that they are fully authorized to enter into

6    this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

7    **MUTUAL FULL COOPERATION**

8      29.  The Parties agree to fully cooperate with each other to accomplish the terms of

9    this Stipulation of Settlement, including but not limited to: (a) executing such documents and

10   taking such other action as may reasonably be necessary to implement the terms of this

11   Stipulation of Settlement; and (b) continuing good faith efforts to effectuate settlement should

12   the Court deny preliminary or any pre-final approval. The Parties to this Stipulation of

13   Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of

14   Settlement and any other efforts that may become necessary by order of the Court, or otherwise,

15   to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable

16   after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and

17   cooperation of Defendant and its counsel, take all necessary steps to secure the Court's

18   preliminary and final approvals of this Stipulation of Settlement.

19   **NO PRIOR ASSIGNMENTS**

20     30.  The Parties hereto represent, covenant, and warrant that they have not directly or

21   indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to

22   any person or entity any portion of any liability, claim, demand, action, cause of action or rights

23   herein released and discharged except as set forth herein.

24   **TERMINATION OF SETTLEMENT**

25     31.  Subject to the obligation(s) of Mutual Full Cooperation as set out in Paragraph 29,

26   either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval

27   Order, the Final Approval Order or final judgment in substantially the form submitted by the

28   Parties, or the Stipulation of Settlement as agreed does not become final because of appellate

21

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   court action.  The terminating Party shall give to the other Party (through its counsel) written

2   notice of its decision to terminate no later than twenty (20) days after receiving notice that one of

3   the enumerated events has occurred.   Termination shall have the following effects:

4           a.       The Settlement Agreement shall be terminated and shall have no force or

5           effect, and no Party shall be bound by any of its terms.

6           b.       In the event the settlement is terminated, Defendant shall have no

7           obligation to make any payments to any party, class member or attorney, except

8           that Defendant shall pay the Claims Administrator for services rendered up to the

9           date the Claims Administrator is notified that the settlement has been terminated;

10          c.       The Preliminary Approval Order, Final Approval Order and Judgment,

11          including any order of class certification, shall be vacated;

12          d.       The Stipulation of Settlement and all negotiations, statements and

13          proceedings relating thereto shall be without prejudice to the rights of any of the

14          Parties, all of whom shall be restored to their respective positions in the Lawsuit

15          prior to the settlement;

16          e.       Except as otherwise discoverable, neither this Stipulated Settlement, nor

17          any ancillary documents, actions, statements or filings in furtherance of settlement

18          (including all matters associated with the mediation) shall be admissible or

19          offered into evidence in the Lawsuit or any other action for any purpose

20          whatsoever.

21                                  **<u>CONSTRUCTION</u>**

22          32.      The Parties hereto agree that the terms and conditions of this Stipulation of

23   Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties, and

24   that this Stipulation of Settlement shall not be construed in favor of or against any party by

25   reason of the extent to which any party or her or its counsel participated in the drafting of this

26   Stipulation of Settlement.

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

## CAPTIONS AND INTERPRETATIONS

33.    Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

34.    This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto, and approved by the Court.

## INTEGRATION CLAUSE

35.    This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

36.    This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

37.    It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Notice, Exhibits "A" and "C" hereto, will advise all Class Members of the nature of the settlement and

23

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1  shall have the same force and effect as if this Stipulation of Settlement were executed by each

2  Class Member.

3                                   **COUNTERPARTS**

4        38.    This Stipulation of Settlement may be executed in counterparts, and when each

5  party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

6  original, and, when taken together with other signed counterparts, shall constitute one Stipulation

7  of Settlement, which shall be binding upon and effective as to all Parties. Facsimile signatures

8  on this Stipulation of Settlement shall be as fully effective as original signatures.

9

10  DATED:  ___3|26|08___                LITTLER MENDELSON, P.C.

11

12                                       By: _____
                                             Jody A. Landry
13                                           Attorneys for Defendant
                                             Pilot Travel Centers LLC
14

15  DATED: _____                PILOT TRAVEL CENTERS LLC

16

17                                       By: _____
                                             Mitchell D. Steenrod
18                                           Title: Senior Vice President-CFO

19

20  DATED:  ___3-28-08___

21

22                                       By: _____
                                             Cheryl Ford
23

24

25

26

27

28
                                         25
         JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
         BETWEEN PLAINTIFF AND DEFENDANT

1

DATED: _3/28/08_                KELLER GROVER LLP

2

3                                       By: _____
                                            Eric A. Grover
4                                           Class Counsel for Plaintiff

5

6

DATED: _3 28-08_                THIERMAN LAW FIRM

7

8                                       By: _____
                                            Mark R. Thierman
9                                           Class Counsel for Plaintiff

10

11

DATED: _____            LAW OFFICES OF SCOTT A. MILLER, A.P.C.

12

13                                      By: _____
                                            Scott A. Miller
14                                          Class Counsel for Plaintiff

15

DATED: _____            STEVEN L. MILLER, A PROFESSIONAL LAW
16                              CORP.

17

18                                      By: _____
                                            Steven L. Miller
19                                          Class Counsel for Plaintiff

SF1 28265202.2 / 37943-000004

20

21

22

23

24

25

26

27

28

26

1  DATED: _____        KELLER GROVER LLP

2

3                                By: _____
                                      Eric A. Grover
4                                     Class Counsel for Plaintiff

5

6  DATED: _____        THIERMAN LAW FIRM
7

8                                By: _____
                                      Mark R. Thierman
9                                     Class Counsel for Plaintiff

10

11 DATED: 3/27/08                 LAW OFFICES OF SCOTT A. MILLER, A.P.C.

12

13                               By: _____
                                      Scott A. Miller
14                                    Class Counsel for Plaintiff

15 DATED: 3/27/08                 STEVEN L. MILLER, A PROFESSIONAL LAW
                                  CORP.
16

17

18                               By: _____
                                      Steven L. Miller
19                                    Class Counsel for Plaintiff

   BF1 28265202.1 / 37943-000004
20

21

22

23

24

25

26

27

28                                    26
   JOINT STIPULATION OF SETTLEMENT AND RELEASE  Case No. C07-02715 TEH
   BETWEEN PLAINTIFF AND DEFENDANT

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

CHERYL FORD, et al.,
        Plaintiff,

   v.

PILOT TRAVEL CENTERS LLC,
        Defendant.

Case No. C07-02715 TEH

CLASS ACTION

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND FINAL FAIRNESS
AND APPROVAL HEARING

TO:     **ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LCC WHO BETWEEN APRIL 23, 2003 AND MARCH 12, 2007 PAID A FEE TO CASH ONE OR MORE PAYCHECKS ISSUED BY PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 212 CLASS");**

**AND**

**ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2006 AND MARCH 12, 2007 RECEIVED ONE OR MORE PAYCHECKS FROM PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 2699 CLASS").**

**NOTE: THE ABOVE CLASSES DO NOT APPLY TO ANY PAY RECEIVED THROUGH DIRECT DEPOSIT**

**PLEASE READ THIS NOTICE CAREFULLY.**
**YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT.**

    Notice is hereby given that a proposed Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") of the class action lawsuit entitled <u>Cheryl Ford, et al. v. Pilot Travel Centers LLC</u> (the "Litigation") has been reached between Plaintiff and Defendant and has been granted preliminary approval by the United States District Court for the Northern District of California (the "Court").

    The proposed Settlement will resolve all claims made against the Defendant (also referred to herein as "Pilot") and other Released Parties, as that term is defined in the Stipulation of Settlement, in connection with the above-captioned Litigation. A final hearing addressing the fairness, adequacy, and reasonableness of the Settlement will be held on_____, 2008 to determine whether the Litigation should finally be settled. If you are a member of either or both Settlement Classes, you must file a Claim Form by _____ to participate in the Settlement, the terms of which are set forth in detail in the Stipulation of Settlement filed with the Court. **If you fail to file a valid and timely Claim Form, you will receive nothing under the Settlement.**

## A. <u>PURPOSE OF THIS NOTICE</u>

    The first Settlement Class is defined as all California employees of Pilot who between April 23, 2003 and March 12, 2007 paid a fee to Defendant or a third-party to cash one or more live paychecks issued by Pilot. This is called the "Labor Code Section 212 Class." The second Settlement Class is all California employees of Pilot who between April 23, 2006 and March 17, 2007 received one or more live paychecks from Pilot. This is called the "Labor Code Section 2699 Class." A person may be a member of both Settlement Classes.

    The purpose of this Notice is to: a) provide a brief description of the Litigation; b) inform you of the proposed Settlement; and c) discuss your rights and options with respect to the Litigation and the Settlement.

## B. <u>DESCRIPTION OF THE LITIGATION</u>

    California Labor Code section 212 sets forth certain duties and responsibilities of an employer in the State of California to, among other things, provide paychecks that can be cashed by employees without having to pay a check cashing fee. Labor

1

Code section 221 provides that an employer may not collect or receive any part of wages paid to an employee. Labor Code section 2699 provides for certain penalties for the violation of Labor Code section 212. Plaintiff contends that for the period June 8, 2003 through October 31, 2007, Defendant violated Labor Code sections 212 and 221, as well as California Business & Professions Code section 17200 et seq., by issuing paychecks drawn on an out-of-state bank and failing to make arrangements for its employees to cash their paychecks without incurring a check cashing fee and charging its employees to cash their paychecks at Defendant's retail locations if that is where the employee chose to cash their paycheck using Pilot's check cashing service offered to all customers.

Defendant denies all liability for such claims and has asserted a number of factual and legal defenses to Plaintiff's claims. Plaintiff and Defendant met with an experienced mediator and through him reached a compromise settlement.

The Court has made no ruling on the merits of Plaintiff's claims or Defendant's defenses. However, the Court has preliminarily approved the proposed Settlement. The Court will decide whether to give final approval to the Settlement at a hearing scheduled for _____, 2008, at _____ a.m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102.

**Attorneys for the Class ("Class Counsel") in the Litigation are:**

| | |
|---|---|
| **Keller Grover LLP** | **Steven L. Miller, Esq.** |
| **Eric A. Grover, Esq.** | **Scott A. Miller, Esq.** |
| **425 Second Street, Suite 500** | **16133 Ventura Blvd., Suite 1200** |
| **San Francisco, CA 94107** | **Encino, CA 91436** |
| **Telephone: (415) 543-1305** | **Telephone: (888) 272-9529** |
| **Facsimile: (415) 543-7861** | **Facsimile:  (818) 788-8080** |
| **eagrover@kellergrover.com** | **millaw@sbcglobal.net** |

**Attorneys for Defendant ("Defense Counsel") in the Litigation are:**

**Littler Mendelson, P.C.**
**Jody A. Landry, Esq.**
**501 W. Broadway, Suite 900**
**San Diego, CA 92101**
**Telephone: (619) 232-0441**
**Facsimile: (619) 232-4302**

## C. YOUR OPTIONS

If you fit within the above description of one or both Settlement Classes, you have several options. Each option will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

1. You Can Remain a Member of the Class and Participate in the Settlement.

If you are a member of one or both Settlement Classes and want to participate in the Settlement (and you do not opt out of the settlement), you must complete and return a Claim Form to the Claims Administrator at the following address by First-Class U.S. mail postmarked no later than _____ to:

Pilot Travel Centers Payroll Check Settlement
c/o Rosenthal & Co.
[Address]
[Phone Number]
[Facsimile]

If you need another copy of the Claim Form, contact the Claims Administrator or Class Counsel. If any information on the Claim Form is incorrect, please state directly on the Claim Form what you believe is the correct information. Also, please provide your daytime telephone number and any other indicated information referred to on your Claim Form if it is not already included. If you want confirmation that your Claim Form has been received by the Claims

2

Administrator, you may send your Claim Form by certified U.S. mail with a return receipt request.

If you do not opt out of the Settlement, you will be bound by all the terms set forth in the Settlement, including a full release of claims that will prevent you from separately suing Defendant for the matters being settled in this Litigation. **Any Settlement Class Member who does not submit a timely and properly completed Claim Form will not receive a share of the Settlement and his or her claim will be barred.**

2. You Can Do Nothing.

If you are a member of one or both Settlement Classes and do nothing – that is, if you do not send a timely and properly completed Claim Form or opt out of the settlement – you will not be entitled to a share of the Settlement. **However, you will be bound by the terms of the Settlement, including the release of claims, even though you did not receive any money or benefits from the Settlement.** Therefore, if you do nothing, you will not have the right to pursue your own lawsuit related to claims released by the Settlement.

3. You Can Object to the Settlement.

If you are a member of either Settlement Class who does not opt out of the Settlement, you may object to the Settlement, personally or through an attorney, by filing your <u>written</u> objection with the Court and faxing or mailing a copy of your objection to Class Counsel and Defense Counsel at the above addresses. All objections must be signed and should contain your address, telephone number and a reference to the case. All objections must be filed with the Court and faxed or postmarked on or before _____, 2008. Your written objection should clearly explain why you object to the Settlement and must state whether you (or someone on your behalf) intend to appear at the Final Fairness Hearing. If you timely submit a written objection, you may appear, personally or through an attorney, at your own expense, at the Final Fairness Hearing to present your objection directly to the Court. If you object to the Settlement and if the Court approves the Settlement as set forth in the Stipulation of Settlement, you will be bound by the terms of the Settlement in the same way as a Class Member who does not object.

4. You Can Opt Out of the Class.

If you do not want to remain a member of the Settlement, you can request exclusion from the Settlement (i.e., opt out). You can opt out of the Class by mailing a written, signed request for exclusion to the Claims Administrator at the above-stated address, such that it is **postmarked** no later than _____, 2008. This request for exclusion must contain the following information: (a) your printed full name, (b) your full address, and (c) the following language: "I want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated _____. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the settlement." This request must be **signed** by you. If you opt out of the Settlement, you will no longer be a member of either Settlement Class, you will be barred from participating in this Settlement, and you will receive no benefit from this Settlement. By opting out of the Settlement Class, you will retain whatever rights or claims you may have, if any, against Defendant and the Released Parties, and you will be free to pursue them on an individual basis at your own cost, if you choose to do so.

## D. SUMMARY OF TERMS OF SETTLEMENT

The principal terms of the Settlement reached between Plaintiffs and Defendants are summarized in this Notice.

**1. Settlement Terms.**

The Settlement provides that (a) Pilot will stipulate to the certification of the two Settlement Classes for settlement purposes only, conditioned upon the Court granting final approval of the Settlement and entering judgment; (b) Pilot shall pay up to $925,000 (the "Settlement Amount") to resolve all Class claims, any enhancement award, Plaintiff's separate claims, costs of administration, and Class Counsel's attorneys' fees and costs, as described more fully below.

<u>Administrative Costs.</u> All administrative costs of settlement, including the cost of notice, claims administration, cost of the Claims Administrator, and any other costs of settlement, which are estimated not to exceed an aggregate of $35,000 shall be paid from the Settlement Amount.

3

Attorneys' Fees and Costs. Class Counsel will apply to the Court for an attorneys' fee award of up to 25% of the Settlement Amount, plus their actual costs and expenses up to $10,000, all of which will be paid out of the Settlement Amount.

Class Representative Enhancement Award and Settlement of Individual Claims:  Plaintiff Cheryl Ford will request an Enhancement Award of up to $5,000, which will be paid out of the Settlement Amount.  Plaintiff Ford will also execute a general release of all claims, known or unknown, against Defendant.  In exchange for her general release of all possible claims against Defendant, Defendant has agreed to pay Plaintiff Ford $10,000, which will be paid out of the Settlement Amount.

Plan of Distribution.  After the deductions from the total Settlement Amount described above, the remaining Settlement Amount will be distributed as follows:

The Labor Code Section 2699 Class Settlement and the State of California:  A total of $132,500 has been allocated to settle the claims of the Labor Code Section 2699 Class.  Under the provisions of Labor Code section 2699(i), 75% of the amount allocated to settle the Labor Code Section 2699 claims must be paid to the State of California's Labor and Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers.  The remaining 25% will be paid directly to the members of the Labor Code Section 2699 Class.  Therefore, $99,375 will be paid to the LWDA and $33,125 will be distributed to Labor Code Section 2699 Class members who make timely and valid claims.  The payment to each individual qualified claimant will be calculated on a prorated basis based upon the claimant's number of pay periods during the settlement period.

The Labor Code Section 212 Class Settlement:  A total of $501,500 has been allocated to settle the claims of Labor Code Section 212 Class members who submit timely and valid claims.  It is extremely difficult or impossible to know how many or which employees actually incurred a fee for cashing a payroll check.  Based on an estimate of the number of timely and valid claims, it is anticipated that each Labor Code Section 212 Class qualified claimant will receive between $10.00 and $170.000, depending on the number of times they paid a fee to cash a paycheck.  If the number of qualified claimant's is such that payments based on that formula will exceed the sum allocated to settle the claims of the Labor Code Section 212 Class, each qualified claimant will receive a pro rata share of the settlement distribution. If the number of qualified claimants does not result in an aggregate payout of at least $100,300 (or 20% of the allocated amount), the individual payment to each qualified claimant will be increased on a pro rata basis to make the settlement distribution to the Labor Code Section 212 Class meet a minimum payout of $100,300.

Class Member Tax Matters.  The settlement payments to the Labor Code Section 2699 Class members are in the nature of a statutory penalty, as provided for in Labor Code section 2699(i).  It is the intent of the parties that the Labor Code Section 212 Class payments are in the nature of restitution to Labor Code Section 212 Class members who spent money out-of-pocket to cash their paychecks. Nothing contained in this Notice or in the Settlement Stipulation is intended to be or should be interpreted as providing tax advice.  The tax issues for each Class Member are unique, and each Class Member should consult with their tax advisors concerning the tax consequences of any payment they receive.

**2. Release by Settlement Class Members.**

**The Settlement provides that all of the paycheck related claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out.  The Settlement also provides that each Settlement Class Member who does not opt out fully releases and discharges Pilot Travel Centers LLC and any parent, subsidiary, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related all claims based upon deficiencies in the instrument used to pay the wages of Defendant's California employees and claims that Defendant improperly charged its employees check cashing fees, including all claims for violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, as well as Business & Professions Code section 17200 et seq. as it relates to violations of Labor Code sections 212 and 221, all for the period April 23, 2003 through March 12, 2007.  With regard to these released claims, Settlement Class members waive reliance on California Civil Code section 1542, which states:  A general release does not extend to claims which the creditor does not know about or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must**

have materially affected his or her settlement with the debtor.

**THIS RELEASE IS NOT INTENDED TO AND DOES NOT AFFECT THE RIGHT OF ANY SETTLEMENT CLASS MEMBER (EXCEPT THE REPRESENTATIVE PLAINTIFF) TO PARTICIPATE IN ANY OTHER CLASS ACTION OR INDIVIDUAL ACTION AGAINST DEFENDANT THAT INVOLVES ANY ISSUE UNRELATED TO LABOR CODE SECTIONS 212, 221 AND 225.5.**

**3. Conditions of the Settlement.**

This Settlement is conditioned upon the Court entering an Order at or following the Final Fairness Hearing approving the Settlement as fair, reasonable, and adequate and in the best interests of the Class and a judgment that becomes effective and final.

## E. FAIRNESS HEARING ON PROPOSED SETTLEMENT

You are not required to attend the Final Fairness Hearing or file an objection, although you may do both.  The Final Fairness Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, costs of administration, the enhancement award to Plaintiff, the settlement of Plaintiff's individual claims, and Class Counsel's request for attorneys' fees and costs will be held on _____, 2008, at ____ _.m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102.  The Final Fairness Hearing may be continued to another date without further notice.  If you plan to attend the Final Fairness Hearing, you may contact Class Counsel to confirm the date and time.

Any Settlement Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived any objections or to speak at the Fairness Hearing, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the plan of distribution, the payment of attorneys' fees and costs, the claims process, the enhancement payment to individual Plaintiff Ford, the settlement of Plaintiff Ford's individual claims, or any other aspect of the Settlement.  If the Settlement is not approved, the Litigation will continue to be prepared for class certification, trial or other judicial resolution.

## F. ADDITIONAL INFORMATION

**This Notice only summarizes the lawsuit, the Settlement and related matters.  For more information, you may inspect the Court files at the Office of the Clerk, 450 Golden Gate Avenue, San Francisco, California 94102 from 9:00 a.m. to 1:00 p.m., Monday through Friday.  Any questions regarding this Notice or lawsuit may be directed to the Claims Administrator at the above address and telephone number.  Alternatively, you may contact your own attorney, at your own expense, to advise you, or you may contact Class Counsel at the addresses, e-mail addresses and telephone numbers set forth above.  If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Claims Administrator.**

**PLEASE <u>DO NOT</u> CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

**IT IS SO ORDERED.**

DATED: _____, 2008                                     The Honorable Thelton E. Henderson
                                                          UNITED STATES DISTRICT COURT JUDGE

5

**EXHIBIT B**

## CLAIM FORM

*Ford v. Pilot Travel Centers LLC*                    [Claimant Name]
*USDC – Northern District Case No. C07-02715 TEH*       [Address]

**THIS COMPLETED CLAIM FORM MUST BE RETURNED BY U.S. MAIL, POSTAGE PREPAID AND POSTMARKED ON OR BEFORE _____, ADDRESSED TO ROSENTHAL & CO. [ADDRESS].**

PLEASE ANSWER THE FOLLOWING:  **(NOTE:  THESE QUESTIONS REFER TO AN ACTUAL PAYCHECK.  YOUR ANSWER SHOULD NOT INCLUDE PAY YOU RECEIVED THROUGH DIRECT DEPOSIT.)**

1.  I was employed by PILOT TRAVEL CENTERS LLC in California and received a live payroll check during one or more pay periods between April 23, 2006 and March 12, 2007.  ___Yes ___No  (This question relates to eligibility to participate in the Labor Code Section 2699 Class settlement.)

2.  Between April 23, 2003 and March 12, 2007, I paid a fee to cash my PILOT TRAVEL CENTERS LLC payroll check [select the number of times you paid this fee]: ___ never; ____ one time; ____ two times; ____ three times; ____ four times; ____ five times; ____ six times; ____ seven times; ____ eight times; ____ nine times; ____ ten times; ___ eleven times; ____ twelve times; ____ thirteen times; ____ fourteen times; ____ fifteen times; ____ sixteen times; ____ seventeen times  or more.  (This question relates to eligibility to participate in the Labor Code Section 212 Class settlement.)

I have read the Notice of Proposed Class Action Settlement that I received with this Claim Form.  I understand and agree to be bound by the terms of the Settlement and the Release of Claims that is part of the Settlement, and I do so knowingly and of my own free will.  I have not assigned to anyone any claim that I am releasing in the Settlement.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

XXX-XX-_____       _____  _____
Social Security No.                  Sign your name here                        Date
(Last four digits **ONLY**)

_____
                   Print Name

(____)  _____    (____)  _____
Area        Home Telephone No.           Area        Work Telephone No.
Code                                     Code

Other Names While Employed by Pilot Travel Centers (if any):

_____

Name/Address Changes (if any):

_____
_____
_____

If you move, provide your CHANGE OF ADDRESS to Rosenthal & Co. [Address and Phone Number].

**EXHIBIT C**

*Cheryl Ford v. Pilot Travel Centers LLC*
Case No. C07-02715 TEH in the United States District Court for the Northern District of California

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**AND FINAL FAIRNESS AND APPROVAL HEARING**

**TO:    ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2003 AND MARCH 12, 2007 PAID A FEE TO CASH ONE OR MORE PILOT PAYCHECKS;**

**AND**

**ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2006 AND MARCH 12, 2007 RECEIVED FROM ONE OR MORE PAYCHECKS FROM PILOT.**

**NOTE: THE ABOVE CLASSES DO NOT APPLY TO ANY PAY RECEIVED THROUGH DIRECT DEPOSIT.**

**YOU MAY BE ENTITLED TO BENEFITS AND YOUR RIGHTS MAY BE AFFECTED BY THIS PROPOSED CLASS ACTION SETTLEMENT AND BY THE FOLLOWING IMPORTANT DATES:**

> [_____]:  **Deadline to object or to opt out of the Settlement**
> [_____]:  **Deadline to submit a Claim Form**
> [_____]:  **Final Fairness Hearing**

A proposed class action settlement has been reached on the Plaintiff's claims that Defendant allegedly failed to provide payroll checks to California employees of Pilot Travel Centers LLC ("Pilot") that complied with requirements that they be negotiable by employees without paying a fee and also charged its California employees a fee to cash their paychecks at Defendant's retail locations if that is where the employee chose to cash their paycheck using Pilot's check cashing service offered to all customers. Defendant denies that it violated any law. The proposed settlement compromises the parties' dispute regarding Pilot's paychecks and the issue of check cashing fees.

**Labor Code Section 212 Class**:  The parties reached a proposed settlement under which Defendant will pay between $10.00 and $170.00 (up to a total of $501,500) to each of its California employees who paid check cashing fees to Defendant or third-parties to cash Pilot payroll checks **between April 23, 2003 and March 12, 2007** and who timely submit a signed and valid Claim Form to the Claims Administrator certifying, under penalty of perjury, that they paid one or more such check cashing fees during the settlement period.

**Labor Code Section 2699 Class**:  The proposed agreement also provides that Defendant will pay the State of California $99,375 and another $33,125 to be divided amongst its California employees who received a payroll check from Pilot at any time **between April 23, 2006 and March 12, 2007** and who timely submit a signed and valid Claim Form to the Claims Administrator certifying, under penalty of perjury, that they received one or more such checks during the settlement period.

**NOTE: A person may be a member of both settlement classes.**

**You may <u>exclude</u> yourself from the settlement** by sending your name and address and a written statement to the effect: "I want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated _____, 2008. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the settlement" to the **Claims Administrator**: Pilot Travel Centers LLC Payroll Check Settlement, c/o Rosenthal & Co., _____ via postage pre-paid U.S. Mail and postmarked **no later than [_____]**. By making this exclusion you will not participate in this Settlement,

but you may pursue your own claim at your own cost.  If you remain a member of the class(es), you will be bound by this Settlement if finally approved, whether or not you submit a Claim Form.

**A Claim Form** is enclosed with this notice.  If you paid a fee to cash a payroll check from Pilot during the period April 23, 2003 and March 12, 2007 **and/or** received a payroll check from Pilot between April 23, 2006 and March 12, 2007, you may receive a settlement payment by submitting a fully completed Claim Form, signed under penalty of perjury, to the **Claims Administrator**:  Pilot Travel Centers LLC Payroll Check Settlement, c/o Rosenthal & Co., _____ via postage pre-paid U.S. Mail and postmarked **no later than** [_____.]  All claims are subject to, and will not be paid before, the date final Court approval of the Settlement becomes effective.

**The Settlement provides that all of the claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out.  The Settlement also provides that each Settlement Class Member who does not opt out fully releases and discharges Pilot Travel Centers LLC and any parent, subsidiary, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related all claims based upon deficiencies in the instrument used to pay the wages of Defendant's California employees, including all claims for violations of Labor Code sections 212, 221, and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, as well as Business & Professions Code section 17200 et seq. as it relates to violations of Labor Code sections 212 and 221, all for the period April 23, 2003 through March 12, 2007.  With regard to these released claims, Settlement Class members waive reliance on California Civil Code section 1542, which states:  A general release does not extend to claims which the creditor does not know about or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**THIS RELEASE IS NOT INTENDED TO AND DOES NOT AFFECT THE RIGHT OF ANY SETTLEMENT CLASS MEMBER (EXCEPT THE REPRESENTATIVE PLAINTIFF) TO PARTICIPATE IN ANY OTHER CLASS ACTION OR INDIVIDUAL ACTION AGAINST DEFENDANT THAT INVOLVES ANY ISSUE UNRELATED TO LABOR CODE SECTIONS 212, 221 AND 225.5.**

**Objections** and **Final Fairness Hearing.**  A hearing on final approval of this settlement is scheduled for [_____] at _____ _.m. in Courtroom 12 (19th Floor) of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA  94102.  You do not need to attend, but **any objections to the settlement must be in writing and filed with the Court no later than** [_____] with a copy of the same sent to **Class Counsel** at:  Pilot Travel Centers LLC Payroll Class Settlement, c/o Keller Grover LLP, 425 Second Street, Suite 500, San Francisco, CA 94107 and to Defendant's counsel c/o Jody A. Landry, Littler Mendelson, P.C., 501 W. Broadway, Suite 900, San Diego, CA 92101.  In order to challenge the settlement or be heard at the Final Fairness Hearing, you must timely file an objection and comply with the requirements of the complete Long-Form Class Action Notice (this is only a summary).

**FOR MORE DETAILED INFORMATION you may request a Long-Form Class Action Notice.  If you want this form** , please contact the **Claims Administrator**: Pilot Travel Centers Payroll Check Settlement, c/o Rosenthal & Co., _____; phone no. _____.  **A copy of the Long-Form Class Action Notice will be sent promptly upon request.**

## PLEASE <u>DO NOT</u> CONTACT THE COURT FOR INFORMATION.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## [CLAIM FORM HERE]

Exhibit 2

1  ERIC A. GROVER (SBN 136080)
   JADE BUTMAN (SBN 235920)
2  **KELLER GROVER LLP**
   425 Second Street, Suite 500
3  San Francisco, California 94107
   Tel. (415) 543-1305
4  Fax (415) 543-7681

5
   Mark R. Thierman, Esq. (SBN 72913)
6  **THIERMAN LAW FIRM**
   7287 Lakeside Drive
7  Reno, Nevada 89511
   Tel: (775) 284-1500
8

9  Scott A. Miller, Esq. (SBN 230322)
   **LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
10 16133 Ventura Blvd. Suite 1200
   Encino, California 91436
11 Tel. (818) 788-8081

12
   Steven L. Miller, Esq. (SBN 106023)
13 **LAW OFFICE OF STEVEN L. MILLER,**
   **A PROFESSIONAL CORPORATION**
14 16133 Ventura Blvd. Suite 1200
   Encino, California 91436
15 Tel. (818) 986-8900
16 Attorneys for Plaintiff

17           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

18             **IN AND FOR THE COUNTY OF ALAMEDA**

19 | CHERYL FORD, on behalf of herself, the | ) | Case No.: **RG07322125** |
   general public, and as an "aggrieved | )
20 employee" under the California Labor Code | ) | CLASS ACTION
   Private Attorneys General Act, | )
21 | ) | **PLAINTIFF'S COMPLAINT FOR**
22         Plaintiff, | ) | **CHECKS ISSUED WITHOUT**
   | ) | **AN IN-STATE BANK FOR**
23 v. | ) | **PRESENTATION AT NO COST**
   | )
24 PILOT TRAVEL CENTERS LLC. and | ) | CAL. BUS. & PROF. CODE § 17200 and
25 DOES 1 through 10 inclusive, | ) | CAL. LAB. CODE §§ 203, 212, 221,
   | ) | 2699 and 2699.3
26 Defendants. | )
   | )
27 | ) | **DEMAND FOR JURY TRIAL**
28

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR
PRESENTATION AT NO COST

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**APR 2 3 2007**

CLERK OF THE SUPERIOR COURT
By

1    Comes now Plaintiff Cheryl Ford ("Plaintiff") on behalf of herself, all others

2   similarly situated, the general public, and all aggrieved employees, and alleges as

3   follows:

### JURISDICTION AND VENUE

5    1.    This Court has jurisdiction over the claims alleged herein pursuant to

6   California Business & Professions Code §§ 17200, *et seq.* and California Labor Code

7   §§ 212, 2699 and 2699.3.  In particular, Plaintiff has complied with all requirements

8   set forth in Labor Code § 2699.3 necessary to commence a civil action.

9    2.    Venue is proper in this Court because California Code of Civil Procedure

10  §§ 395 and 395.5, and case law interpreting those sections, provides that if a foreign

11  corporation fails to designate with the office of the California Secretary of State a

12  principal place of business in California, it is subject to being sued in any county in the

13  state that plaintiff desires.  On information and belief, Defendant, a foreign business

14  entity, has failed to designate a principal place of business with the office of the

15  Secretary of State.

### PARTIES AND BACKGROUND

17   3.    Defendant Pilot Travel Centers LLC ("Pilot Travel") is a Delaware LLC

18  headquartered in Knoxville, Tennessee and doing business at various locations

19  throughout the State of California.

20   4.    Plaintiff Cheryl Ford ("Plaintiff") is a California resident and former

21  employee of Pilot Travel.  Plaintiff, and all others similarly situated, are or were

22  employed by Pilot Travel in the State of California within the four years preceding the

23  filing of this Complaint, and received wages from Pilot Travel in the form of checks

24  issued by an out of state bank with no in state address for presentation, were given no

25  notification of any provision for negotiating such paychecks in California at no cost,

26  and/or incurred a fee to cash their paycheck and/or had a hold placed on their

27  paycheck, all in violation of Labor Code § 212.  In particular, Pilot Travel paychecks

28

1  are drawn on a bank that has no branches within the State of California and contains no

2  California address as to where the checks may be cashed.  Moreover, Pilot Travel

3  employees have not been provided with any separate information letting them know of

4  a location or locations within the State of California where their paycheck can be

5  cashed without a fee.  Moreover, Pilot Travel actually charges its own employees a fee

6  to cash their paychecks at Pilot Travel Centers, thereby violating both Labor Code

7  §§212 and 221.  On information and belief, numerous paychecks that violate Labor

8  Code § 212 have been issued by Pilot Travel to its California employees over the

9  preceding four years.  Attached hereto as Exhibit A is a true and correct copy of such a

10  paycheck.

11      5.      Plaintiff does not know the true names of Defendants Does 1 through 10,

12  inclusive and, therefore, sues them by those fictitious names.

13                      **CLASS ACTION ALLEGATIONS**

14      6.      Plaintiff brings this action on her own behalf, on behalf of a class of

15  persons similarly situated, the general public, and all aggrieved California employees

16  who received paychecks processed and/or issued by Pilot Travel.

17      7.      Plaintiff seeks to represent a class of all persons who are or were employed

18  in the State of California within the four years preceding the filing of this Complaint

19  and who received paychecks processed and/or issued by Pilot Travel in the form of

20  checks issued by an out of state bank with no in state address for presentation and who

21  were not notified of any provision for negotiating such paychecks in California at no

22  cost, and/or are or who were required to pay a fee to cash their paycheck, and/or who

23  had a hold placed on their paycheck, all of which is in violation of Labor Code § 212.

24  In particular, the paychecks processed and/or issued by Pilot Travel have only a bank

25  name and address located in Tennessee and contain no California address as to where

26  the checks may be cashed.  The Tennessee bank these paychecks were drawn on has no

27  branches within the State of California.  Moreover, Pilot Travel did not provide the

28

---

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR
PRESENTATION AT NO COST

3

recipients of these checks with any separate information letting them know of a location or locations within the State of California where these paychecks could be cashed without a fee. On information and belief, numerous paychecks that violate Labor Code § 212 have been issued by Pilot Travel to California employees over the preceding four years.

8.      Plaintiff also seeks to represent a sub-class of Pilot Travel's California employees who were charged a fee by Pilot Travel to cash their paychecks. By charging its employee's a fee to cash their paychecks, Pilot Travel has violated Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.*

9.      The class and the sub-class consist of at least 75 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

10.     There is a well-defined community of interest in the questions of law and fact affecting the members of the class and sub-class Plaintiff seeks to represent. The class and sub-class members' claims against Pilot Travel involve questions of common or general interest, in that their claims are based on Pilot Travel's implementation and utilization of a policy pursuant to which all members of the class received paychecks processed and issued by Pilot Travel drawn on an out of state bank with no in state address for presentation and no notification to class members of any provision for negotiating such paychecks in California at no cost, and/or class members have been required to pay a fee to Pilot Travel or some other entity to cash their paycheck and/or have had a hold placed on their paycheck, all in violation of Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.* These issues are such that proof of a statement of facts common to the members of the class will entitle each member of the class and sub-class to the relief requested in this Complaint.

11.    Plaintiff will fairly and adequately represent the interests of the class and sub-class members because the Plaintiff is a member of the class and sub-class and the claims of Plaintiff are typical of those in the class and sub-class.

12.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class and/or sub-class.

## FIRST CAUSE OF ACTION

### (Issuance of Out of State Paychecks in violation of California Labor Code § 212)

13.    Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

14.    California Labor Code § 212 states:

(a)  No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1)  Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, **unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument,** and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2)  Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b)  Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c)  Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without

---

discount, at any place of business of the drawee chosen by
the person entitled to enforce the instrument.

15.    In other words, the California Labor Code requires all employers to provide notice on each paycheck of a place within the State of California where the paycheck may be cashed on demand at no charge and without any waiting period.

16.    After providing Plaintiff and class members without out-of-state paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel compounded its wrongdoing by then charging employees a fee to cash their paychecks at Pilot Travel Centers.

17.    By issuing Plaintiff and the putative class members of the class (as described above) paychecks issued from an out-of-state bank with no branches in California and then charging Plaintiffs and members of the sub-class a fee to cash their paychecks, Defendant has violated the provisions of Labor Code § 212.

## SECOND CAUSE OF ACTION

### (Collecting a Check Cashing Fee in violation of California Labor Code § 221)

18.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

19.    After providing Plaintiff and class members without out-of-state paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel compounded its wrongdoing by then charging employees a fee to cash their paychecks at Pilot Travel Centers.

20.    By charging Plaintiff and members of the sub-class a fee to cash their paychecks, Defendant has violated the provisions of Labor Code § 221.

## THIRD CAUSE OF ACTION

### (Labor Code Private Attorneys General Act of 2004)

20.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

---

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR
PRESENTATION AT NO COST

6

21.    California Labor Code § 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

18.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

19.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Pilot Travel for violations of Labor Code § 212.

20.    By its actions as alleged herein, Pilot Travel has issued paychecks to California employees that have failed to comply with the requirements of Labor Code § 212.

21.    Plaintiff therefore brings this action on behalf of herself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing therefrom, have received a paycheck processed and/or issued by Pilot Travel that did not comply with Labor Code § 212.

22.    Therefore, Plaintiff, for herself and all members of the class, seeks the penalties provided by Labor Code § 2699 for violations of California Labor Code § 212.

23.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

## FIFTH CAUSE OF ACTION
### (California Business & Professions Code §§ 17200, *et seq.* – California Labor Code §§ 212, 221)

24.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

25.    At all times relevant herein, Defendant has violated the above cited provisions of Labor Code §§ 212 and 221.

26.    Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

27.    Plaintiff, on her behalf and on behalf all other similarly situated persons (*i.e.*, the members of the proposed class), seeks disgorgement of profits and restitution for all check cashing fees charged directly by Pilot Travel and any other out-of-pocket costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code § 212.

28.    Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and an order requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

29. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

## SIXTH CAUSE OF ACTION
### (California Labor Code § 203)

30.    Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

---

31.    Plaintiff was terminated in November 2006. Plaintiff did not receive her final check paying her for all accrued and unused vacation wages until on or about December 15, 2006.

32.    Defendant's late payment of vacation wages was in violation of Labor Code § 201 and entitles Plaintiff to waiting time penalties under Labor Code § 203.

33.    Should discovery disclose that Defendant engages in a pattern and practice of failing to comply with the requirements of Labor Code § 201 in the payment of final wages, Plaintiff will seek leave to amend this cause of action to seek a class wide remedy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth.

1.    For the civil penalties specified in Labor Code § 2699 for Plaintiff and each aggrieved member of the class for each violation of Labor Code § 212 during the course of the applicable statute of limitations prior to the filing of this Complaint until the date of compliance with the law.

2.    For disgorgement of profits and restitution of all fees charged directly by Pilot Travel and/or costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code §§ 212 and 221 for the four-year period preceding the filing of the Complaint and continuing therefrom.

3.    For an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

4.    For all damages available for violations of Labor Code § 212.

5.    For all damages available for violations of Labor Code § 221.

6.     For all interest on any sums awarded as allowed by law.

7.     For all reasonable attorneys' fees provided for by any applicable statute, including Labor Code § 2699(g)(1) and Code of Civil Procedure § 1021.5.

8.     With respect to the Sixth Cause of Action, all relief available to Plaintiff individually under Labor Code § 203.

9.     For all costs of this suit allowed by law.

10.    For any other and further relief that the court deems just and proper.

Dated:   April 23, 2007            Respectfully submitted,

                            KELLER GROVER LLP

                            By: _____
                                   Eric A. Grover

                            Attorneys for Plaintiff
                            Cheryl Ford

1

**JURY TRIAL DEMAND**

2

Plaintiff demands a trial by jury on all claims and causes of action to

3

which she is entitled to a jury trial.

4

Dated: April 23, 2007                              KELLER GROVER LLP

5

6                                                          By: ꞒꞒ Grover

7                                                          Eric A. Grover

8                                                          Attorneys for Plaintiff
                                                           Cheryl Ford

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A



REDACTED