1  JODY A. LANDRY, Bar No. 125743
   LITTLER MENDELSON
2  A Professional Corporation
   501 W. Broadway, Suite 900
3  San Diego, CA 92101.3577
   Telephone:   619.232.0441
4  Facsimile:   619.232.4302
   email:       jlandry@littler.com
5
   MICHAEL E. BREWER, Bar No. 177912
6  LITTLER MENDELSON
   A Professional Corporation
7  1255 Treat Blvd., Suite 600
   Walnut Creek, CA 94597
8  Telephone:   (925) 932-2468
   Facsimile:   (925) 946-9809
9  email:       mbrewer@littler.com

10 Attorneys for Defendant
   PILOT TRAVEL CENTERS LLC
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14 CHERYL FORD, on behalf of herself, the        Case No. C07-02715 TEH
   general public, and as an "aggrieved
15 employee" under the California Labor           **Class Action [FRCP Rule 23]**
   Code Private Attorney General Act,
16                                                **NOTICE RE PRELIMINARY APPROVAL
                 Plaintiff,                       OF SETTLEMENT OF CLASS ACTION
17                                                PURSUANT TO THE CLASS ACTION
            v.                                    FAIRNESS ACT, 28 U.S.C. § 1715**
18
   PILOT TRAVEL CENTERS LLC and
19 DOES 1-10, inclusive,

20              Defendant.

21

22 TO THE OFFICE OF THE ATTORNEY GENERAL FOR THE UNITED STATES AND TO THE

23 OFFICE OF THE ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA:

24       PURSUANT TO THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. § 1715 ("CAFA"),

25 NOTICE is hereby given to the Attorney General for the United States and to the Attorney General

26 of the State of California that on March 31, 2008, Plaintiff CHERYL FORD moved for an order (1)

27 conditionally certifying the settlement classes, (2) preliminarily approving the class action settlement

28 reached between the parties, (3) approving the notice of class action settlement, and (4) setting the

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA 94598 3565
925 932 2468

***
(CASE NO. C07-02715 TEH)
FIRMWIDE:84943127.1 043135.1043

NOTICE OF PRELIMINARY APPROVAL OF
SETTLEMENT

1  final approval hearing.  The hearing was set for May 12, 2008.  Please take further notice that on

2  April 15, 2008, the United States District Court vacated the hearing and granted preliminary

3  approval of the settlement.  A true and correct copy of that order is attached hereto as Exhibit 1.

4  　　　　PLEASE TAKE FURTHER NOTICE that the following documents and relevant pleadings

5  were filed and/or lodged with the Court in the above-referenced action:

6  　　　　　　1.　　Complaint filed by Plaintiff Cheryl Ford on April 23, 2007, in the Superior

7  Court for the County of Alameda, a true and correct copy of which is attached hereto as Exhibit 2.

8  　　　　　　2.　　Notice of Proposed Class Action Settlement to be sent to the class as well as

9  the Claim Form, a true and correct copy of which is attached hereto as Exhibit 3.

10  　　　　　　3.　　Joint Stipulation Of Settlement And Release Between Plaintiff And Defendant

11  ("Joint Stipulation"), a true and correct copy of which is attached hereto as Exhibit 4.  This

12  document memorializes the parties' proposed class action settlement.  There are no other settlement

13  agreements pertaining to this case.

14  　　　　PLEASE TAKE FURTHER NOTICE that: (1) currently, Defendant does not have a final list

15  of the Settlement Class and thus providing the class list along with this Notice is not feasible, but

16  Defendant states that the Settlement Class is comprised exclusively of present and former employees

17  who were employed by Defendant in the State of California; (2) a reasonable estimate of the number

18  of members of the Settlement Class is approximately 2,880; and (3) approximately 90-100% of the

19  members of the Settlement Class should continue to reside in the State of California and are eligible

20  to participate in the settlement subject to the terms of the Joint Stipulation.

21  Dated: April 22, 2008                          Respectfully submitted,

22

23                                                              JODY A. LANDRY

24                                                              LITTLER MENDELSON
                                                                Attorneys for Defendant
25                                                              PILOT TRAVEL CENTERS LLC

26

27

28

LITTLER MENDELSON
A Professional Corporation
2175 North California Blvd
Suite 835
Walnut Creek, CA  94596 3565
925 932 2468

***
(CASE NO. C07-02715 TEH)          2.          NOTICE OF PRELIMINARY APPROVAL OF
FIRMWIDE:84943127.1 043135.1043               SETTLEMENT

EXHIBIT 1

United States District Court
For the Northern District of California

1

2

3

4          IN THE UNITED STATES DISTRICT COURT

5

6      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9    CHERYL FORD, et al.,

                    Plaintiff,                    NO. C 07-2715 TEH
10
                                                 ORDER VACATING
11            v.                                 HEARING DATE,
                                                 GRANTING PRELIMINARY
12   PILOT TRAVEL CENTERS LLC, et                APPROVAL OF CLASS
     al.,                                        ACTION SETTLEMENT,
13                                               AND SETTING FINAL
                    Defendants.                  APPROVAL HEARING
14

15

16          Plaintiff Cheryl Ford ("Plaintiff") filed an unopposed motion for an order

17   preliminarily approving a class action settlement between Plaintiff and Defendant Pilot

18   Travel Centers LLC (collectively the "Parties") and setting a final approval hearing.

19   Plaintiff set the motion for hearing on May 12, 2008.  The Court has considered the Joint

20   Stipulation of Settlement and Release Between Plaintiff and Defendant ("Settlement

21   Stipulation"), Notice of Proposed Class Action Settlement and Final Fairness and Approval

22   Hearing ("Class Notice"), the proposed Claim Form, and the proposed longer form notice

23   (Exhibits C, B, and A, respectively,[1] to the Settlement Stipulation), the written submissions

24   of counsel, and oral argument. Hearing on the preliminary approval motion is hereby

25   VACATED.  Good cause appearing therefore, the Court hereby finds and orders as follows:

26
     ─────────────────
27      [1]  The Court believes that the Parties intended the four-page Exhibit A to be the long-form
     notice, and the two-page Exhibit C, which informs class members that they can request a long-form
28   notice, to be the short-form notice.  If this is incorrect, the Parties should submit a corrective
     stipulation to the Court.

**United States District Court**
For the Northern District of California

1.    All defined terms contained herein shall have the same meaning as set forth in the Settlement Stipulation executed by the Parties and filed with this Court.

2.    The Court finds on a preliminary basis that the proposed settlement memorialized in the Settlement Stipulation is within the range of reasonableness and hereby grants preliminary approval of the settlement.

3.    The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose, the proposed Labor Code Section 212-related Settlement Classes (collectively the "Class") meet the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiff Cheryl Ford are typical of the claims of the members of the proposed Class; (d) Plaintiff Cheryl Ford and her counsel will fairly and adequately protect the interests of the Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

4.    The Court hereby appoints, for settlement purposes only, Cheryl Ford as Class Representative and the law firms of Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation, as Class Counsel.

5.    The Court hereby appoints Rosenthal & Co. as the Claims Administrator.

6.    The Parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of settlement and the options facing the Class, including whether to make a claim under the settlement, request exclusion from the settlement, or object to the settlement. The notice plan proposed by the Parties in the Settlement Stipulation is the best practical notice under the circumstances. The Class Notice, the proposed Claim Form and the longer form notice, attached to the Settlement Stipulation as Exhibits C, B and A respectively, are hereby approved.

7.    Not later than thirty (30) days after the Court's entry of an Order of

2

**United States District Court**

For the Northern District of California

1  Preliminary Approval, Defendant shall provide the Claims Administrator with the

2  information necessary to conduct the mailing of the Class Notice and the Claim Form

3  (the "Notice Packet"), as set forth in the Settlement Stipulation ¶ 15. The Claims

4  Administrator must mail the Notice Packet to Class Members not later than forty-five

5  (45) days after the Court's entry of this Order granting preliminary approval and pursuant

6  to the applicable provisions in the Settlement Stipulation.

7      8.      Any written objection or request for exclusion to the settlement must be

8  postmarked *no later than sixty (60)* days after the date on which the Notice Packets

9  are mailed. Any completed Claim Form must be postmarked *not later than sixty (60)* days

10  from the date on which the Notice Packets are mailed.

11      9.      Class Members are hereby enjoined from filing, initiating, or continuing to

12  prosecute any actions, claims, complaints, or proceedings in Court, with the California

13  Department of Labor Standards Enforcement ("DLSE"), with the California Labor and

14  Workforce Development Agency ("LWDA"), or with any other entity regarding any

15  Labor-Code section 212-related claim, whether predicated upon Labor Code section 212

16  or any other statute, regulation, or legal theory. This injunction will remain in effect until

17  Final Approval by the Court contingent upon the settlement not being terminated for any

18  of the reasons set forth in the Parties' Settlement Stipulation.

19      10.      Because the case is before this Court under the Class Action Fairness Act,

20  the Parties are required to notify "appropriate Federal and State officials" of the

21  settlement. 28 U.S.C. § 1715. If such notifications have not been made at the time of this

22  Order, the Parties must do so immediately and file proof of such notification with the

23  Court within five (5) court days of the date of this Order.

24      11.      The Court will conduct a Final Approval Hearing on September 22,

25  2008 at 10:00 a.m. to determine the overall fairness of the Settlement and to fix the

26  amount of attorneys' fees and costs to Class Counsel and enhancement to and individual

27  settlement with the Class Representative. Plaintiff shall file her motion for final approval

28  of the settlement, and Class Counsel shall file their motion for attorneys' fees, costs, and

3

1   Class Representative enhancement and individual settlement at least thirty five (35) days

2   before the Final Approval Hearing.

3

4   **IT IS SO ORDERED.**

5

6   Dated: April 15, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

United States District Court
For the Northern District of California

4

EXHIBIT 2

ERIC A. GROVER (SBN 136080)
JADE BUTMAN (SBN 235920)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel. (415) 543-1305
Fax (415) 543-7681

Mark R. Thierman, Esq. (SBN 72913)
**THIERMAN LAW FIRM**
7287 Lakeside Drive
Reno, Nevada 89511
Tel: (775) 284-1500

Scott A. Miller, Esq. (SBN 230322)
**LAW OFFICES OF SCOTT A. MILLER, A.P.C.**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 788-8081

Steven L. Miller, Esq. (SBN 106023)
**LAW OFFICE OF STEVEN L. MILLER,**
**A PROFESSIONAL CORPORATION**
16133 Ventura Blvd. Suite 1200
Encino, California 91436
Tel. (818) 986-8900
Attorneys for Plaintiff

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**APR 2 3 2007**

CLERK OF THE SUPERIOR COURT
By _____

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, | Case No.: **RG07322125** |
| | CLASS ACTION |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST** |
| v. | |
| PILOT TRAVEL CENTERS LLC. and DOES 1 through 10 inclusive, | Cal. Bus. & Prof. Code § 17200 and Cal. Lab. Code §§ 203, 212, 221, 2699 and 2699.3 |
| Defendants. | **DEMAND FOR JURY TRIAL** |

1     Comes now Plaintiff Cheryl Ford ("Plaintiff") on behalf of herself, all others

2 similarly situated, the general public, and all aggrieved employees, and alleges as

3 follows:

4                              **JURISDICTION AND VENUE**

5     1.     This Court has jurisdiction over the claims alleged herein pursuant to

6 California Business & Professions Code §§ 17200, *et seq.* and California Labor Code

7 §§ 212, 2699 and 2699.3. In particular, Plaintiff has complied with all requirements

8 set forth in Labor Code § 2699.3 necessary to commence a civil action.

9     2.     Venue is proper in this Court because California Code of Civil Procedure

10 §§ 395 and 395.5, and case law interpreting those sections, provides that if a foreign

11 corporation fails to designate with the office of the California Secretary of State a

12 principal place of business in California, it is subject to being sued in any county in the

13 state that plaintiff desires. On information and belief, Defendant, a foreign business

14 entity, has failed to designate a principal place of business with the office of the

15 Secretary of State.

16                              **PARTIES AND BACKGROUND**

17     3.     Defendant Pilot Travel Centers LLC ("Pilot Travel") is a Delaware LLC

18 headquartered in Knoxville, Tennessee and doing business at various locations

19 throughout the State of California.

20     4.     Plaintiff Cheryl Ford ("Plaintiff") is a California resident and former

21 employee of Pilot Travel. Plaintiff, and all others similarly situated, are or were

22 employed by Pilot Travel in the State of California within the four years preceding the

23 filing of this Complaint, and received wages from Pilot Travel in the form of checks

24 issued by an out of state bank with no in state address for presentation, were given no

25 notification of any provision for negotiating such paychecks in California at no cost,

26 and/or incurred a fee to cash their paycheck and/or had a hold placed on their

27 paycheck, all in violation of Labor Code § 212. In particular, Pilot Travel paychecks

28

are drawn on a bank that has no branches within the State of California and contains no California address as to where the checks may be cashed.  Moreover, Pilot Travel employees have not been provided with any separate information letting them know of a location or locations within the State of California where their paycheck can be cashed without a fee.  Moreover, Pilot Travel actually charges its own employees a fee to cash their paychecks at Pilot Travel Centers, thereby violating both Labor Code §§212 and 221.  On information and belief, numerous paychecks that violate Labor Code § 212 have been issued by Pilot Travel to its California employees over the preceding four years.  Attached hereto as Exhibit A is a true and correct copy of such a paycheck.

5.    Plaintiff does not know the true names of Defendants Does 1 through 10, inclusive and, therefore, sues them by those fictitious names.

## CLASS ACTION ALLEGATIONS

6.    Plaintiff brings this action on her own behalf, on behalf of a class of persons similarly situated, the general public, and all aggrieved California employees who received paychecks processed and/or issued by Pilot Travel.

7.    Plaintiff seeks to represent a class of all persons who are or were employed in the State of California within the four years preceding the filing of this Complaint and who received paychecks processed and/or issued by Pilot Travel in the form of checks issued by an out of state bank with no in state address for presentation and who were not notified of any provision for negotiating such paychecks in California at no cost, and/or are or who were required to pay a fee to cash their paycheck, and/or who had a hold placed on their paycheck, all of which is in violation of Labor Code § 212. In particular, the paychecks processed and/or issued by Pilot Travel have only a bank name and address located in Tennessee and contain no California address as to where the checks may be cashed.  The Tennessee bank these paychecks were drawn on has no branches within the State of California.  Moreover, Pilot Travel did not provide the

recipients of these checks with any separate information letting them know of a location or locations within the State of California where these paychecks could be cashed without a fee. On information and belief, numerous paychecks that violate Labor Code § 212 have been issued by Pilot Travel to California employees over the preceding four years.

8.      Plaintiff also seeks to represent a sub-class of Pilot Travel's California employees who were charged a fee by Pilot Travel to cash their paychecks. By charging its employee's a fee to cash their paychecks, Pilot Travel has violated Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.*

9.      The class and the sub-class consist of at least 75 employees, and likely more, which is so numerous that the joinder of each member of the class is impracticable.

10.     There is a well-defined community of interest in the questions of law and fact affecting the members of the class and sub-class Plaintiff seeks to represent. The class and sub-class members' claims against Pilot Travel involve questions of common or general interest, in that their claims are based on Pilot Travel's implementation and utilization of a policy pursuant to which all members of the class received paychecks processed and issued by Pilot Travel drawn on an out of state bank with no in state address for presentation and no notification to class members of any provision for negotiating such paychecks in California at no cost, and/or class members have been required to pay a fee to Pilot Travel or some other entity to cash their paycheck and/or have had a hold placed on their paycheck, all in violation of Labor Code §§ 212 and 221 and Business & Professions Code §§ 17200, *et seq.* These issues are such that proof of a statement of facts common to the members of the class will entitle each member of the class and sub-class to the relief requested in this Complaint.

11.    Plaintiff will fairly and adequately represent the interests of the class and sub-class members because the Plaintiff is a member of the class and sub-class and the claims of Plaintiff are typical of those in the class and sub-class.

12.    Plaintiff requests permission to amend the complaint to include additional class representatives if Plaintiff is deemed not to be an adequate representative of the class and/or sub-class.

## FIRST CAUSE OF ACTION

**(Issuance of Out of State Paychecks in violation of California Labor Code § 212)**

13.    Plaintiff hereby incorporates each and every allegation contained above, and realleges said allegations as if fully set forth herein.

14.    California Labor Code § 212 states:

(a)  No person, or agent or officer thereof, shall issue in payment of wages due, or to become due, or as an advance on wages to be earned:

(1)  Any order, check, draft, note, memorandum, or other acknowledgment of indebtedness, **unless it is negotiable and payable in cash, on demand, without discount, at some established place of business in the state, the name and address of which must appear on the instrument,** and at the time of its issuance and for a reasonable time thereafter, which must be at least 30 days, the maker or drawer has sufficient funds in, or credit, arrangement, or understanding with the drawee for its payment.

(2)   Any scrip, coupon, cards, or other thing redeemable, in merchandise or purporting to be payable or redeemable otherwise than in money.

(b)  Where an instrument mentioned in subdivision (a) is protested or dishonored, the notice or memorandum of protest or dishonor is admissible as proof of presentation, nonpayment and protest and is presumptive evidence of knowledge of insufficiency of funds or credit with the drawee.

(c)  Notwithstanding paragraph (1) of subdivision (a), if the drawee is a bank, the bank's address need not appear on the instrument and, in that case, the instrument shall be negotiable and payable in cash, on demand, without

1     discount, at any place of business of the drawee chosen by
      the person entitled to enforce the instrument.
2

3     15.      In other words, the California Labor Code requires all employers to

4   provide notice on each paycheck of a place within the State of California where the

5   paycheck may be cashed on demand at no charge and without any waiting period.

6     16.      After providing Plaintiff and class members without out-of-state

7   paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel

8   compounded its wrongdoing by then charging employees a fee to cash their paychecks

9   at Pilot Travel Centers.

10    17.      By issuing Plaintiff and the putative class members of the class (as

11  described above) paychecks issued from an out-of-state bank with no branches in

12  California and then charging Plaintiffs and members of the sub-class a fee to cash their

13  paychecks, Defendant has violated the provisions of Labor Code § 212.

14                          **SECOND CAUSE OF ACTION**

15        **(Collecting a Check Cashing Fee in violation of California Labor Code § 221)**

16    18.      Plaintiff herein repeats and realleges each and every paragraph above as

17  though fully set forth herein.

18    19.      After providing Plaintiff and class members without out-of-state

19  paychecks that failed to meet the requirements of Labor Code § 212, Pilot Travel

20  compounded its wrongdoing by then charging employees a fee to cash their paychecks

21  at Pilot Travel Centers.

22    20.      By charging Plaintiff and members of the sub-class a fee to cash their

23  paychecks, Defendant has violated the provisions of Labor Code § 221.

24                          **THIRD CAUSE OF ACTION**

25           **(Labor Code Private Attorneys General Act of 2004)**

26    20.      Plaintiff herein repeats and realleges each and every paragraph above as

27  though fully set forth herein.

28

21.    California Labor Code § 2699(a), also known as the Labor Code Private Attorneys General Act of 2004, states:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

18.    Plaintiff is an "aggrieved employee" as that term is defined in the Labor Code Private Attorneys General Act of 2004 because he is a person who was employed by the alleged violator and against whom one or more of the alleged violations was committed.

19.    Plaintiff has met all of the requirements set forth in Labor Code § 2699.3 necessary to commence a civil action against Pilot Travel for violations of Labor Code § 212.

20.    By its actions as alleged herein, Pilot Travel has issued paychecks to California employees that have failed to comply with the requirements of Labor Code § 212.

21.    Plaintiff therefore brings this action on behalf of herself and all current and former employees within the State of California who, within the applicable statutory period preceding the filing of this Complaint, and continuing therefrom, have received a paycheck processed and/or issued by Pilot Travel that did not comply with Labor Code § 212.

22.    Therefore, Plaintiff, for herself and all members of the class, seeks the penalties provided by Labor Code § 2699 for violations of California Labor Code § 212.

23.    Plaintiff further seeks reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

---

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST

7

**FIFTH CAUSE OF ACTION**

**(California Business & Professions Code §§ 17200, *et seq.* – California Labor Code §§ 212, 221)**

24.     Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

25.     At all times relevant herein, Defendant has violated the above cited provisions of Labor Code §§ 212 and 221.

26.     Defendant's conduct described above in this Complaint constitutes an unfair and unlawful business practice in violation of the provisions of California Business & Professions Code §§ 17200, *et seq.*

27.     Plaintiff, on her behalf and on behalf all other similarly situated persons (*i.e.*, the members of the proposed class), seeks disgorgement of profits and restitution for all check cashing fees charged directly by Pilot Travel and any other out-of-pocket costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code § 212.

28.     Plaintiff further demands an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and an order requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

29. Plaintiff further seeks reasonable attorneys' fees and costs pursuant to Code of Civil Procedure § 1021.5.

**SIXTH CAUSE OF ACTION**

**(California Labor Code § 203)**

30.     Plaintiff herein repeats and realleges each and every paragraph above as though fully set forth herein.

31.    Plaintiff was terminated in November 2006. Plaintiff did not receive her final check paying her for all accrued and unused vacation wages until on or about December 15, 2006.

32.    Defendant's late payment of vacation wages was in violation of Labor Code § 201 and entitles Plaintiff to waiting time penalties under Labor Code § 203.

33.    Should discovery disclose that Defendant engages in a pattern and practice of failing to comply with the requirements of Labor Code § 201 in the payment of final wages, Plaintiff will seek leave to amend this cause of action to seek a class wide remedy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as hereinafter set forth.

1.    For the civil penalties specified in Labor Code § 2699 for Plaintiff and each aggrieved member of the class for each violation of Labor Code § 212 during the course of the applicable statute of limitations prior to the filing of this Complaint until the date of compliance with the law.

2.    For disgorgement of profits and restitution of all fees charged directly by Pilot Travel and/or costs incurred and/or losses caused by having to pay check cashing fees and/or bank holds placed on accounts because of Defendant's failure to comply with Labor Code §§ 212 and 221 for the four-year period preceding the filing of the Complaint and continuing therefrom.

3.    For an injunction against Defendant enjoining it from all future violations of Labor Code §§ 212 and 221 and requiring it to provide paychecks to its California employees that meet all of the requirements of Labor Code § 212.

4.    For all damages available for violations of Labor Code § 212.

5.    For all damages available for violations of Labor Code § 221.

---

PLAINTIFF'S COMPLAINT FOR CHECKS ISSUED WITHOUT AN IN-STATE BANK FOR PRESENTATION AT NO COST

9

6.    For all interest on any sums awarded as allowed by law.

7.    For all reasonable attorneys' fees provided for by any applicable statute, including Labor Code § 2699(g)(1) and Code of Civil Procedure § 1021.5.

8.    With respect to the Sixth Cause of Action, all relief available to Plaintiff individually under Labor Code § 203.

9.    For all costs of this suit allowed by law.

10.    For any other and further relief that the court deems just and proper.

Dated:    April 23, 2007                    Respectfully submitted,

                                            KELLER GROVER LLP

                                            By: _____
                                                Eric A. Grover

                                            Attorneys for Plaintiff
                                            Cheryl Ford

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and causes of action to which she is entitled to a jury trial.

Dated: April 23, 2007

KELLER GROVER LLP

By: _Eric A. Grover_

Eric A. Grover

Attorneys for Plaintiff
Cheryl Ford

EXHIBIT A



REDACTED

EXHIBIT 3

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

CHERYL FORD, et al.,
      Plaintiff,

v.

PILOT TRAVEL CENTERS LLC,
      Defendant.

Case No. C07-02715 TEH

CLASS ACTION

NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND FINAL FAIRNESS
AND APPROVAL HEARING

TO:    **ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LCC WHO BETWEEN APRIL 23, 2003 AND MARCH 12, 2007 PAID A FEE TO CASH ONE OR MORE PAYCHECKS ISSUED BY PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 212 CLASS");**

**AND**

**ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2006 AND MARCH 12, 2007 RECEIVED ONE OR MORE PAYCHECKS FROM PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 2699 CLASS").**

**NOTE: THE ABOVE CLASSES DO NOT APPLY TO ANY PAY RECEIVED THROUGH DIRECT DEPOSIT**

**PLEASE READ THIS NOTICE CAREFULLY.**
**YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT.**

Notice is hereby given that a proposed Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") of the class action lawsuit entitled <u>Cheryl Ford, et al. v. Pilot Travel Centers LLC</u> (the "Litigation") has been reached between Plaintiff and Defendant and has been granted preliminary approval by the United States District Court for the Northern District of California (the "Court").

The proposed Settlement will resolve all claims made against the Defendant (also referred to herein as "Pilot") and other Released Parties, as that term is defined in the Stipulation of Settlement, in connection with the above-captioned Litigation. A final hearing addressing the fairness, adequacy, and reasonableness of the Settlement will be held on_____, 2008 to determine whether the Litigation should finally be settled. If you are a member of either or both Settlement Classes, you must file a Claim Form by _____ to participate in the Settlement, the terms of which are set forth in detail in the Stipulation of Settlement filed with the Court. **If you fail to file a valid and timely Claim Form, you will receive nothing under the Settlement.**

### A. <u>PURPOSE OF THIS NOTICE</u>

The first Settlement Class is defined as all California employees of Pilot who between April 23, 2003 and March 12, 2007 paid a fee to Defendant or a third-party to cash one or more live paychecks issued by Pilot. This is called the "Labor Code Section 212 Class." The second Settlement Class is all California employees of Pilot who between April 23, 2006 and March 17, 2007 received one or more live paychecks from Pilot. This is called the "Labor Code Section 2699 Class." A person may be a member of both Settlement Classes.

The purpose of this Notice is to: a) provide a brief description of the Litigation; b) inform you of the proposed Settlement; and c) discuss your rights and options with respect to the Litigation and the Settlement.

### B. <u>DESCRIPTION OF THE LITIGATION</u>

California Labor Code section 212 sets forth certain duties and responsibilities of an employer in the State of California to, among other things, provide paychecks that can be cashed by employees without having to pay a check cashing fee. Labor

1

Code section 221 provides that an employer may not collect or receive any part of wages paid to an employee. Labor Code section 2699 provides for certain penalties for the violation of Labor Code section 212. Plaintiff contends that for the period June 8, 2003 through October 31, 2007, Defendant violated Labor Code sections 212 and 221, as well as California Business & Professions Code section 17200 et seq., by issuing paychecks drawn on an out-of-state bank and failing to make arrangements for its employees to cash their paychecks without incurring a check cashing fee and charging its employees to cash their paychecks at Defendant's retail locations if that is where the employee chose to cash their paycheck using Pilot's check cashing service offered to all customers.

Defendant denies all liability for such claims and has asserted a number of factual and legal defenses to Plaintiff's claims. Plaintiff and Defendant met with an experienced mediator and through him reached a compromise settlement.

The Court has made no ruling on the merits of Plaintiff's claims or Defendant's defenses. However, the Court has preliminarily approved the proposed Settlement. The Court will decide whether to give final approval to the Settlement at a hearing scheduled for _____, 2008, at _____ a.m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102.

**Attorneys for the Class ("Class Counsel") in the Litigation are:**

| | |
|---|---|
| **Keller Grover LLP** | **Steven L. Miller, Esq.** |
| **Eric A. Grover, Esq.** | **Scott A. Miller, Esq.** |
| **425 Second Street, Suite 500** | **16133 Ventura Blvd., Suite 1200** |
| **San Francisco, CA 94107** | **Encino, CA 91436** |
| **Telephone: (415) 543-1305** | **Telephone:  (888) 272-9529** |
| **Facsimile: (415) 543-7861** | **Facsimile:   (818) 788-8080** |
| eagrover@kellergrover.com | millaw@sbcglobal.net |

**Attorneys for Defendant ("Defense Counsel") in the Litigation are:**

**Littler Mendelson, P.C.**
**Jody A. Landry, Esq.**
**501 W. Broadway, Suite 900**
**San Diego, CA 92101**
**Telephone: (619) 232-0441**
**Facsimile: (619) 232-4302**

## C. YOUR OPTIONS

If you fit within the above description of one or both Settlement Classes, you have several options. Each option will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

1. You Can Remain a Member of the Class and Participate in the Settlement.

If you are a member of one or both Settlement Classes and want to participate in the Settlement (and you do not opt out of the settlement), you must complete and return a Claim Form to the Claims Administrator at the following address by First-Class U.S. mail postmarked no later than _____ to:

Pilot Travel Centers Payroll Check Settlement
c/o Rosenthal & Co.
[Address]
[Phone Number]
[Facsimile]

If you need another copy of the Claim Form, contact the Claims Administrator or Class Counsel. If any information on the Claim Form is incorrect, please state directly on the Claim Form what you believe is the correct information. Also, please provide your daytime telephone number and any other indicated information referred to on your Claim Form if it is not already included. If you want confirmation that your Claim Form has been received by the Claims

Administrator, you may send your Claim Form by certified U.S. mail with a return receipt request.

If you do not opt out of the Settlement, you will be bound by all the terms set forth in the Settlement, including a full release of claims that will prevent you from separately suing Defendant for the matters being settled in this Litigation. **Any Settlement Class Member who does not submit a timely and properly completed Claim Form will not receive a share of the Settlement and his or her claim will be barred.**

2. You Can Do Nothing.

If you are a member of one or both Settlement Classes and do nothing – that is, if you do not send a timely and properly completed Claim Form or opt out of the settlement – you will not be entitled to a share of the Settlement. **However, you will be bound by the terms of the Settlement, including the release of claims, even though you did not receive any money or benefits from the Settlement.** Therefore, if you do nothing, you will not have the right to pursue your own lawsuit related to claims released by the Settlement.

3. You Can Object to the Settlement.

If you are a member of either Settlement Class who does not opt out of the Settlement, you may object to the Settlement, personally or through an attorney, by filing your written objection with the Court and faxing or mailing a copy of your objection to Class Counsel and Defense Counsel at the above addresses. All objections must be signed and should contain your address, telephone number and a reference to the case. All objections must be filed with the Court and faxed or postmarked on or before _____, 2008. Your written objection should clearly explain why you object to the Settlement and must state whether you (or someone on your behalf) intend to appear at the Final Fairness Hearing. If you timely submit a written objection, you may appear, personally or through an attorney, at your own expense, at the Final Fairness Hearing to present your objection directly to the Court. If you object to the Settlement and if the Court approves the Settlement as set forth in the Stipulation of Settlement, you will be bound by the terms of the Settlement in the same way as a Class Member who does not object.

4. You Can Opt Out of the Class.

If you do not want to remain a member of the Settlement, you can request exclusion from the Settlement (i.e., opt out). You can opt out of the Class by mailing a written, signed request for exclusion to the Claims Administrator at the above-stated address, such that it is **postmarked** no later than _____, 2008. This request for exclusion must contain the following information: (a) your printed full name, (b) your full address, and (c) the following language: "I want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated _____. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the settlement." This request must be **signed** by you. If you opt out of the Settlement, you will no longer be a member of either Settlement Class, you will be barred from participating in this Settlement, and you will receive no benefit from this Settlement. By opting out of the Settlement Class, you will retain whatever rights or claims you may have, if any, against Defendant and the Released Parties, and you will be free to pursue them on an individual basis at your own cost, if you choose to do so.

## D. SUMMARY OF TERMS OF SETTLEMENT

The principal terms of the Settlement reached between Plaintiffs and Defendants are summarized in this Notice.

**1. Settlement Terms.**

The Settlement provides that (a) Pilot will stipulate to the certification of the two Settlement Classes for settlement purposes only, conditioned upon the Court granting final approval of the Settlement and entering judgment; (b) Pilot shall pay up to $925,000 (the "Settlement Amount") to resolve all Class claims, any enhancement award, Plaintiff's separate claims, costs of administration, and Class Counsel's attorneys' fees and costs, as described more fully below.

Administrative Costs. All administrative costs of settlement, including the cost of notice, claims administration, cost of the Claims Administrator, and any other costs of settlement, which are estimated not to exceed an aggregate of $35,000 shall be paid from the Settlement Amount.

3

<u>Attorneys' Fees and Costs.</u>  Class Counsel will apply to the Court for an attorneys' fee award of up to 25% of the Settlement Amount, plus their actual costs and expenses up to $10,000, all of which will be paid out of the Settlement Amount.

<u>Class Representative Enhancement Award and Settlement of Individual Claims:</u>  Plaintiff Cheryl Ford will request an Enhancement Award of up to $5,000, which will be paid out of the Settlement Amount.  Plaintiff Ford will also execute a general release of all claims, known or unknown, against Defendant.  In exchange for her general release of all possible claims against Defendant, Defendant has agreed to pay Plaintiff Ford $10,000, which will be paid out of the Settlement Amount.

<u>Plan of Distribution.</u>  After the deductions from the total Settlement Amount described above, the remaining Settlement Amount will be distributed as follows:

<u>The Labor Code Section 2699 Class Settlement and the State of California:</u>  A total of $132,500 has been allocated to settle the claims of the Labor Code Section 2699 Class.  Under the provisions of Labor Code section 2699(i), 75% of the amount allocated to settle the Labor Code Section 2699 claims must be paid to the State of California's Labor and Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers.  The remaining 25% will be paid directly to the members of the Labor Code Section 2699 Class.  Therefore, $99,375 will be paid to the LWDA and $33,125 will be distributed to Labor Code Section 2699 Class members who make timely and valid claims.  The payment to each individual qualified claimant will be calculated on a prorated basis based upon the claimant's number of pay periods during the settlement period.

<u>The Labor Code Section 212 Class Settlement:</u>  A total of $501,500 has been allocated to settle the claims of Labor Code Section 212 Class members who submit timely and valid claims.  It is extremely difficult or impossible to know how many or which employees actually incurred a fee for cashing a payroll check.  Based on an estimate of the number of timely and valid claims, it is anticipated that each Labor Code Section 212 Class qualified claimant will receive between $10.00 and $170.000, depending on the number of times they paid a fee to cash a paycheck.  If the number of qualified claimant's is such that payments based on that formula will exceed the sum allocated to settle the claims of the Labor Code Section 212 Class, each qualified claimant will receive a pro rata share of the settlement distribution.  If the number of qualified claimants does not result in an aggregate payout of at least $100,300 (or 20% of the allocated amount), the individual payment to each qualified claimant will be increased on a pro rata basis to make the settlement distribution to the Labor Code Section 212 Class meet a minimum payout of $100,300.

<u>Class Member Tax Matters.</u>  The settlement payments to the Labor Code Section 2699 Class members are in the nature of a statutory penalty, as provided for in Labor Code section 2699(i).  It is the intent of the parties that the Labor Code Section 212 Class payments are in the nature of restitution to Labor Code Section 212 Class members who spent money out-of-pocket to cash their paychecks.  Nothing contained in this Notice or in the Settlement Stipulation is intended to be or should be interpreted as providing tax advice.  The tax issues for each Class Member are unique, and each Class Member should consult with their tax advisors concerning the tax consequences of any payment they receive.

**2. Release by Settlement Class Members.**

**The Settlement provides that all of the paycheck related claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out.  The Settlement also provides that each Settlement Class Member who does not opt out fully releases and discharges Pilot Travel Centers LLC and any parent, subsidiary, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related all claims based upon deficiencies in the instrument used to pay the wages of Defendant's California employees and claims that Defendant improperly charged its employees check cashing fees, including all claims for violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, as well as Business & Professions Code section 17200 et seq. as it relates to violations of Labor Code sections 212 and 221, all for the period April 23, 2003 through March 12, 2007.  With regard to these released claims, Settlement Class members waive reliance on California Civil Code section 1542, which states:  A general release does not extend to claims which the creditor does not know about or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must**

4

have materially affected his or her settlement with the debtor.

**THIS RELEASE IS NOT INTENDED TO AND DOES NOT AFFECT THE RIGHT OF ANY SETTLEMENT CLASS MEMBER (EXCEPT THE REPRESENTATIVE PLAINTIFF) TO PARTICIPATE IN ANY OTHER CLASS ACTION OR INDIVIDUAL ACTION AGAINST DEFENDANT THAT INVOLVES ANY ISSUE UNRELATED TO LABOR CODE SECTIONS 212, 221 AND 225.5.**

**3. Conditions of the Settlement.**

This Settlement is conditioned upon the Court entering an Order at or following the Final Fairness Hearing approving the Settlement as fair, reasonable, and adequate and in the best interests of the Class and a judgment that becomes effective and final.

## E. FAIRNESS HEARING ON PROPOSED SETTLEMENT

You are not required to attend the Final Fairness Hearing or file an objection, although you may do both. The Final Fairness Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, costs of administration, the enhancement award to Plaintiff, the settlement of Plaintiff's individual claims, and Class Counsel's request for attorneys' fees and costs will be held on _____, 2008, at _____ .m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102. The Final Fairness Hearing may be continued to another date without further notice. If you plan to attend the Final Fairness Hearing, you may contact Class Counsel to confirm the date and time.

Any Settlement Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived any objections or to speak at the Fairness Hearing, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the plan of distribution, the payment of attorneys' fees and costs, the claims process, the enhancement payment to individual Plaintiff Ford, the settlement of Plaintiff Ford's individual claims, or any other aspect of the Settlement. If the Settlement is not approved, the Litigation will continue to be prepared for class certification, trial or other judicial resolution.

## F. ADDITIONAL INFORMATION

**This Notice only summarizes the lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, 450 Golden Gate Avenue, San Francisco, California 94102 from 9:00 a.m. to 1:00 p.m., Monday through Friday. Any questions regarding this Notice or lawsuit may be directed to the Claims Administrator at the above address and telephone number. Alternatively, you may contact your own attorney, at your own expense, to advise you, or you may contact Class Counsel at the addresses, e-mail addresses and telephone numbers set forth above. If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Claims Administrator.**

### PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.

**IT IS SO ORDERED.**

DATED: _____, 2008

The Honorable Thelton E. Henderson
UNITED STATES DISTRICT COURT JUDGE

## CLAIM FORM

*Ford v. Pilot Travel Centers LLC*                              [Claimant Name]
*USDC – Northern District Case No. C07-027 15 TEH*             [Address]

**THIS COMPLETED CLAIM FORM MUST BE RETURNED BY U.S. MAIL, POSTAGE PREPAID AND POSTMARKED ON OR BEFORE _____,
ADDRESSED TO ROSENTHAL & CO. [ADDRESS].**

**PLEASE ANSWER THE FOLLOWING: (NOTE: THESE QUESTIONS REFER TO AN ACTUAL PAYCHECK. YOUR ANSWER SHOULD NOT INCLUDE PAY YOU RECEIVED THROUGH DIRECT DEPOSIT.)**

1. I was employed by PILOT TRAVEL CENTERS LLC in California and received a live payroll check during one or more pay periods between April 23, 2006 and March 12, 2007. ___Yes ___No (This question relates to eligibility to participate in the Labor Code Section 2699 Class settlement.)

2. Between April 23, 2003 and March 12, 2007, I paid a fee to cash my PILOT TRAVEL CENTERS LLC payroll check [select the number of times you paid this fee]: ___ never; ____ one time; ____ two times; ____ three times; ____ four times; ____ five times; ____ six times; ____ seven times; ____ eight times; ____ nine times; ____ ten times; ___ eleven times; ____ twelve times; ____ thirteen times; ____ fourteen times; ____ fifteen times; ____ sixteen times; ____ seventeen times  or more. (This question relates to eligibility to participate in the Labor Code Section 212 Class settlement.)

I have read the Notice of Proposed Class Action Settlement that I received with this Claim Form. I understand and agree to be bound by the terms of the Settlement and the Release of Claims that is part of the Settlement, and I do so knowingly and of my own free will. I have not assigned to anyone any claim that I am releasing in the Settlement.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

XXX-XX-_____        _____    _____
Social Security No.                Sign your name here            Date
(Last four digits **ONLY**)

_____
        Print Name

(____) _____        (____) _____
Area    Home Telephone No.        Area    Work Telephone No.
Code                              Code

Other Names While Employed by Pilot Travel Centers (if any):

_____

Name/Address Changes (if any):

_____
_____
_____

If you move, provide your CHANGE OF ADDRESS to Rosenthal & Co. [Address and Phone Number].

EXHIBIT 4



ERIC A. GROVER, Esq. (SBN 136080)
KELLER GROVER LLP
425 Second Street, Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Facsimile: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD

JODY A. LANDRY, Esq. (SBN 125743)
LITTLER MENDELSON
501 W. Broadway, Suite 900
San Diego, CA 92101-3577
Telephone: (619) 232-0441
Facsimile: (619) 232-4302
jlandry@littler.com

MICHAEL E. BREWER, Esq. (SBN 177912)
LISA C. CHAGALA, Esq. (SBN 217883)
LITTLER MENDELSON
1255 Treat Blvd., Suite 600
Walnut Creek, CA 94597
Telephone: (925) 932-2468
Facsimile: (925) 946-9809
mbrewer@littler.com
lchagala@littler.com

Attorneys for Defendant
PILOT TRAVEL CENTERS LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, | Case No.: C07-02715 TEH |
| Plaintiff, | CLASS ACTION |
| v. | JOINT STIPULATION OF SETTLEMENT AND RELEASE BETWEEN PLAINTIFF AND DEFENDANT |
| PILOT TRAVEL CENTERS LLC and DOES 1-10 inclusive, | Date:     May 12, 2008 |
| Defendants. | Time:     1:30 p.m. |
| | Courtroom: 12 (19th Floor) |

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is made

2    and entered into by and between Plaintiff Cheryl Ford ("Plaintiff" or "Class Representative") and

3    Defendant Pilot Travel Centers LLC ("Defendant" or "Pilot"), and is subject to the terms and

4    conditions hereof and the approval of the Court.  Plaintiff and Defendant are referenced

5    collectively herein as "the Parties."

6         1.    On April 23, 2007, Plaintiff filed a class action complaint in the Superior Court of

7    the County of Alameda, that was subsequently removed to the United States District Court for

8    the Northern District of California, Case No. C07-02715 TEH, captioned, *Cheryl Ford v. Pilot*

9    *Travel Centers LLC*, alleging, among other things, that Defendant issued paychecks to its

10   California employees that fail to conform to the requirements of California Labor Code section

11   212 and that Defendant charged its own employees a check cashing fee in violation of Labor

12   Code section 221.  The Lawsuit asserts causes of action under Labor Code sections 212, 221 and

13   2699 and Business & Professions Code sections 17200, *et seq.*  The Lawsuit seeks damages and

14   restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and

15   costs.

16        2.    Defendant denies any liability or wrongdoing of any kind associated with the

17   claims alleged in the Lawsuit, and further denies that, for purposes other than the settling of this

18   Lawsuit, any part of this Lawsuit is appropriate for class treatment.  Pilot has denied and

19   continues to deny each and every material factual allegation and alleged claim asserted in the

20   Lawsuit.  Nothing herein shall constitute an admission by Pilot of wrongdoing or liability or of

21   the truth of any factual allegations in the lawsuit.  Nothing herein shall constitute an admission

22   by Pilot that the Lawsuit is properly brought on a class or representative basis other than for

23   settlement purposes.  To this end, the settlement of the Lawsuit, the negotiation and execution of

24   this Agreement, and all acts performed or documents executed pursuant to or in furtherance of

25   the Settlement:  (i) are not, shall not be deemed to be, and may not be used as, an admission or

26   evidence of any wrongdoing or liability on the part of Pilot or of the truth of any of the factual

27   allegations in the Lawsuit; (ii) are not, shall not be deemed to be, and may not be used as, an

28   admission or evidence of any fault or omission on the part of Pilot in any civil, criminal or

1

1   administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not,

2   shall not be deemed to be, and may not be used as, an admission or evidence of the

3   appropriateness of these or similar claims for class certification.

4         3.      For purposes of this Stipulation of Settlement, there shall be two separate

5   settlement classes. It is contemplated that an individual could be a member of both classes. The

6   "Labor Code Section 2699 Class" shall be defined as follows:

7         "All California employees of Defendant who received one or more live paychecks
          from Defendant between April 23, 2006 and March 11, 2007.
8
          4.      The "Labor Code Section 212 Class" shall be defined as follows:
9
          "All California employees of Defendant who paid a fee to Defendant or a third-
10        party to cash one or more live paychecks received from Defendant between April
          23, 2003 and March 11, 2007."
11
                  The members of the two settlement classes are referred to herein
12
13  collectively as the "Class Members."

14        5.      On October 23, 2007, the Parties participated in mediation before respected

15  mediator Mark S. Rudy, Esq. Although the matter did not settle at that mediation session, Mr.

16  Rudy continued to work with the parties through February 7, 2008, when a tentative settlement

17  was reached subject to Court approval. The Parties are now entering into a more detailed,

18  formalized settlement agreement to submit to the Court for preliminary and final approval.

19        6.      For purposes of settling the claims alleged in the Lawsuit only, the Parties

20  conditionally stipulate and agree that the requisites for establishing class certification with

21  respect to the two settlement classes have been met and are met, and, therefore, stipulate to

22  certification of both settlement classes. More specifically, the Parties conditionally stipulate and

23  agree that:

24             a.     Each settlement class is so numerous as to make it impracticable to join all

25                    class members.

26             b.     There is an ascertainable class for each settlement class.

27             c.     For each settlement class, common questions of law and fact exist.

28

                                                    2

1          d.    Plaintiff's Labor Code sections 212, 221 and 2699 claims are typical of
2                the claims of the settlement classes.
3          e.    Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller,
4                A.P.C. and Steven L. Miller, A Professional Law Corporation should be
5                deemed "Class Counsel" and will fairly and adequately protect the
6                interests of each settlement class.
7          f.    The prosecution of separate actions by individual members of the two
8                settlement classes would create the risk of inconsistent or varying
9                adjudications, which could establish incompatible standards of conduct.
10         g.    Questions of law and fact common to the members of each settlement
11               class predominate over questions affecting individual members of each
12               settlement class and a class action is superior to other available means for
13               the fair and efficient adjudication of the controversy.

14    7.    With paychecks effective no later than March 12, 2007, Defendant made

15    provisions for paychecks issued to its California employees to be cashed without a fee at certain

16    Wells Fargo branches in California and has made efforts to notify all California employees of

17    this free check cashing arrangement.  Defendant further agrees to continue to make efforts to

18    notify all current and future California employees of this or any future free check cashing

19    arrangement.

20    8.    Plaintiff and Class Counsel have performed a thorough study of the law and facts

21    relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation

22    and pre-mediation discovery, and taking into account the sharply contested issues, the expense

23    and time necessary to pursue the action through trial, the risks and costs of further prosecution of

24    the Lawsuit, the uncertainties of complex litigation, and the substantial benefits to the members

25    of each settlement class and the State of California, that a settlement with Defendant on the terms

26    set forth herein is fair, reasonable, adequate and in the best interests of each settlement class and

27    the State of California.  Plaintiff, on her own behalf and on behalf of the members of each

28    settlement class, has agreed to settle the Lawsuit on the terms set forth herein.

3

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1          9.      It is the desire of the Parties to fully, finally, and forever settle, compromise, and

2     discharge all disputes and claims which exist between them based on, arising out of, or directly

3     related to the causes of action alleged in the Lawsuit, referred to herein as the "Released Claims"

4     and as defined in paragraph 24 below.  In order to achieve a full and complete release of

5     Defendant (and the Releasees as defined in paragraph 11) of such disputes and claims, execution

6     of the Stipulation and Settlement by the Class Representative is intended to effect a release by

7     each Class Member (which includes any legal heirs and/or successors-in-interest of each Class

8     Member) and is intended to include in its effect all claims based on, arising out of, or directly

9     related to the causes of action alleged in the Lawsuit, referred to herein as the Released Claims

10    and as defined in paragraph 24 below as to all Class Members.

11         10.     With respect to the Released Claims (as defined in paragraph 24 below), each

12    Class Member shall be deemed to have expressly waived and relinquished to the fullest extent

13    permitted by law, the provisions, rights and benefits afforded by section 1542 of the California

14    Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

However:

> **The Parties expressly exclude from the scope of this Release (except with respect to Representative Plaintiff Ford, who waives all claims) any claims that Class Members have in connection with any individual actions or class actions involving claims other than those as defined in paragraph 24 below.**

22         11.     As more fully described in paragraph 24 below, it is the intention of the Parties

23    that this Stipulation of Settlement shall constitute a full and complete settlement and release of

24    all claims based on, arising out of or directly related to, all claims based upon deficiencies in the

25    instruments or checks used to pay the wages of Defendant's California employees and all claims

26    based on Defendant's charging its California employees a fee to cash paychecks at Defendant's

27    retail locations if the California employee chose to use the retail location's check cashing service

28    offered to its customers.  This release includes violations of Labor Code sections 212 and 221

4

1    and penalties under any provision of law, including (without limitation) Labor Code section 2699

2    and Labor Code section 225.5, based upon violations of Labor Code sections 212 and 221, and

3    restitution under Business & Professions Code section 17200 *et seq.* premised on violations of

4    Labor Code sections 212 and 221, as well as claims for attorneys' fees and costs related to any

5    such claims, which release shall include in its effect Pilot Travel Centers LLC and its present and

6    former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors,

7    employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of

8    their respective officers, partners, directors, servants, agents, shareholders, employees,

9    representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

10   acting under, by, through, or in concert with any of them (collectively, the "Releasees").

11          12.     This settlement requires Defendant to pay a total amount up to, but not to exceed,

12   $925,000.00 that shall be referred to herein as a Gross Fund Value ("GFV"). The GFV

13   represents the maximum payment Defendant shall be required to make toward the settlement of

14   this action, and this GFV shall be used to cover all payments of class claims, the payment to the

15   State of California's Labor & Workforce Development Agency ("LWDA"), administration costs,

16   Court-approved attorneys' fees and costs, Plaintiff's enhancement award and the settlement of

17   Plaintiff's individual claims. The payments from the GFV are not being made for any other

18   purpose and shall not be construed as compensation for purposes of determining eligibility for

19   any health and welfare benefits or unemployment compensation.  One hundred percent (100%)

20   of the amount allocated for payments to Labor Code Section 2699 Class Members and the

21   LWDA shall actually be paid to the LWDA and Labor Code Section 2699 Class Members.  A

22   minimum of twenty percent (20%) of the amount allocated for payment to Labor Code Section

23   212 Class Members shall actually be paid to Class Members.  Any amount of GFV not required

24   to pay class claims, administration costs, Court-approved attorneys' fees and costs, Plaintiff's

25   enhancement award, and the payment to the Class Representative in exchange for a General

26   Release, shall remain Defendant's property.

27          13.     The Net Fund Value ("NFV") will constitute the total sum from which the LWDA

28   and Class Members will be paid after Court-approved attorneys' fees and costs, administration

1    costs, the enhancement award and settlement of Plaintiff's individual claims described herein are

2    subtracted from the GFV.

3                                    **TERMS OF SETTLEMENT**

4        14.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

5    warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

6            a.    It is agreed by and among the Plaintiff, Class Members and Defendant that

7                  the Lawsuit and any claims, damages, or causes of action arising out of the

8                  dispute which is the subject of said Lawsuit, be settled and compromised

9                  as among Plaintiff, the Class Members and Defendant, subject to the terms

10                 and conditions set forth in this Stipulation of Settlement and the approval

11                 of the Court.

12           b.    Settlement Date: The settlement embodied in this Stipulation of

13                 Settlement shall go into effect only after entry of a final order and

14                 judgment has been entered by the Court certifying the settlement classes

15                 and dismissing the Lawsuit in accordance with the terms herein, and

16                 approving this Stipulation of Settlement.

17           c.    Settlement Payments to the Labor Code Section 2699 Class and the State

18                 of California:

19                 (1)    Payments to Labor Code Section 2699 Class and the State of

20                        California: The Parties have allocated a total of $132,500.00 to

21                        settle the claims of the Labor Code Section 2699 Class under

22                        Labor Code section 2699.  All one hundred percent (100%) of this

23                        amount will be paid out.  Labor Code section 2699(i) requires that

24                        any settlement under this section is distributed as follows:  75% to

25                        the State's LWDA for enforcement of labor laws and education of

26                        employers and 25% to the aggrieved employees.  Therefore,

27                        $99,375.00 will be paid to the LWDA.  The remaining $33,125.00

28                        will be distributed to all members of the Labor Code Section 2699

                                              6

1                    Class who make timely claims (i.e., "Qualified Claimants").  It is

2                    estimated that there are approximately 1,150 members of the Labor

3                    Code Section 2699 Class.  The individual payment to each

4                    Qualified Claimant will be calculated on a prorated basis based

5                    upon each Qualified Claimant's number of pay periods during the

6                    applicable settlement period.  Any monies not able to be delivered

7                    to a Qualified Labor Code Section 2699 Claimant after one address

8                    follow up on returned mail will, at the end of the Claims

9                    Administration process, be paid by the Claims Administrator to the

10                  State LWDA.

11          (2)      <u>Tax Treatment of Labor Code Section 2699 Class Payments:</u> The

12                    individual settlement payments to the Labor Code Section 2699

13                    Class Members are not wages.

14       d.       <u>Settlement Payments to the Labor Code Section 212 Class:</u>

15          (1)      <u>Payments to Labor Code Section 212 Class Members:</u> The Parties

16                    have allocated a total of $501,500.00 to settle the claims of the

17                    Labor Code Section 212 Class.  In consideration for settlement and

18                    a release of the defined claims by the Labor Code Section 212

19                    Class against Defendant, and to the extent that settlement funds

20                    exist to meet this level of individual settlement payments,

21                    Defendant agrees to pay to each Qualified Claimant (as defined in

22                    paragraph 14(k) below) the sum of $10.00 for each check cashing

23                    fee affirmed under penalty of perjury up to a maximum of $170.00

24                    per Qualified Labor Code Section 212 Class Claimant.  If the

25                    number of Qualified Claimants is such that a payment of $10.00

26                    for each check cashing fee affirmed under penalty of perjury up to

27                    a maximum of $170.00 will exceed the $501,500.00 allocated to

28                    settle the claims of the Labor Code Section 212 Class, each

7

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    Qualified Claimant will receive a reduced pro rata share of the

2    $501,500.00 settlement allocation.  In no event shall a common

3    fund of less than $100,300.00 (or twenty percent (20%) of the

4    amount allocated to settle the claims of the Labor Code Section

5    212 Class) be paid to the Qualified Claimants of the Labor Code

6    Section 212 Class.  If the number of claims filed by Qualified

7    Claimants does not reach a distribution amount of $100,300.00 at

8    $10.00 for each check cashing fee affirmed under penalty of

9    perjury up to a maximum of $170.00, the individual payment to

10   each Qualified Claimant will be increased on a pro rata basis to

11   make the settlement distribution to the Labor Code Section 212

12   Class meet the minimum $100,300.00 settlement distribution

13   requirement.  Any amount from the $501,500.00 Labor Code

14   Section 212 Class settlement allocation not used to pay Qualified

15   Claimants is subject to excess costs of administration, as described

16   in paragraph 14(g) below.  Any amounts not required for such use

17   remain the property of Defendant and may be retained by

18   Defendant.

19        (2)   Tax Treatment of Labor Code Section 212 Class Payments:  It is

20              the intent of the Parties that the Labor Code Section 212 Class

21              settlement payments are in the nature of restitution to the Labor

22              Code Section 212 Class members who have been charged a fee to

23              cash their paychecks.  This payment is not in the nature of wages.

24              It is an amount designed to cover some or all of the expenses

25              incurred by the Labor Code Section 212 Class members to cash

26              their paychecks.

27        (3)   Difficulty of Determining Labor Code Section 212 Class Claims:

28              The Parties recognize and agree that the claims raised by the Labor

8

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1       Code Section 212 Class in the Lawsuit are extremely difficult to

2       determine with any certainty for any given time period, or at all.

3       Defendant denies any liability for fees incurred.  Assuming

4       responsibility for some class member claims of restitution, claims

5       are subject to several different calculations and formulae and the

6       current uncertainty as to the applicable statutes of limitations for at

7       least some of the asserted claims.  The Parties also recognize and

8       agree that because of the relatively small amount of each fee and

9       the large number of Defendant's employees who received pay

10      checks between April 23, 2003 and March 12, 2007 (i.e.,

11      approximately 3,000), it would be extremely burdensome and

12      unduly costly to discern exactly which individuals incurred any fee

13      and for how many paychecks each individual Labor Code Section

14      212 Class member incurred a fee.  The Parties hereby agree that

15      the formula for allocating the settlement payments to Labor Code

16      Section 212 Class members provided herein is reasonable and that

17      the settlement payments provided herein are designed to provide a

18      fair settlement to the Labor Code Section 212 Class, despite the

19      uncertainties associated with the amounts alleged to be owed to the

20      Labor Code Section 212 Class.

21  e.  Attorneys' Fees and Costs: In consideration for settling this matter and in

22      exchange for the release of the defined claims by the Class Members, and

23      the General Release by Plaintiff, and subject to final approval, Defendant

24      agrees not to object to or dispute an award to Class Counsel in an amount

25      not in excess of $231,250.00, or 25% of the GFV, to compensate and

26      reimburse Class Counsel for all of the work already performed by Class

27      Counsel in this case and all of the work remaining to be performed by

28      Class Counsel in documenting the Settlement, securing Court approval of

9

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1          the Settlement, making sure that the Settlement is fairly administered and

2          implemented, and obtaining dismissal of the action. Defendant agrees that

3          Class Counsel also may be awarded a sum of up to $10,000 to cover actual

4          out-of-pocket costs. If the costs incurred by Class Counsel are less than

5          $10,000, the difference shall be paid into the Labor Code Section 212

6          Class portion of the settlement distribution. Should the Court approve a

7          lesser percentage or amount of fees, the unapproved portion or portions

8          shall remain the property of Defendant. Except as provided in this section,

9          Plaintiff, Class Members and Defendant shall bear their own attorneys'

10         fees and costs. No attorneys' fees shall be paid or awarded to any Class

11         Member who chooses to retain his or her own personal counsel.

12    f.    Payments to Plaintiff/Class Representative's Enhancement Award: Subject

13         to approval by the Court, Defendant further agrees that Plaintiff may

14         receive from the GFV an enhancement award and an amount to settle her

15         individual claims on the terms set forth below.

16         (1)    Class Representative's Enhancement Award:  Subject to approval

17                by the Court, Defendant further agrees that Plaintiff may receive

18                from the GFV an enhancement of up to $5,000.00 for serving as

19                Class Representative. Should the Court approve an enhancement

20                award to Plaintiff in an amount less than that set forth herein, the

21                unapproved portion shall become part of the Labor Code Section

22                212 Class portion of the settlement distribution. The Enhancement

23                Award shall be reported on an IRS Form 1099.

24         (2)    Settlement of Plaintiff's Individual Claim:  Defendant and Plaintiff

25                have also agreed to settle all of Plaintiff's individual claims as part

26                of this Settlement. In exchange for a payment of $10,000.00,

27                Plaintiff individually generally releases and forever discharges the

28                Defendant and any and all of its parent or related companies

10

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    (hereinafter "Releasees") from any and all claims, actions, causes

2    of action, sums of money due, attorneys' fees and costs, suits,

3    debts, covenants, contracts, agreements, promises, demands,

4    employee benefits, statutory penalties or other amounts, or

5    liabilities whatsoever, whether known or unknown, which Plaintiff

6    ever had, now has, or might in the future have, for any conduct

7    (including alleged omissions) arising between she and the Releases

8    through the Effective Date of this Agreement.    This release

9    includes (without limitation) 1) violation of Title VII of the Civil

10   Rights Act of 1964;  2)  violation of the Fair Employment and

11   Housing Act; 3) violation of the California Constitution; 4)

12   violation of the Americans with Disabilities Act; 5) violation of the

13   California Labor Code; 6) breach of contract; 7) wrongful

14   termination or other tort, which have been or could have been

15   brought against the Releasees arising out of or related to Plaintiff's

16   employment with Defendant or its successors or assigns.  This

17   release specifically includes a waiver of all claims to the greatest

18   extent permitted by California Civil Code section 1542, which

19   provides:

20       **"A general release does not extend to claims which the**
         **creditor does not know or suspect to exist in his or her**
21       **favor at the time of executing the release, which if**
         **known by him or her must have materially affected his**
22       **or her settlement with the debtor."**

23

24       (3)    The payment to settle Plaintiff's individual claims as covered by

25   the scope of the General Release and shall be reported on an IRS

26   Form 1099.

27

28

11

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

g.  <u>Costs of Claims Administrator</u>: The parties have selected Rosenthal & Co. ("Rosenthal" or "Claims Administrator") to act as Claims Administrator in this action. Rosenthal has estimated the cost to perform all necessary class administration duties to be approximately $35,000.00. These administration duties shall include without limitation, mailing notices and claim forms, performing address updates and verifications as necessary prior to the first mailing, deficiency letters, performing a single address follow up on any returned mail, and the calculation, processing, and mailing of all Class Member settlement checks and tax forms (if required) to the Class Members and tax authorities. All administration costs shall be taken from the GFV. If the costs of administration are less than $35,000.00, the difference shall be held as a contingency for unanticipated items, including but not limited to additional payments to Class Members of either settlement class, for sixty (60) days after the Effective Date. Whatever funds are left after that time shall be returned to Defendant. If the costs of administration exceed $35,000.00, the parties agree that the additional costs of administration shall come from unclaimed funds from the Labor Code Section 212 Class portion of the NFV. If that amount is still not sufficient to cover the excess costs of administration, the individual settlement awards to Labor Code Section 212 Class members shall be reduced on a pro rata basis by an amount necessary to cover the shortfall. The Parties do not anticipate that it will be necessary to reduce the payments to Labor Code Section 212 Class Members to cover excess administration costs.

h.  <u>No Tax Advice Provided by Class Counsel or Defense Counsel</u>: Neither Class Counsel nor Defense Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such. The tax issues for each

12

1        Class Member are unique, and each Class Member is advised to obtain tax

2        advice from his or her own tax advisor with respect to any payments

3        resulting from this settlement.

4      i.    <u>Settlement Funding Deadline</u>: Within ten (10) calendar days after the

5        final order of and judgment is signed by the Court, Defendant will deposit

6        with the Claims Administrator an amount sufficient to pay the attorneys'

7        fees and costs awarded to Class Counsel, the State of California's portion

8        of the settlement, the estimated costs of administration, the Class

9        Representative's enhancement, the settlement amount for the Class

10      Representative's personal claims in exchange for a General Release, and

11      all funds needed to pay claims received from Class Members. The Claims

12      Administrator shall hold the deposited amount in an interest bearing

13      account. The Effective Date of this Settlement ("Effective Date") is the

14      date upon which the Settlement is finally approved substantially in

15      accordance with the terms of this Stipulation for Settlement, and the date

16      of the Court's entry of Judgment and Dismissal of the Lawsuit

17      ("Judgment") substantially in accordance with the terms of this Stipulation

18      for Settlement. For purposes of defining the Effective Date, the date upon

19      which the Settlement and Judgment (as described above) becomes final is

20      the last date of (a) final approval by the Court, when no further objections

21      can be made; (b) if there are objections to the Settlement which are not

22      withdrawn, and if an appeal, review or writ is not sought from the

23      Judgment, the day after the period for appeal has expired; or (c) if an

24      appeal, review or writ is sought from the Judgment, the day after the

25      Judgment is affirmed or the appeal, review or writ is dismissed or denied,

26      and the Judgment is no longer subject to further judicial review. The

27      Settlement will therefore not become effective until and unless it is

28      approved by the United States District Court and affirmed by any possible

13

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    reviewing Court, if an appeal or challenge is taken from the District

2    Court's action.  If the Effective Date of final approval eventually occurs,

3    then the interest earned on this deposit will be included in the Net Fund

4    Value.  If final approval is denied, or final approval is reversed on appeal,

5    then Defendant is entitled to prompt return of the principal and all interest

6    accrued, less any amount necessary to compensate the Claims

7    Administrator for all work performed through that time.

8    j.    Settlement Payout Timetable: Within fifteen (15) days of the Effective

9    Date, the Claims Administrator will provide to Class Counsel the check

10    representing the payment to the State of California (which check shall be

11    presented to the State by Class Counsel within five (5) days of receipt),

12    Plaintiff's enhancement and individual settlement payment and all Court-

13    approved attorneys' fees and costs.  Within forty-five (45) days of the

14    Effective Date of the settlement, the Claims Administrator will pay all

15    Class Members' claims.  No money will be distributed unless and until the

16    Effective Date occurs.

17    k.    Resolution of Claim Disputes:  A "Qualified Claimant" means Class

18    Member who has timely submitted a properly and fully completed and

19    signed Claim Form.  Defendant is entitled to verify submitted Claim

20    Forms for accuracy and legitimacy.  If the amount claimed by a Qualified

21    Claimant is inconsistent with Defendant's records as to the amount he/she

22    is entitled to, the Parties' Counsel will make a good faith effort to resolve

23    the dispute informally.  If they cannot agree, the dispute shall be submitted

24    to the Claims Administrator, who shall examine the Company's records in

25    an attempt to resolve the dispute.  In making this decision, the Company's

26    records shall be dispositive as to time worked by a Class Member and the

27    Class Member's method of receiving wage payments, and no claimant

28    may increase the size of his or her claim by arguing that the Company's

14

1    records are incorrect without providing documentation corroborating his

2    or her position.  The decision of the Claims Administrator shall be final

3    and non-appealable.

4    l.    Right to Rescission:  Within ten (10) days of the conclusion of the later of

5    the opt-out period and the claims period (including time for a second

6    mailing as required by Paragraph 17 and a response to the deficiency

7    notice required by Paragraph 18), the Claims Administrator will provide a

8    written report to both Parties' counsel noting the number of class notices

9    sent, the number which were returned as undeliverable (after the follow up

10    required by Paragraph 17), the number of valid opt-outs, the number of

11    valid claims per Settlement Class (including the number of claims falling

12    within each of the categories set forth in the Claim Form).  Prior to the due

13    date for this report, the Claims Administrator will reasonably respond to

14    requests from either party's counsel for a report on the current status of the

15    claims and opt-out procedures.  Notwithstanding any other provision of

16    this Stipulation of Settlement, Defendant retains the right to terminate this

17    Stipulation of Settlement if more than ten percent (10%) of Class

18    Members opt-out of the Settlement.  Any exercise of this provision must

19    be made within twenty (20) calendar days of expiration of the opt-out

20    deadline.  All signatories and their counsel must not encourage opt-outs.

21    Counsel for the Class Members specifically agree not to solicit opt-outs,

22    directly or indirectly, through any means.  In the event of such a

23    rescission, no party may use the fact that the parties agreed to settle this

24    case, the settlement documents or any communications regarding

25    settlement as evidence of Defendant's liability in this lawsuit or the lack

26    thereof.  In the event of such a rescission, Defendant shall pay the Claims

27    Administrator for services rendered up to the date the Claims

28    Administrator is notified that the settlement has been terminated.

15

1

**NOTICE TO THE SETTLEMENT CLASS**

2    15.    The Parties agree that within thirty (30) days after preliminary approval of this

3    settlement agreement by the Court, Defendant will provide to the Claims Administrator all of the

4    following information about each Class Member in a format requested by the Claims

5    Administrator: (1) name, (2) last known home address, (3) Social Security number, (4) the period

6    of employment for each Class Member where the Class Member received a pay check between

7    April 23, 2003 and March 12, 2007. The Claims Administrator will perform address updates and

8    verifications as necessary prior to the first mailing. Within forty-five (45) days after preliminary

9    approval, and subject to the approval of the Court, the Claims Administrator will mail a Notice

10    of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") in the

11    form attached hereto as Exhibit "A" to each Class Member, by first class mail. Attached to the

12    Notice sent to each Class Member will be a Claim Form, as attached hereto as Exhibit "B." Any

13    Class Member requesting it will be sent by the Class Administrator a more detailed settlement

14    notice, as attached hereto as Exhibit "C."

15    16.    Within forty-five (45) days after preliminary approval, Defendant shall file a

16    declaration, under penalty of perjury, with the Court stating that it has researched its books and

17    records and provided the Claims Administrator with what it represents to be a full and complete

18    list of the Settlement Class, including the information that is required to be provided by

19    paragraph 15, above.

20

**CLAIM PROCESS**

21    17.    Class Members will be permitted forty-five (45) calendar days from the date the

22    notices are mailed by the Claims Administrator to postmark Claim Forms. Class Members will

23    also have forty-five (45) calendar days from the date the Notices are mailed by the Claims

24    Administrator to postmark Objections and/or Requests For Exclusion (also referred to as "Opt-

25    Outs"). The Claims Administrator will perform one address follow up on returned mail, and will

26    re-mail Claim Forms to an updated address (if any) within fifteen (15) business days of receipt of

27    the returned mail. It is the intent of the Parties that reasonable, but not extraordinary, means be

28    used to locate Class Members. The Claims Administrator will search using the social security

16

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    number of the Class Member for a more current address if the Notice is returned.  If no address is

2    found, no further action is required.

3        18.    Within ten (10) business days of receipt by the Claims Administrator of each

4    timely submitted Claim form, the Claims Administrator will send a deficiency notice to the Class

5    Member explaining any irregularity in the completed Claim Form.  The deficiency notice will

6    provide the Class Member the greater of the remainder of the forty-five (45) day claim period or

7    fifteen (15) days from the mailing of the deficiency notice to postmark the response to any

8    deficiencies in writing.  However, the failure of a Class Member to sign a Claim Form, or to

9    timely submit a Claim Form, shall invalidate a claim and will not be considered deficiencies

10   subject to cure, unless counsel for the Parties stipulate to allow cure.  If a Claim Form is signed

11   and timely submitted by a Class Member but does not indicate the number of periods for which

12   claim is made, it shall be conclusively presumed that the Class Member is entitled to payment for

13   one period only.

14       19.    All original Claim Forms shall be sent directly to the Claims Administrator at the

15   address indicated on the Claim Form. Defendant has made a good faith effort to identify all Class

16   Members and will provide a detailed list of such Class Members to the Claims Administrator on

17   an Excel spreadsheet or in such other form as Defendant and the Claims Administrator may

18   agree.  At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator will

19   certify jointly to Class Counsel and Defendant's counsel which claims were timely filed and

20   which Class Members have opted out. The Claims Administrator shall be responsible for issuing

21   the Class Member payments and taking care of all required tax reporting (if any), and for

22   communicating this information to the Parties' Counsel.   Upon completion of its calculation of

23   payments, the Claims Administrator shall provide Plaintiff and Defendant with a report listing

24   the amount of all payments to be made to each Qualified Claimant.  If required, proof of

25   payment will be filed with the Court and provided to the Parties' counsel.

26       20.    If a Class Member submits both an Opt-Out and a completed Claim Form, the

27   Claim Form will be accepted, the Opt-Out will be disregarded, and the claim will be paid.

28

17

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

21.    Opt-Outs by Class Members must be postmarked to the Claims Administrator within forty-five (45) days of the initial mailing by the Claims Administrator. Persons wishing to Opt-Out must state in writing their name, address and telephone number, and state that they wish to be excluded from the settlement.

22.    All objections to the settlement must be served and filed with the Court within forty-five (45) days after the initial mailing by the Claims Administrator. All objections must be served on Class Counsel and Defense Counsel, and filed with the Court, along with a Notice of Intention to Appear. Class Members who fail to file and serve timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the settlement, unless otherwise ordered by the Court. Only Class Members who do not Opt-Out may file objections. Class Counsel and Defense Counsel may, at least ten (10) days (or some other number of days as the Court shall specify) before the Final Approval Hearing, file responses to any written objections submitted to the Court.

23.    Within one hundred and eighty (180) days after the Effective Date, the Class Administrator shall file with the Court a declaration or declarations certifying that all required payments have been distributed pursuant to the terms of the Final Approval Order.

## **RELEASE BY THE CLASS**

24.    Upon final approval by the Court, each Class Member who has not submitted a valid exclusion form releases Pilot Travel Centers LLC and any parent, subsidiary, affiliate, predecessor or successor, and all agents, employees, officers, directors, insurers and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related to the Causes of Action in the Lawsuit, including all claims for or in the nature of violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, and Business & Professions Code section 17200 *et seq.* as it relates to violations of Labor Code sections 212 and 221. This release also covers all claims for interest, attorney fees and costs related to the Lawsuit. The time period

18

1    covered by this release is April 23, 2003 through March 12, 2007.  The claims covered by this

2    release are referred to herein as the Released Claims.  Class Members who have not timely

3    returned a valid claims form shall be bound by the release provisions of this Stipulation of

4    Settlement (unless they have validly opted-out).  The parties jointly request and reserve the

5    Court's continuing jurisdiction over the construction, interpretation, implementation, and

6    enforcement of the Stipulation of Settlement and the Final Approval Order in accordance with

7    their respective terms, and over the administration and distribution of the settlement funds.

8        25.    Upon preliminary approval of the settlement, the Class Members shall be enjoined

9    from filing any actions, claims, complaints, or proceedings in state or federal court or with the

10   Department of Labor Standards Enforcement (DLSE), or from initiating other proceedings,

11   regarding the Released Claims defined in paragraph 24 above. This settlement is conditioned

12   upon the release by all Class Members as described in paragraph 24 above, and upon covenants

13   by all Class Members that they will not participate in any actions, lawsuits, proceedings,

14   complaints, or charges brought individually or by the DLSE in any court or before any

15   administrative body embodying the Released Claims, nor will Class Members oppose efforts by

16   Defendant to oppose any attempt to bring such claims against Defendant or the Releasees that

17   are embodied by the Released Claims.

18                   **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

19       26.    The Parties shall promptly submit this Stipulation of Settlement to the Court in

20   support of a request for preliminary approval and determination by the Court as to its fairness,

21   adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the

22   Parties shall apply to the Court for the entry of a preliminary order seeking the following:

23                a.     Scheduling a preliminary fairness hearing on the question of whether the

24                       proposed settlement, including payment of attorneys' fees and costs, and

25                       the Class Representative's individual settlement and enhancement award,

26                       should be finally approved as fair, reasonable and adequate as to the

27                       members of the two settlement classes;

28

---

19

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1      b.      Certifying this action as a class action for purposes of settlement with

2              respect to the two (2) proposed settlement classes;

3      c.      Approving as to form and content the proposed Notices;

4      d.      Approving as to form and content the proposed Claim Form;

5      e.      Directing the mailing of the Short-Form Notice and Claim Form to the

6              Class Members;

7      f.      Preliminarily approving the settlement subject only to the objections of

8              Class Members and final review by the Court;

9      g.      Preliminarily approving estimated costs of administration payable to

10             Rosenthal & Co.;

11     h.      Preliminarily approving Class Counsel's request for attorneys' fees and

12             costs subject to final review of the Court; and

13     i.      Preliminarily approving Plaintiff's enhancement award and the settlement

14             of Plaintiff's individual claims.

15     **DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**

16     27.     Following final approval of the settlement provided for in this Stipulation of

17     Settlement, Class Counsel will submit a proposed final order of approval and judgment:

18     a.      Approving the Settlement, adjudging the terms thereof to be fair,

19             reasonable and adequate, and directing consummation of its terms and

20             provisions;

21     b.      Approving an award of attorneys' fees and reimbursement of costs for

22             Class Counsel;

23     c.      Approving an enhancement award to Plaintiff in the amount of $5,000.00;

24     d.      Approving the settlement of Plaintiff's individual claims in the amount of

25             $10,000.00;

26     e.      Dismissing this action with prejudice as to the Released Claims and

27             permanently barring all Class Members from prosecuting against the

28

20

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1          Releasees, any individual or class claims covered by the definition of

2          Released Claims set forth in paragraph 24 above; and

3            f.    Dismissing all of Plaintiff's claims in the Lawsuit with prejudice.

4                        **PARTIES' AUTHORITY**

5      28.    The signatories hereto hereby represent that they are fully authorized to enter into

6 this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

7                   **MUTUAL FULL COOPERATION**

8      29.    The Parties agree to fully cooperate with each other to accomplish the terms of

9 this Stipulation of Settlement, including but not limited to: (a) executing such documents and

10 taking such other action as may reasonably be necessary to implement the terms of this

11 Stipulation of Settlement; and (b) continuing good faith efforts to effectuate settlement should

12 the Court deny preliminary or any pre-final approval. The Parties to this Stipulation of

13 Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of

14 Settlement and any other efforts that may become necessary by order of the Court, or otherwise,

15 to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable

16 after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and

17 cooperation of Defendant and its counsel, take all necessary steps to secure the Court's

18 preliminary and final approvals of this Stipulation of Settlement.

19                  **NO PRIOR ASSIGNMENTS**

20      30.    The Parties hereto represent, covenant, and warrant that they have not directly or

21 indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to

22 any person or entity any portion of any liability, claim, demand, action, cause of action or rights

23 herein released and discharged except as set forth herein.

24               **TERMINATION OF SETTLEMENT**

25      31.    Subject to the obligation(s) of Mutual Full Cooperation as set out in Paragraph 29,

26 either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval

27 Order, the Final Approval Order or final judgment in substantially the form submitted by the

28 Parties, or the Stipulation of Settlement as agreed does not become final because of appellate

21

1    court action.  The terminating Party shall give to the other Party (through its counsel) written

2    notice of its decision to terminate no later than twenty (20) days after receiving notice that one of

3    the enumerated events has occurred.   Termination shall have the following effects:

4         a.    The Settlement Agreement shall be terminated and shall have no force or

5         effect, and no Party shall be bound by any of its terms.

6         b.    In the event the settlement is terminated, Defendant shall have no

7         obligation to make any payments to any party, class member or attorney, except

8         that Defendant shall pay the Claims Administrator for services rendered up to the

9         date the Claims Administrator is notified that the settlement has been terminated;

10        c.    The Preliminary Approval Order, Final Approval Order and Judgment,

11        including any order of class certification, shall be vacated;

12        d.    The Stipulation of Settlement and all negotiations, statements and

13        proceedings relating thereto shall be without prejudice to the rights of any of the

14        Parties, all of whom shall be restored to their respective positions in the Lawsuit

15        prior to the settlement;

16        e.    Except as otherwise discoverable, neither this Stipulated Settlement, nor

17        any ancillary documents, actions, statements or filings in furtherance of settlement

18        (including all matters associated with the mediation) shall be admissible or

19        offered into evidence in the Lawsuit or any other action for any purpose

20        whatsoever.

21                          **CONSTRUCTION**

22        32.    The Parties hereto agree that the terms and conditions of this Stipulation of

23    Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties, and

24    that this Stipulation of Settlement shall not be construed in favor of or against any party by

25    reason of the extent to which any party or her or its counsel participated in the drafting of this

26    Stipulation of Settlement.

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1

### CAPTIONS AND INTERPRETATIONS

2       33.     Paragraph titles or captions contained herein are inserted as a matter of

3   convenience and for reference, and in no way define, limit, extend, or describe the scope of this

4   Stipulation of Settlement or any provision hereof.  Each term of this Stipulation of Settlement is

5   contractual and not merely a recital.

6

### MODIFICATION

7       34.     This Stipulation of Settlement may not be changed, altered, or modified, except in

8   writing and signed by the Parties hereto, and approved by the Court. This Stipulation of

9   Settlement may not be discharged except by performance in accordance with its terms or by a

10  writing signed by the Parties hereto, and approved by the Court.

11

### INTEGRATION CLAUSE

12      35.     This Stipulation of Settlement contains the entire agreement between the Parties

13  relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous

14  agreements, understandings, representations, and statements, whether oral or written and whether

15  by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived

16  except in writing.

17

### BINDING ON ASSIGNS

18      36.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the

19  Parties hereto and their respective heirs, trustees, executors, administrators, successors and

20  assigns.

21

### SIGNATORIES

22      37.     It is agreed that because of the large number of Class Members, it is impossible or

23  impractical to have each Class Member execute this Stipulation of Settlement. The Notice,

24  Exhibits "A" and "C" hereto, will advise all Class Members of the nature of the settlement and

25

26

27

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   shall have the same force and effect as if this Stipulation of Settlement were executed by each

2   Class Member.

3                                   **COUNTERPARTS**

4        38.      This Stipulation of Settlement may be executed in counterparts, and when each

5   party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

6   original, and, when taken together with other signed counterparts, shall constitute one Stipulation

7   of Settlement, which shall be binding upon and effective as to all Parties. Facsimile signatures

8   on this Stipulation of Settlement shall be as fully effective as original signatures.

9

10  DATED:    3/26/08              LITTLER MENDELSON, P.C.

11

12                                By: _____
                                      Jody A. Landry
13                                    Attorneys for Defendant
                                      Pilot Travel Centers LLC

14

15  DATED: _____         PILOT TRAVEL CENTERS LLC

16

17                                By: _____
                                      Mitchell D. Steenrod
18                                    Title: Senior Vice President-CFO

19

20  DATED:    3-28-08

21

22                                By: _____
                                      Cheryl Foos
23

24

25

26

27

28
                                           25
    JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
    BETWEEN PLAINTIFF AND DEFENDANT

1   DATED: 3/28/08                    KELLER GROVER LLP

2

3                                     By: _____
                                          Eric A. Grover
4                                         Class Counsel for Plaintiff

5

6   DATED: 3  28-08                   THIERMAN LAW FIRM

7

8                                     By: _____
                                          Mark R. Thierman
9                                         Class Counsel for Plaintiff

10

11  DATED: _____           LAW OFFICES OF SCOTT A. MILLER, A.P.C.

12

13                                    By: _____
                                          Scott A. Miller
14                                        Class Counsel for Plaintiff

15

16  DATED: _____           STEVEN L. MILLER, A PROFESSIONAL LAW
                                      CORP.

17

18                                    By: _____
                                          Steven L. Miller
19  SF1 28265302.2 / 37943-000084        Class Counsel for Plaintiff

20

21

22

23

24

25

26

27

28
                                      26
    JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
    BETWEEN PLAINTIFF AND DEFENDANT

1  DATED: _____     KELLER GROVER LLP

2

3                               By: _____

4                               Eric A. Grover
                                Class Counsel for Plaintiff

5

6  DATED: _____     THIERMAN LAW FIRM

7

8                               By: _____

9                               Mark R. Thierman
                                Class Counsel for Plaintiff

10

11  DATED: 3/27/08              LAW OFFICES OF SCOTT A. MILLER, A.P.C.

12

13                              By: _____

14                              Scott A. Miller
                                Class Counsel for Plaintiff

15  DATED: 3/27/08              STEVEN L. MILLER, A PROFESSIONAL LAW
16                              CORP.

17

18                              By: _____

19                              Steven L. Miller
                                Class Counsel for Plaintiff

SF1 28365302.3 / 37943-000004

20

21

22

23

24

25

26

27

28

26

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT