ERIC A. GROVER, Esq. (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Tel. (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD and
CLASS COUNSEL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, | Case No.: C07-02715 TEH |
| Plaintiff, | CLASS ACTION |
| v. | **DECLARATION OF ERIC A. GROVER IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| PILOT TRAVEL CENTERS LLC and DOES 1 through 10 inclusive, | Date:        September 22, 2008 |
| Defendants. | Time:        10:00 a.m.<br>Courtroom: 12 (19th Floor)<br>Judge:       Hon. Thelton E. Henderson |

I, ERIC A.GROVER, declare as follows:

1.      I am an attorney duly admitted to the practice of law in the State of California.  I am a partner in the law firm Keller Grover LLP, counsel for Plaintiff Cheryl Ford and the Class in this action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently to the facts set forth below.

**Class Counsel's Experience and Recommendation:**

2.      I graduated from Boston University in 1985 with a Bachelor of Science in Business Administration.  I graduated from Boston University School of Law in 1988.  I am admitted to practice law before all California state and federal courts and the Ninth Circuit Court of Appeals.

3.      Between September 1988 and October 2005, I was first an associate and then a shareholder in the firm Littler Mendelson, P.C.  Littler is the largest law firm in the United States specializing in labor and employment law.  During my 17 years at Littler, I practiced extensively in all areas of labor and employment law, including wage and hour law and class action defense.  I also have extensive litigation experience, including numerous arbitrations and trying a number of cases to verdict in state and federal courts.

4.      In the time I worked at Littler, I worked on many class action matters.   The following is a list of various class action matters for which I was the lead or co-lead defense attorney:

  a.   *DLSE v. UI Video* (Blockbuster) (Alameda County) (Failure to provide uniforms.)

  b.   *Vickery, et al. v. Cinema Seven, Inc.* (San Francisco County) (Independent contractor vs. employee status, overtime, minimum wage and expense reimbursement claims.)

  c.   *ILWU, et al. v. DMS Messenger Services, et al.*  (San Francisco County) (Overtime, minimum wage, expense reimbursement and waiting time penalties.)

  d.   *Shields, et al. v. Lyon's Restaurants* (San Diego County) (Manager misclassification.)

  e.   *O'Donnell, et al. v. Starving Students Movers* (Marin County) (Overtime, minimum wage and waiting time penalties.)

  f.   *Cross, et al. v. Compass* (Sacramento County) (Overtime and waiting time penalties.)

1

g.    *Flowers, et al. v. Starving Students Movers* (San Joaquin County) (Overtime, minimum wage and waiting time penalties.)

h.    *Chen v. DMX Music, Inc.* (San Francisco County) (Improper chargebacks on commission payments.)

i.    *Tiffany, et al. v. Hometown Buffet* (San Francisco County) (Manager misclassification.)

j.    *Leoni, et al. v. Jetsetter Express, Inc.* (San Joaquin County) (Manager misclassification.)

k.    *Solano v. Clark Pest Control* (Los Angeles County) (Technician/salesperson misclassification.)

l.    *Guglielmino, et al. v. McKee Foods Corp.* (USDC-ND) (Independent contractor vs. employee status.)

m.    *Evets v. Guess?, Inc.* (San Francisco County) (Manager misclassification.)

5.    Between October 15, 2005 and the present, I have been practicing law at Keller Grover LLP. At Keller Grover, approximately 95% of my time is spent representing plaintiffs in employment matters. I am currently lead counsel or co-lead counsel on more than 15 different wage and hour class actions. I have been named Class Counsel in numerous recent wage and hour class action matters, including:

a.    *Watson v. Ann Taylor Stores Corp.*, Los Angles County Case No. BC342729;

b.    *Novak v. Retail Brand Alliance, Inc., et al.*, Alameda County Case No. RG05223254;

c.    *Jos. A. Banks Overtime Cases* (Coordinated Proceeding of *Palmtag v. Jos. A. Bank Clothiers, Inc.* and *McClure v. Jos A. Bank Clothiers, Inc.*, Solano County Case No. JCCP NO. 4479);

d.    *Diaz v. Best Buy Stores, L.P.*, Alameda County Case No. Case No. RG 06-264187;

e.    *Lozoya v. PA Acquisition Corp.*, et al, Alameda County Case No. RG 06-258395;

f.    *Krispy Kreme Overtime Cases* (Coordinated Proceeding of *Avina v. Krispy Kreme Doughnut Corp. et al.* and *Hashimoto v. Krispy Kreme Doughnut Corp., et al.*, Alameda County Case No. JCCP No. 4489);

g.    *Walgreens Overtime Cases* (Coordinated Proceeding of *Lebrecque v. Walgreen Healthcare Plus* and *Wright v. Walgreen Co.*, Los Angeles County Case No. JCCP 4387);

h.    *Gring v. Claire's Boutique's, Inc.*, Alameda County Case No. RG 05-247759;

i.   *Greene v. Federated Retail Holdings, Inc.* San Francisco County Case No. CGC 06-449456;

j.   *Stermer v. L'Occitane, Inc.*, San Francisco County Case No. CGC 06-456056;

k.   *Wilde v. Catalina Restaurant Group, Inc. et al.*, Los Angeles County Case No. BC 347513;

l.   *Rogers v. Accentcare, Inc.*, Alameda County Case No. RG05237683;

m.   *Fleming v. Dollar Tree Stores, Inc.*, U.S.D.C. Northern District of California Case No. Case No. C 06-03409 MJJ;

n.   *Corrado v. Valero Services, Inc.*, Alameda County Case No. RG 07-322134;

o.   *Stenroos v. Core-Mark International, Inc.*, San Mateo County Case No. CIV 451198;

p.   *Elsbury v. Pizza Hut of Southeast Kansas, Inc.*, C.D. Cal. Case No. EDCV 07-00695 SGL;

q.   *Lauzon v. Club Monaco U.S., LLC, Polo Retail, LLC, and Polo Ralph Lauren Corporation*, San Francisco County Case No. CGC-06-449963;

r.   *Brior v. AE Retail West LLC*, San Francisco Case No. CGC-06-455422;

s.   *Stermer v. Ulta Salon, Cosmetics & Fragrance, Inc.,* San Francisco County Case No. CGC 08-427014; and

t.   *Davenport v. Union Bank of California, N.A. and Unionbanc Investment Services LLC*, C.D. Cal. Case No. 2:07-CV-00001 FMC (VBKx).

6.   Based on my years of experience and my own independent investigation and evaluation, I am of the opinion that the recovery for each Settlement Class Member is on very fair, reasonable and adequate terms. I am familiar with many class certification orders and class action settlements involving employment-related cases. I am also familiar with nearly all of the class action settlements involving Labor Code § 212 issues and have a strong understanding of the trends in both the likelihood of certification and the value of settlements. My opinion takes into consideration the settlement amounts received in other similar Labor Code § 212 actions, the risks inherent in litigation of this genre, and the reasonable tailoring of each Settlement Class Members' claim to the amounts received. Based on that knowledge, I am of the opinion the Settlement is fair, reasonable and adequate and is in the best interests of the Settlement Classes.

**Brief Summary of Action:**

7.      On April 23, 2007, Plaintiff filed a class action complaint in the Superior Court of the County of Alameda, that was subsequently removed to the United States District Court for the Northern District of California.   In the complaint, Plaintiff alleges, among other things, that Defendant issued paychecks to its California employees that fail to conform to the requirements of California Labor Code § 212 and that Defendant charged its own employees a check cashing fee in violation of Labor Code § 221.   Plaintiff asserts causes of action under Labor Code §§ 212, 221 and § 2699 and Business & Professions Code §§ 17200, *et seq.*   Plaintiff seeks damages and restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and costs on behalf of herself and a proposed class.

8.      Specifically, Plaintiff alleges that, until March 12, 2007,[1] Defendant issued paychecks that failed to state the name and address of an established place of business in California where employees could cash their checks for free.   Further, Plaintiff alleges that Defendant did not make any arrangements for its employees to cash their paychecks at a location within the state without a fee.   As a result, Plaintiff alleges that she and the Labor Code § 212 Class members were charged a fee to cash their paychecks at banks or other check cashing facilities in California and/or had holds placed on their paychecks delaying their ability to obtain their wages.

9.      In addition, Plaintiff alleges that she and a sub-class of employees also were charged check cashing fees by Defendant when they cashed their paychecks at Defendant's Pilot Travel Centers, allegedly violating Labor Code § 221.   Plaintiff also alleges that Defendant's practice of issuing such paychecks and taking a portion of employees' wages in the form of check cashing fees were unfair business practices in violation of California   Business & Professions Code §§ 17200, *et seq.*

---

[1] On or around March 12, 2007, Defendant began using paychecks issued by Wells Fargo, which has retail branches in California.  Defendant entered into an agreement with Wells Fargo to pay for the check cashing fees incurred when its employees presented paychecks to be cashed.  The new paychecks provide that they can be cashed free of charge at a Wells Fargo branch.

4

10.    In connection with these allegations, Plaintiff asserted causes of action under Labor Code §§ 212, 221 and 2699 and Business & Professions Code §§ 17200, *et seq.*, seeking damages and restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and costs.

11.    Defendant has denied all of these allegations and denies any liability to Plaintiff or the proposed class members.  To date, no class has been certified and no court has made any findings that Defendant engaged in any wrongdoing or wrongful conduct.

12.    The Parties exchanged a substantial amount of informal discovery.  As part of the information exchanged, Defendant provided information concerning the number of paychecks issued to its California employees dating from April 23, 2003 to March 11, 2007.  Defendant provided information concerning the number of employees who received such paychecks. Defendant also provided examples of checks and relevant information regarding the manner in which the checks were negotiated.

13.    Defendant also provided information that, from April 1, 2005 through March 11, 2007, Defendant charged its employees $2.00 when cashing a check at any of the Pilot stores. Defendant estimates that, during that time period, employees cashed approximately 53% of the live paychecks issued at Pilot Stores.  Thus, the Parties were able to determine that approximately 36,289 paychecks were cashed by employees at Defendant's stores at a rate of $2.00 per check.

14.    All of the following information were produced by Defendant and reviewed by proposed Class Counsel in advance of reaching a tentative settlement:

- Estimates that Defendant issued approximately 68,469 live paychecks to approximately 2,987 of its California employees between April 23, 2003 and March 11, 2007 (the "Class Period").

- Estimates that Defendant issued approximately 15,305 live paychecks to approximately 1,144 of its California employees between April 23, 2006 and March 11, 2007.

- Defendant charged its employees $2.00 per check cashed at Defendant's Pilot stores.

- With information available only from April 1, 2005 through March 11, 2007, estimates that 53% of the live paychecks issued during the Class Period were

5

cashed in Pilot Stores and approximately 36,747 checks were chased during that time period, meaning Pilot employees paid Defendant approximately $73,494.86 in check cashing fees when negotiating their paychecks.

▪ The paychecks issued during the Class Period were drawn on Amsouth PTC Bank and Wachovia Bank, neither of which had retail branches in California during the class period.

▪ Information regarding the manner in which the checks had been negotiated.

15.    Plaintiff's counsel assessed Defendant's information and engaged in detailed discussions with Defendant's counsel regarding different settlement scenarios.  Through this informal discovery and discussions, Defendant and Plaintiff exchanged information and documentation as well as apprised each other of their respective factual contentions, legal theories, and defenses.  Both Parties were able to conduct a thorough investigation into the claims asserted in the complaints.  In particular, the Parties were able to make informed assessments of the probability of certifying a class action, a critical hurdle in an action involving relatively small individual claims.  Additionally, during the course of their information exchange, the Parties engaged in extensive good faith, arms-length negotiations including information exchanges, telephone conferences, and correspondence aimed at settling their dispute.  In short, for a period of several months, the Parties engaged in extensive investigation and discovery into the factual and legal claims presented in the Complaint.

**Settlement Negotiations and Amount:**

16.    Armed with extensive data regarding Defendant's practice of issuing paychecks to its California employees, the Parties were able to engage in informed negotiations of possible settlement alternatives, which included sharing their respective factual and legal positions.  During the course of these exchanges of information, the Parties engaged in extensive good faith, arms-length negotiations, including telephone conferences, correspondence, and formal mediation, all in an effort to settle their dispute.  After a full-day mediation session and three months of follow-up negotiations with the mediator's assistance, the Parties were able to reach a tentative resolution.

17.    In February 2008, the Parties reached a formal settlement agreement, which was memorialized in the Joint Stipulation of Settlement and Release Between Plaintiff and Defendant

6

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

("Stipulation").  The Stipulation sets forth all terms of the agreement reached by the Parties.  A true and correct copy of the Stipulation is attached hereto as **Exhibit A**.  The Stipulation sets forth all terms of the agreement reached by the Parties, which include, among other terms, that the Class Members may recover amounts reflecting check cashing fees incurred when cashing their paychecks, interest and penalties.

18.     On April 15, 2008, the Court granted Plaintiff's motion for preliminary approval of the settlement.  A true and correct copy of the Order Vacating Hearing Date, Granting Preliminary Approval of Class Action Settlement, and Setting Final Approval Hearing is attached hereto as **Exhibit B**.

19.     On April 22, 2008, Defendant sent notice of the proposed class action settlement required under the Class Action Fairness Act, 28 U.S.C §1715(b) to all of the appropriate State and Federal officials. *See* Proofs of Notification filed with the Court as Docket No. 24.  It has been more than 90 days since the notices were sent and the Parties have received no objections from any officials.

20.     The Settlement provides for two settlement classes ("Settlement Classes").   One settlement class (the "Labor Code Section 2699 Class") is composed of all California employees of Defendant who received one or more live paychecks from Defendant between April 23, 2006 and March 11, 2007.   The other settlement class ("Labor Code Section 212 Class") is composed of all California employees of Defendant who paid a fee to Defendant or a third-party to cash one or more live paychecks received from Defendant between April 23, 2003 and March 11, 2007.  *Id.* Members of the Labor Code Section 2699 Class may also be members of the Labor Code Section 212 Class.

**Class Notice and Current Claims Rate:**

21.     On May 30, 2008, in accordance with the Court's preliminary approval order, Rosenthal & Co. ("Rosenthal" or "Claims Administrator") mailed the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") to the 2,877 Class Members in accordance with the Court's preliminary approval order.  John Keane of Rosenthal has

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

1    prepared a declaration describing the notice distribution and claims process in detail.    Keane's

2    Declaration is being filed herewith.

3         22.    According to Rosenthal, as of September 3, 2008, there were 521 claims filed.    The

4    Parties have agreed to accept late but otherwise valid claims.    According to Rosenthal, based on

5    the current claims information, approximately 478 Labor Code Section 212 Class Members and

6    approximately 271 Labor Code Section 2699 Class members have submitted claims and will

7    receive monetary settlement payments as set forth in the Stipulation.[2]

8         23.    According to Rosenthal, no Class Member objected to the Settlement, and only five

9    Class Members chose to opt out.    (The number of opt-outs is two one-thousandth of one percent of

10   the total potential Class.)

11        24.    Through Class Counsel's experience with Labor Code Section 212 cases, Class

12   Counsel has some knowledge regarding the expected average percentage of paychecks cashed for

13   a check cashing fee within the total population of live paychecks issued by an average employer.

14   Class Counsel has reviewed surveys of check cashing practices as well as a 13,000 paycheck

15   sampling produced by an employer in another case.    Experience from these other cases shows that

16   between 20-30% of live paychecks typically are cashed for a check cashing fee.    Thus, of the

17   entire 2,877 Class Members who were issued live paychecks during the Class Period, it would be

18   expected that not all of those employees would have incurred check cashing fees.    For example, if

19   25% of 2,877 employees receiving live paychecks incurred check cashing fees, there would be 719

20   employees who incurred fees.    In that example, the 521 claims of 719 employees who actually

21   incurred fees results in a claims rate of 72%.    This example is based only on a hypothetical

22   percentage because an attempt to determine which employees actually paid fees of those who

23   received live paychecks would have required excessive amounts of man hours, expense and

24   delays.    The only way to obtain this information would have been to examine the reverse side of

25   every paycheck issued to almost 2,900 employees to assess where each check was cashed.    Thus,

26   the Parties included in the class definition all employees who received live paychecks as the more

27   efficient yet still reasonable method for defining the classes.    Although Class Counsel could not

28

---

[2]    Some claimants are members of both Settlement Classes.

8

1    reasonably obtain the actual numbers of employees who incurred check cashing fees among those

2    employees who were issued live paychecks, the information from the surveys and samplings

3    provide a reasonable basis to conclude that the claims rate in this action is consistent with past

4    experience and results in a fair settlement amount for each Class Member who filed a valid claim.

5    **The Settlement is Fair, Reasonable and Adequate:**

6        25.    The Settlement for each participating Class Member is fair, reasonable, and

7    adequate, given the inherent risk of litigation, the risk relative to class certification and the costs of

8    pursuing such litigation.  The Settlement is the result of extensive, arms-length negotiations.

9        26.    Fairness of the Settlement is demonstrated by the uncertainty and risks to the

10   Plaintiff and the Settlement Classes both in not prevailing on one or more causes of action or

11   theories alleged in the complaint and in non-certification.  Although Class Counsel are confident

12   that all of the elements necessary for certification are satisfied in this case, the risk of non-

13   certification is always present.  Defendant has adamantly disputed both the ability of Plaintiff to

14   certify a class and the allegation that the paychecks at issue did not conform to Labor Code § 212.

15   If the Class were not certified, most Class Members would likely not be able to pursue their

16   individual claims against Defendant because their individual claims are not large enough to

17   provide incentive to litigate individually.  The Settlement takes these risks into account.

18       27.    The Settlement is a good compromise for the damages of absent Class Members.  It

19   also provides named Plaintiff and Class Representative Ford with a modest enhancement for the

20   risks, time and effort she expended in coming forward to provide invaluable information in support

21   of the claims alleged in the complaint.

22       28.    Prosecution of this case resulted in tangible benefits for the settlement Class

23   Members in the following respects: (1) By this Settlement, Class Members will receive their

24   recoveries over a reasonably short period of time as opposed to waiting additional years for the

25   same, or possibly worse, result; (2) Class Members will receive a guaranteed result that compares

26   very favorably with other similar class action settlements of this type; and (3) settlement at this

27   juncture will translate into significant savings in Class Counsel's fees and costs which would have

28   only increased had the case progressed through trial, appeals, etc.  Also, as part of the Settlement,

9

1  Defendant has agreed to notify its current and future employees of the free check cashing option it

2  now has in place for all of its California employees.  The Settlement also benefits the general

3  public in that the State of California will receive a sizable payment in the amount of $93,375 to use

4  for education and enforcement of the State's labor laws.

5      29.    For the vast majority of the Class Member population, receipt of this recovery will

6  be an unexpected benefit in that the Class Members never even knew they were entitled to

7  reimbursement of check cashing fees when Plaintiff Ford filed this case.  Approximately 271

8  Labor Code Section 2699 Class Members and approximately 478 Labor Code Section 212 Class

9  Member will receive settlement payments.

10     30.    Exemplifying the overwhelming support the absent Class Members have

11  demonstrated for this Settlement is the fact that not one Settlement Class Member objected to the

12  Settlement and only five Class Members opted out.  The absolute lack of objections and the few

13  opt-outs speak volumes about the fairness, reasonableness and adequacy of this settlement.

14  **Suitability of the Action for Class Certification:**

15     31.    To date, no class has been certified.  The Parties conditionally stipulated to the

16  certification of two Settlement Classes for the purposes of settlement.

17     32.    As Class Counsel, I am confident that Plaintiff could successfully prove that this

18  action meets the requirements of class certification.

19     33.    The proposed Classes are clearly ascertainable. Any California employees who

20  received live paychecks during the relevant time period are Class Members and their identities  are

21  ascertainable from Defendant's employee records.  In fact, Defendant has identified 2,877 Class

22  Members.

23     34.    According to Defendant's records, there are an estimated 1,144 members of the

24  Labor Code Section 2699 Class and up to 2,877 members of the Labor Code Section 212 Class.

25  Thus, each Class is sufficiently numerous that it would be "impracticable" to bring all members

26  before the Court.

27     35.    Common questions of fact and law predominate in this case.  The Class Members'

28  claims all stem from a common source: they were not provided with paychecks that did not

1    conform with the requirements of Labor Code § 212 and that could be cashed without fee or delay

2    in California.  All of the Class Members seek the same legal remedies under the same state laws,

3    including injunctive relief.

4        36.    Based on the documents produced thus far, Plaintiff asserts that there is evidence

5    that the Class Members were uniformly subjected to Defendant's common paycheck practices.  It

6    is Plaintiff's position that the evidence also shows that the paychecks Defendant issued to its

7    California employees were not printed with the information required under Labor Code § 212 and

8    could not be cashed by employees in California without a fee or without delay.

9        37.    The Class Representative's claims are typical of the other Class Members.  The

10   named Plaintiff asserts claims that Defendant did not issue proper paychecks to her, causing her to

11   incur check cashing fees.  The named Plaintiff's claims are the same as those that the Class

12   Members would reasonably be expected to bring based on the course of conduct alleged in this

13   case.

14       38.    Furthermore, the Class Representative has actively participated in this litigation.

15   Plaintiff Ford has always been available and willing to lend her assistance to Class Counsel and, in

16   fact, did so during the filing of the complaint, the informal discovery process and the settlement

17   process.  Plaintiff Ford has shown that she would aggressively and competently protect the

18   interests of the Classes.

19       39.    Plaintiff Ford also retained competent counsel by hiring Keller Grover LLP,

20   Thierman Law Firm, Law Office of Scott A. Miller, A.P.C. and Law Office of Steven L. Miller, A

21   Professional Law Corporation to represent the Class.  My almost 20 years of experience litigating

22   employment class action cases, including serving as Class Counsel in numerous employment-

23   related class actions, gives me the expertise and skill to serve as Class Counsel in this action.  The

24   attorneys in my office working with me on the case also specialize in and are experienced in class

25   action litigation.

26       40.    Thierman Law Firm has successfully represented numerous employee classes

27   against employers over the course of many years.  Both the Law Office of Scott A. Miller, A.P.C.

28   and Law Office of Steven L. Miller, A Professional Law Corporation have years of experience

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

1   both in class actions and in employment related cases.  All three law firms, as well as Keller

2   Grover, have been at the forefront of obtaining recoveries for California employees who have been

3   injured when employers fail to adhere to the paycheck requirements of Labor Code §212.  Among

4   us, Plaintiff's Counsel have litigated more than a dozen Labor Code § 212 cases.

5   41.   Defendant, however, has taken the position all along that this case was not suited

6   for class action treatment and would not be possible to try as a representative action.  Likewise,

7   Defendant has been consistent in its assertion that it had complied with all legal requirements

8   regarding the issuance of paychecks.  In short, Defendant believed that it had a good chance of

9   defeating class certification and/or prevailing on the merits of the claims.  Defendant's position

10  guaranteed a lengthy and protracted appeal process in the event it did not in fact prevail at

11  certification and/or trial.  However, Defendant was faced with the risks inherent in litigation and

12  the prospect of lengthy and expensive litigation against Plaintiff represented by Class Counsel very

13  experienced in handling employment class actions.

14  42.   Although Class Counsel were ultimately confident in the merits of the Class

15  Members' position, we were put in the position of negotiating a settlement at this juncture or

16  facing years of litigation to reach judgment that was by no means preordained.  Employment laws

17  are constantly evolving, and a change in law always threatened to wipe out Plaintiff's potential

18  recovery.  Case law interpreting Labor Code § 212, particularly in this context, is virtually non-

19  existent.  In these rapidly changing areas of law, claims can be created and deleted with the risk of

20  retroactivity as evidenced by the enactment and modifications to Labor Code § 2698 *et seq.* and

21  California's Proposition 64 changes to Business and Professions Code § 17200 *et seq.*  Thus,

22  although Class Counsel believe in the viability of the claims in this action and the ability to

23  succeed at class certification, we accounted for the risk that the Court would reach a different

24  conclusion, which would leave the Class Members with no recovery at all.  Accordingly, Class

25  Counsel decided that a settlement at this juncture for a settlement package of up to $925,000 was

26  in the best interest of the Class Members.

27  **Class Representative's Individual Claims:**

28

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

43.    The Settlement also resolves Plaintiff Ford's individual claims against Defendant. Plaintiff Ford will receive the fair and reasonable amount of $10,000 to settle her individual claims against Defendant.

**Class Representative's Enhancement:**

44.    It is appropriate to recognize the contributions of the Class Representative in prosecuting this litigation.  It is fair and reasonable that Plaintiff Ford be awarded a modest $5,000 enhancement.  The Class Representative's enhancement is fair given the amount of time and effort spent on assisting in the prosecution of this case and the personal hardships and pressure she faced as a result of filing this lawsuit against her former employer. The named Plaintiff's Declaration is submitted with the motion for final approval.

45.    Plaintiff Ford was an essential element in the successful prosecution of this case. She was always available to provide her input on strategy and other information that proved critical to the prosecution.

**Notice Program:**

46.    On April 15, 2008, the Court granted preliminary approval of the Settlement and authorizing the Notice subject to one modification.  The Parties agreed upon Rosenthal to handle the notice and claims administration.  The details of Rosenthal's handling of the claims are described in the Keane Declaration, which includes a true and correct copy of the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing to Class Members and the accompanying Claim Form sent to Class Members by Rosenthal.

47.    In addition, Keller Grover LLP worked hard to call Class Members who had contacted our office to provide information regarding the case to ensure they had received the Notice and claim forms, understood the content, and received our recommendation as Class Counsel to submit a claim.  Class Counsel received a number of telephone calls enquiring about all aspects of the Settlement.  All inquiries were given timely responses.

48.    Class Counsel did not receive any objections from Class Members to the proposed Settlement.

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

49.    In my experience, the support of the Class Members is a key indicator of the fairness, reasonableness and adequacy of this Settlement.  In this case, not one objection has been filed.  Similarly, there have been only five opt-outs, demonstrating the Class Members' overwhelming support of the Settlement.

**Attorneys' Fees:**

50.    This Court can appreciate that litigating a high stakes case against a powerful and well-funded corporate defendant represented by an excellent law firm in an unsettled area of law is not appealing to most lawyers, particularly when the plaintiffs' lawyer will have to finance the litigation.  This case was taken on a contingency basis and is not a case undertaken lightly.  The risk of advancing costs in this type of litigation can be quite large.

51.    Even with my extensive experience litigating employment cases, prosecuting these cases still carry a considerable amount of risk.  The greatest early risk involves the discretionary class certification decision.  Other risks abound depending on the circumstances of each case.  Clients who agree to be class representatives are likewise taking considerable risk that they may be responsible for defense costs if the case is lost.

52.    The nature of the work and Class Counsel's expertise justify the requested rate as well.  There is very virtually no case law interpreting Labor Code § 212 in this context.  Through this case and only a handful of prior unrelated actions, Class Counsel has been at the forefront of actions involving these types of violations of Labor Code § 212.  In fact, Class Counsel's work in two similar cases, *Fleming v. Dollar Tree, Inc.*, Case No C06-03409 MJJ, (N.D. Cal. Sept. 15, 2006) 2006 U.S. Dist. LEXIS 67749 and *Solis v. The Regis Corporation*, Case No. 05-03039 CRB, 2007 WL 4313806, (N.D. Cal. Dec. 10, 2007) (Thierman Law Firm representing plaintiffs), has established the only known case authority interpreting Labor Code § 212 in this context.  In addition, class action work in itself also requires specialized learning and the willingness to take large risks.

53.    Practices like those of Class Counsel can only properly litigate a limited number of cases at one time.  Had we not reached a settlement with Defendant, the demands of this case

14

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

1  would have required a significant portion of our resources.  Thus, Keller Grover LLP was

2  precluded from taking other employment cases due to the demands of litigating this case.

3      54.    Class Counsel are submitting a fee request of 25% of the total settlement value.  My

4  experience in class actions as well as my review of fee awards in similar actions support my

5  conclusion that the fee request is reasonable and in line with the common practice in this type of

6  case.

7  **Class Counsel's Costs:**

8      55.    Class Counsel requests that a total of $6,795.98 in costs be reimbursed.

9      56.    Keller Grover LLP's costs to date are $5,694.24 and include filing fees, mediator

10  fees, copy charges, computer research, court courier charges, mailing, telephone and federal

11  express charges.  Keller Grover also expects to incur an additional $200 in copying, courier and/or

12  filing fees related to the filing of the final approval papers.  Class Counsel requests that those costs

13  also be reimbursed.  A true and correct copy of an itemized list of costs incurred by Keller Grover

14  to date in this action is attached hereto as **Exhibit C**.

15      57.    Thierman Law Firm incurred $289.74 in mileage and meal costs related to the

16  mediation.

17      58.    The Law Office of Steven L. Miller, A Professional Law Corporation incurred

18  $612.00 in airfare, hotel, ground transportation, parking and meal costs related to the mediation.

19      59.    The costs were reasonably incurred in litigating this matter.  In the Preliminary

20  Approval, an estimate of $10,000 was set aside for final costs and was included in the Notice.  The

21  actual costs incurred were less than the estimated amount, an amount to which no Class Member

22  objected.  The remaining unused funds allocated to counsel's costs will be distributed to the Labor

23  Code Section 212 as provided in the Stipulation.

24      I declare, under penalty of perjury, under the laws of the State of California and the United

25  States, that the foregoing is true and correct.  Executed this 8th day of September 2008 at San

26  Francisco, California.

27  

28                   /s/
             ERIC A. GROVER

GROVER DECLARATION ISO MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
Case No.: C07-02715 TEH

EXHIBIT A

1   ERIC A. GROVER, Esq. (SBN 136080)
    KELLER GROVER LLP
2   425 Second Street, Suite 500
    San Francisco, CA 94107
3   Telephone: (415) 543-1305
    Facsimile: (415) 543-7861
4   eagrover@kellergrover.com

5   Attorneys for Plaintiff
    CHERYL FORD
6
    JODY A. LANDRY, Esq. (SBN 125743)
7   LITTLER MENDELSON
    501 W. Broadway, Suite 900
8   San Diego, CA 92101-3577
    Telephone: (619) 232-0441
9   Facsimile: (619) 232-4302
    jlandry@littler.com
10
    MICHAEL E. BREWER, Esq. (SBN 177912)
11  LISA C. CHAGALA, Esq. (SBN 217883)
    LITTLER MENDELSON
12  1255 Treat Blvd., Suite 600
    Walnut Creek, CA 94597
13  Telephone: (925) 932-2468
    Facsimile: (925) 946-9809
14  mbrewer@littler.com
    lchagala@littler.com
15
    Attorneys for Defendant
16  PILOT TRAVEL CENTERS LLC

17              **UNITED STATES DISTRICT COURT**

18            **NORTHERN DISTRICT OF CALIFORNIA**

19  CHERYL FORD, on behalf of herself, the       )   Case No.: C07-02715 TEH
    general public, and as an "aggrieved employee" )
20  under the California Labor Code Private        )
    Attorneys General Act,                         )   <u>CLASS ACTION</u>
21                                                 )
                                                   )   **JOINT STIPULATION OF**
22          Plaintiff,                             )   **SETTLEMENT AND RELEASE**
                                                   )   **BETWEEN PLAINTIFF AND**
23      v.                                         )   **DEFENDANT**
                                                   )
24  PILOT TRAVEL CENTERS LLC and DOES 1- )      Date:     May 12, 2008
    10 inclusive,                                  )   Time:     1:30 p.m.
25                                                 )   Courtroom: 12 (19th Floor)
                                                   )
26          Defendants.                            )

27

28

    JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
    BETWEEN PLAINTIFF AND DEFENDANT

1    This Joint Stipulation of Settlement and Release ("Stipulation of Settlement") is made

2    and entered into by and between Plaintiff Cheryl Ford ("Plaintiff" or "Class Representative") and

3    Defendant Pilot Travel Centers LLC ("Defendant" or "Pilot"), and is subject to the terms and

4    conditions hereof and the approval of the Court. Plaintiff and Defendant are referenced

5    collectively herein as "the Parties."

6        1.      On April 23, 2007, Plaintiff filed a class action complaint in the Superior Court of

7    the County of Alameda, that was subsequently removed to the United States District Court for

8    the Northern District of California, Case No. C07-02715 TEH, captioned, *Cheryl Ford v. Pilot*

9    *Travel Centers LLC*, alleging, among other things, that Defendant issued paychecks to its

10   California employees that fail to conform to the requirements of California Labor Code section

11   212 and that Defendant charged its own employees a check cashing fee in violation of Labor

12   Code section 221. The Lawsuit asserts causes of action under Labor Code sections 212, 221 and

13   2699 and Business & Professions Code sections 17200, *et seq*. The Lawsuit seeks damages and

14   restitution for check cashing fees, statutory penalties, injunctive relief, and attorneys' fees and

15   costs.

16       2.      Defendant denies any liability or wrongdoing of any kind associated with the

17   claims alleged in the Lawsuit, and further denies that, for purposes other than the settling of this

18   Lawsuit, any part of this Lawsuit is appropriate for class treatment. Pilot has denied and

19   continues to deny each and every material factual allegation and alleged claim asserted in the

20   Lawsuit. Nothing herein shall constitute an admission by Pilot of wrongdoing or liability or of

21   the truth of any factual allegations in the lawsuit. Nothing herein shall constitute an admission

22   by Pilot that the Lawsuit is properly brought on a class or representative basis other than for

23   settlement purposes. To this end, the settlement of the Lawsuit, the negotiation and execution of

24   this Agreement, and all acts performed or documents executed pursuant to or in furtherance of

25   the Settlement: (i) are not, shall not be deemed to be, and may not be used as, an admission or

26   evidence of any wrongdoing or liability on the part of Pilot or of the truth of any of the factual

27   allegations in the Lawsuit; (ii) are not, shall not be deemed to be, and may not be used as, an

28   admission or evidence of any fault or omission on the part of Pilot in any civil, criminal or

1

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    administrative proceeding in any court, administrative agency or other tribunal; and (iii) are not,

2    shall not be deemed to be, and may not be used as, an admission or evidence of the

3    appropriateness of these or similar claims for class certification.

4         3.    For purposes of this Stipulation of Settlement, there shall be two separate

5    settlement classes. It is contemplated that an individual could be a member of both classes. The

6    "Labor Code Section 2699 Class" shall be defined as follows:

7         "All California employees of Defendant who received one or more live paychecks
         from Defendant between April 23, 2006 and March 11, 2007.
8

9         4.    The "Labor Code Section 212 Class" shall be defined as follows:

10        "All California employees of Defendant who paid a fee to Defendant or a third-
         party to cash one or more live paychecks received from Defendant between April
11        23, 2003 and March 11, 2007."

12             The members of the two settlement classes are referred to herein

13    collectively as the "Class Members."

14        5.    On October 23, 2007, the Parties participated in mediation before respected

15    mediator Mark S. Rudy, Esq. Although the matter did not settle at that mediation session, Mr.

16    Rudy continued to work with the parties through February 7, 2008, when a tentative settlement

17    was reached subject to Court approval. The Parties are now entering into a more detailed,

18    formalized settlement agreement to submit to the Court for preliminary and final approval.

19        6.    For purposes of settling the claims alleged in the Lawsuit only, the Parties

20    conditionally stipulate and agree that the requisites for establishing class certification with

21    respect to the two settlement classes have been met and are met, and, therefore, stipulate to

22    certification of both settlement classes. More specifically, the Parties conditionally stipulate and

23    agree that:

24             a.    Each settlement class is so numerous as to make it impracticable to join all

25                 class members.

26             b.    There is an ascertainable class for each settlement class.

27             c.    For each settlement class, common questions of law and fact exist.

28

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

d.    Plaintiff's Labor Code sections 212, 221 and 2699 claims are typical of the claims of the settlement classes.

e.    Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation should be deemed "Class Counsel" and will fairly and adequately protect the interests of each settlement class.

f.    The prosecution of separate actions by individual members of the two settlement classes would create the risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct.

g.    Questions of law and fact common to the members of each settlement class predominate over questions affecting individual members of each settlement class and a class action is superior to other available means for the fair and efficient adjudication of the controversy.

7.    With paychecks effective no later than March 12, 2007, Defendant made provisions for paychecks issued to its California employees to be cashed without a fee at certain Wells Fargo branches in California and has made efforts to notify all California employees of this free check cashing arrangement. Defendant further agrees to continue to make efforts to notify all current and future California employees of this or any future free check cashing arrangement.

8.    Plaintiff and Class Counsel have performed a thorough study of the law and facts relating to the claims asserted in the Lawsuit and have concluded, based upon their investigation and pre-mediation discovery, and taking into account the sharply contested issues, the expense and time necessary to pursue the action through trial, the risks and costs of further prosecution of the Lawsuit, the uncertainties of complex litigation, and the substantial benefits to the members of each settlement class and the State of California, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate and in the best interests of each settlement class and the State of California. Plaintiff, on her own behalf and on behalf of the members of each settlement class, has agreed to settle the Lawsuit on the terms set forth herein.

3

9.     It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all disputes and claims which exist between them based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred to herein as the "Released Claims" and as defined in paragraph 24 below.  In order to achieve a full and complete release of Defendant (and the Releasees as defined in paragraph 11) of such disputes and claims, execution of the Stipulation and Settlement by the Class Representative is intended to effect a release by each Class Member (which includes any legal heirs and/or successors-in-interest of each Class Member) and is intended to include in its effect all claims based on, arising out of, or directly related to the causes of action alleged in the Lawsuit, referred to herein as the Released Claims and as defined in paragraph 24 below as to all Class Members.

10.     With respect to the Released Claims (as defined in paragraph 24 below), each Class Member shall be deemed to have expressly waived and relinquished to the fullest extent permitted by law, the provisions, rights and benefits afforded by section 1542 of the California Civil Code, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

However:

**The Parties expressly exclude from the scope of this Release (except with respect to Representative Plaintiff Ford, who waives all claims) any claims that Class Members have in connection with any individual actions or class actions involving claims other than those as defined in paragraph 24 below.**

11.     As more fully described in paragraph 24 below, it is the intention of the Parties that this Stipulation of Settlement shall constitute a full and complete settlement and release of all claims based on, arising out of or directly related to, all claims based upon deficiencies in the instruments or checks used to pay the wages of Defendant's California employees and all claims based on Defendant's charging its California employees a fee to cash paychecks at Defendant's retail locations if the California employee chose to use the retail location's check cashing service offered to its customers.  This release includes violations of Labor Code sections 212 and 221

4

1   and penalties under any provision of law, including (without limitation) Labor Code section 2699

2   and Labor Code section 225.5, based upon violations of Labor Code sections 212 and 221, and

3   restitution under Business & Professions Code section 17200 et seq. premised on violations of

4   Labor Code sections 212 and 221, as well as claims for attorneys' fees and costs related to any

5   such claims, which release shall include in its effect Pilot Travel Centers LLC and its present and

6   former affiliates, parent companies, subsidiaries, shareholders, officers, partners, directors,

7   employees, agents, attorneys, insurers, predecessors, successors and assigns and each and all of

8   their respective officers, partners, directors, servants, agents, shareholders, employees,

9   representatives, accountants, insurers, and attorneys, past, present, and future, and all persons

10   acting under, by, through, or in concert with any of them (collectively, the "Releasees").

11        12.    This settlement requires Defendant to pay a total amount up to, but not to exceed,

12   $925,000.00 that shall be referred to herein as a Gross Fund Value ("GFV"). The GFV

13   represents the maximum payment Defendant shall be required to make toward the settlement of

14   this action, and this GFV shall be used to cover all payments of class claims, the payment to the

15   State of California's Labor & Workforce Development Agency ("LWDA"), administration costs,

16   Court-approved attorneys' fees and costs, Plaintiff's enhancement award and the settlement of

17   Plaintiff's individual claims. The payments from the GFV are not being made for any other

18   purpose and shall not be construed as compensation for purposes of determining eligibility for

19   any health and welfare benefits or unemployment compensation. One hundred percent (100%)

20   of the amount allocated for payments to Labor Code Section 2699 Class Members and the

21   LWDA shall actually be paid to the LWDA and Labor Code Section 2699 Class Members. A

22   minimum of twenty percent (20%) of the amount allocated for payment to Labor Code Section

23   212 Class Members shall actually be paid to Class Members. Any amount of GFV not required

24   to pay class claims, administration costs, Court-approved attorneys' fees and costs, Plaintiff's

25   enhancement award, and the payment to the Class Representative in exchange for a General

26   Release, shall remain Defendant's property.

27        13.    The Net Fund Value ("NFV") will constitute the total sum from which the LWDA

28   and Class Members will be paid after Court-approved attorneys' fees and costs, administration

5

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    costs, the enhancement award and settlement of Plaintiff's individual claims described herein are

2    subtracted from the GFV.

### TERMS OF SETTLEMENT

4        14.    NOW, THEREFORE, in consideration of the mutual covenants, promises, and

5    warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

        a.    It is agreed by and among the Plaintiff, Class Members and Defendant that the Lawsuit and any claims, damages, or causes of action arising out of the dispute which is the subject of said Lawsuit, be settled and compromised as among Plaintiff, the Class Members and Defendant, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

        b.    Settlement Date: The settlement embodied in this Stipulation of Settlement shall go into effect only after entry of a final order and judgment has been entered by the Court certifying the settlement classes and dismissing the Lawsuit in accordance with the terms herein, and approving this Stipulation of Settlement.

        c.    Settlement Payments to the Labor Code Section 2699 Class and the State of California:

            (1)    Payments to Labor Code Section 2699 Class and the State of California: The Parties have allocated a total of $132,500.00 to settle the claims of the Labor Code Section 2699 Class under Labor Code section 2699. All one hundred percent (100%) of this amount will be paid out. Labor Code section 2699(i) requires that any settlement under this section is distributed as follows: 75% to the State's LWDA for enforcement of labor laws and education of employers and 25% to the aggrieved employees. Therefore, $99,375.00 will be paid to the LWDA. The remaining $33,125.00 will be distributed to all members of the Labor Code Section 2699

6

1    Class who make timely claims (i.e., "Qualified Claimants"). It is

2    estimated that there are approximately 1,150 members of the Labor

3    Code Section 2699 Class. The individual payment to each

4    Qualified Claimant will be calculated on a prorated basis based

5    upon each Qualified Claimant's number of pay periods during the

6    applicable settlement period. Any monies not able to be delivered

7    to a Qualified Labor Code Section 2699 Claimant after one address

8    follow up on returned mail will, at the end of the Claims

9    Administration process, be paid by the Claims Administrator to the

10    State LWDA.

11        (2)    <u>Tax Treatment of Labor Code Section 2699 Class Payments:</u> The

12    individual settlement payments to the Labor Code Section 2699

13    Class Members are not wages.

14      d.    <u>Settlement Payments to the Labor Code Section 212 Class:</u>

15        (1)    <u>Payments to Labor Code Section 212 Class Members:</u> The Parties

16    have allocated a total of $501,500.00 to settle the claims of the

17    Labor Code Section 212 Class. In consideration for settlement and

18    a release of the defined claims by the Labor Code Section 212

19    Class against Defendant, and to the extent that settlement funds

20    exist to meet this level of individual settlement payments,

21    Defendant agrees to pay to each Qualified Claimant (as defined in

22    paragraph 14(k) below) the sum of $10.00 for each check cashing

23    fee affirmed under penalty of perjury up to a maximum of $170.00

24    per Qualified Labor Code Section 212 Class Claimant. If the

25    number of Qualified Claimants is such that a payment of $10.00

26    for each check cashing fee affirmed under penalty of perjury up to

27    a maximum of $170.00 will exceed the $501,500.00 allocated to

28    settle the claims of the Labor Code Section 212 Class, each

7

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

Case 3:07-cv-02715-TEH    Document 21    Filed 03/31/2008    Page 27 of 70

1    Qualified Claimant will receive a reduced pro rata share of the

2    $501,500.00 settlement allocation.  In no event shall a common

3    fund of less than $100,300.00 (or twenty percent (20%) of the

4    amount allocated to settle the claims of the Labor Code Section

5    212 Class) be paid to the Qualified Claimants of the Labor Code

6    Section 212 Class.  If the number of claims filed by Qualified

7    Claimants does not reach a distribution amount of $100,300.00 at

8    $10.00 for each check cashing fee affirmed under penalty of

9    perjury up to a maximum of $170.00, the individual payment to

10   each Qualified Claimant will be increased on a pro rata basis to

11   make the settlement distribution to the Labor Code Section 212

12   Class meet the minimum $100,300.00 settlement distribution

13   requirement.  Any amount from the $501,500.00 Labor Code

14   Section 212 Class settlement allocation not used to pay Qualified

15   Claimants is subject to excess costs of administration, as described

16   in paragraph 14(g) below.  Any amounts not required for such use

17   remain the property of Defendant and may be retained by

18   Defendant.

19   (2)   Tax Treatment of Labor Code Section 212 Class Payments:  It is

20         the intent of the Parties that the Labor Code Section 212 Class

21         settlement payments are in the nature of restitution to the Labor

22         Code Section 212 Class members who have been charged a fee to

23         cash their paychecks.  This payment is not in the nature of wages.

24         It is an amount designed to cover some or all of the expenses

25         incurred by the Labor Code Section 212 Class members to cash

26         their paychecks.

27   (3)   Difficulty of Determining Labor Code Section 212 Class Claims:

28         The Parties recognize and agree that the claims raised by the Labor

8

1    Code Section 212 Class in the Lawsuit are extremely difficult to

2    determine with any certainty for any given time period, or at all.

3    Defendant denies any liability for fees incurred. Assuming

4    responsibility for some class member claims of restitution, claims

5    are subject to several different calculations and formulae and the

6    current uncertainty as to the applicable statutes of limitations for at

7    least some of the asserted claims. The Parties also recognize and

8    agree that because of the relatively small amount of each fee and

9    the large number of Defendant's employees who received pay

10   checks between April 23, 2003 and March 12, 2007 (i.e.,

11   approximately 3,000), it would be extremely burdensome and

12   unduly costly to discern exactly which individuals incurred any fee

13   and for how many paychecks each individual Labor Code Section

14   212 Class member incurred a fee. The Parties hereby agree that

15   the formula for allocating the settlement payments to Labor Code

16   Section 212 Class members provided herein is reasonable and that

17   the settlement payments provided herein are designed to provide a

18   fair settlement to the Labor Code Section 212 Class, despite the

19   uncertainties associated with the amounts alleged to be owed to the

20   Labor Code Section 212 Class.

21   e.   Attorneys' Fees and Costs: In consideration for settling this matter and in

22   exchange for the release of the defined claims by the Class Members, and

23   the General Release by Plaintiff, and subject to final approval, Defendant

24   agrees not to object to or dispute an award to Class Counsel in an amount

25   not in excess of $231,250.00, or 25% of the GFV, to compensate and

26   reimburse Class Counsel for all of the work already performed by Class

27   Counsel in this case and all of the work remaining to be performed by

28   Class Counsel in documenting the Settlement, securing Court approval of

9

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    the Settlement, making sure that the Settlement is fairly administered and

2    implemented, and obtaining dismissal of the action. Defendant agrees that

3    Class Counsel also may be awarded a sum of up to $10,000 to cover actual

4    out-of-pocket costs. If the costs incurred by Class Counsel are less than

5    $10,000, the difference shall be paid into the Labor Code Section 212

6    Class portion of the settlement distribution. Should the Court approve a

7    lesser percentage or amount of fees, the unapproved portion or portions

8    shall remain the property of Defendant. Except as provided in this section,

9    Plaintiff, Class Members and Defendant shall bear their own attorneys'

10    fees and costs. No attorneys' fees shall be paid or awarded to any Class

11    Member who chooses to retain his or her own personal counsel.

12    f.    Payments to Plaintiff/Class Representative's Enhancement Award: Subject

13    to approval by the Court, Defendant further agrees that Plaintiff may

14    receive from the GFV an enhancement award and an amount to settle her

15    individual claims on the terms set forth below.

16    (1)    Class Representative's Enhancement Award: Subject to approval

17    by the Court, Defendant further agrees that Plaintiff may receive

18    from the GFV an enhancement of up to $5,000.00 for serving as

19    Class Representative. Should the Court approve an enhancement

20    award to Plaintiff in an amount less than that set forth herein, the

21    unapproved portion shall become part of the Labor Code Section

22    212 Class portion of the settlement distribution. The Enhancement

23    Award shall be reported on an IRS Form 1099.

24    (2)    Settlement of Plaintiff's Individual Claim: Defendant and Plaintiff

25    have also agreed to settle all of Plaintiff's individual claims as part

26    of this Settlement. In exchange for a payment of $10,000.00,

27    Plaintiff individually generally releases and forever discharges the

28    Defendant and any and all of its parent or related companies

10

JOINT STIPULATION OF SETTLEMENT AND RELEASE    Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    (hereinafter "Releasees") from any and all claims, actions, causes

2    of action, sums of money due, attorneys' fees and costs, suits,

3    debts, covenants, contracts, agreements, promises, demands,

4    employee benefits, statutory penalties or other amounts, or

5    liabilities whatsoever, whether known or unknown, which Plaintiff

6    ever had, now has, or might in the future have, for any conduct

7    (including alleged omissions) arising between she and the Releases

8    through the Effective Date of this Agreement.    This release

9    includes (without limitation) 1) violation of Title VII of the Civil

10    Rights Act of 1964;  2)  violation of the Fair Employment and

11    Housing Act; 3) violation of the California Constitution; 4)

12    violation of the Americans with Disabilities Act; 5) violation of the

13    California Labor Code; 6) breach of contract; 7) wrongful

14    termination or other tort, which have been or could have been

15    brought against the Releasees arising out of or related to Plaintiff's

16    employment with Defendant or its successors or assigns.  This

17    release specifically includes a waiver of all claims to the greatest

18    extent permitted by California Civil Code section 1542, which

19    provides:

20        **"A general release does not extend to claims which the
         creditor does not know or suspect to exist in his or her
21       favor at the time of executing the release, which if
         known by him or her must have materially affected his
22       or her settlement with the debtor."**

23

24    (3)    The payment to settle Plaintiff's individual claims as covered by

25    the scope of the General Release and shall be reported on an IRS

26    Form 1099.

27

28

11

JOINT STIPULATION OF SETTLEMENT AND RELEASE    Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

g.  Costs of Claims Administrator: The parties have selected Rosenthal & Co. ("Rosenthal" or "Claims Administrator") to act as Claims Administrator in this action. Rosenthal has estimated the cost to perform all necessary class administration duties to be approximately $35,000.00. These administration duties shall include without limitation, mailing notices and claim forms, performing address updates and verifications as necessary prior to the first mailing, deficiency letters, performing a single address follow up on any returned mail, and the calculation, processing, and mailing of all Class Member settlement checks and tax forms (if required) to the Class Members and tax authorities. All administration costs shall be taken from the GFV. If the costs of administration are less than $35,000.00, the difference shall be held as a contingency for unanticipated items, including but not limited to additional payments to Class Members of either settlement class, for sixty (60) days after the Effective Date. Whatever funds are left after that time shall be returned to Defendant. If the costs of administration exceed $35,000.00, the parties agree that the additional costs of administration shall come from unclaimed funds from the Labor Code Section 212 Class portion of the NFV. If that amount is still not sufficient to cover the excess costs of administration, the individual settlement awards to Labor Code Section 212 Class members shall be reduced on a pro rata basis by an amount necessary to cover the shortfall. The Parties do not anticipate that it will be necessary to reduce the payments to Labor Code Section 212 Class Members to cover excess administration costs.

h.  No Tax Advice Provided by Class Counsel or Defense Counsel: Neither Class Counsel nor Defense Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor shall it be relied upon as such. The tax issues for each

12

1    Class Member are unique, and each Class Member is advised to obtain tax

2    advice from his or her own tax advisor with respect to any payments

3    resulting from this settlement.

4    i.    Settlement Funding Deadline: Within ten (10) calendar days after the

5    final order of and judgment is signed by the Court, Defendant will deposit

6    with the Claims Administrator an amount sufficient to pay the attorneys'

7    fees and costs awarded to Class Counsel, the State of California's portion

8    of the settlement, the estimated costs of administration, the Class

9    Representative's enhancement, the settlement amount for the Class

10    Representative's personal claims in exchange for a General Release, and

11    all funds needed to pay claims received from Class Members. The Claims

12    Administrator shall hold the deposited amount in an interest bearing

13    account. The Effective Date of this Settlement ("Effective Date") is the

14    date upon which the Settlement is finally approved substantially in

15    accordance with the terms of this Stipulation for Settlement, and the date

16    of the Court's entry of Judgment and Dismissal of the Lawsuit

17    ("Judgment") substantially in accordance with the terms of this Stipulation

18    for Settlement. For purposes of defining the Effective Date, the date upon

19    which the Settlement and Judgment (as described above) becomes final is

20    the last date of (a) final approval by the Court, when no further objections

21    can be made; (b) if there are objections to the Settlement which are not

22    withdrawn, and if an appeal, review or writ is not sought from the

23    Judgment, the day after the period for appeal has expired; or (c) if an

24    appeal, review or writ is sought from the Judgment, the day after the

25    Judgment is affirmed or the appeal, review or writ is dismissed or denied,

26    and the Judgment is no longer subject to further judicial review. The

27    Settlement will therefore not become effective until and unless it is

28    approved by the United States District Court and affirmed by any possible

13

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1            reviewing Court, if an appeal or challenge is taken from the District

2            Court's action.  If the Effective Date of final approval eventually occurs,

3            then the interest earned on this deposit will be included in the Net Fund

4            Value.  If final approval is denied, or final approval is reversed on appeal,

5            then Defendant is entitled to prompt return of the principal and all interest

6            accrued, less any amount necessary to compensate the Claims

7            Administrator for all work performed through that time.

8      j.     <u>Settlement Payout Timetable</u>: Within fifteen (15) days of the Effective

9            Date, the Claims Administrator will provide to Class Counsel the check

10           representing the payment to the State of California (which check shall be

11           presented to the State by Class Counsel within five (5) days of receipt),

12           Plaintiff's enhancement and individual settlement payment and all Court-

13           approved attorneys' fees and costs.  Within forty-five (45) days of the

14           Effective Date of the settlement, the Claims Administrator will pay all

15           Class Members' claims.  No money will be distributed unless and until the

16           Effective Date occurs.

17      k.     <u>Resolution of Claim Disputes</u>: A "Qualified Claimant" means Class

18           Member who has timely submitted a properly and fully completed and

19           signed Claim Form.  Defendant is entitled to verify submitted Claim

20           Forms for accuracy and legitimacy.  If the amount claimed by a Qualified

21           Claimant is inconsistent with Defendant's records as to the amount he/she

22           is entitled to, the Parties' Counsel will make a good faith effort to resolve

23           the dispute informally.  If they cannot agree, the dispute shall be submitted

24           to the Claims Administrator, who shall examine the Company's records in

25           an attempt to resolve the dispute.  In making this decision, the Company's

26           records shall be dispositive as to time worked by a Class Member and the

27           Class Member's method of receiving wage payments, and no claimant

28           may increase the size of his or her claim by arguing that the Company's

14

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   records are incorrect without providing documentation corroborating his

2   or her position. The decision of the Claims Administrator shall be final

3   and non-appealable.

4   l.   Right to Rescission: Within ten (10) days of the conclusion of the later of

5   the opt-out period and the claims period (including time for a second

6   mailing as required by Paragraph 17 and a response to the deficiency

7   notice required by Paragraph 18), the Claims Administrator will provide a

8   written report to both Parties' counsel noting the number of class notices

9   sent, the number which were returned as undeliverable (after the follow up

10  required by Paragraph 17), the number of valid opt-outs, the number of

11  valid claims per Settlement Class (including the number of claims falling

12  within each of the categories set forth in the Claim Form). Prior to the due

13  date for this report, the Claims Administrator will reasonably respond to

14  requests from either party's counsel for a report on the current status of the

15  claims and opt-out procedures. Notwithstanding any other provision of

16  this Stipulation of Settlement, Defendant retains the right to terminate this

17  Stipulation of Settlement if more than ten percent (10%) of Class

18  Members opt-out of the Settlement. Any exercise of this provision must

19  be made within twenty (20) calendar days of expiration of the opt-out

20  deadline. All signatories and their counsel must not encourage opt-outs.

21  Counsel for the Class Members specifically agree not to solicit opt-outs,

22  directly or indirectly, through any means. In the event of such a

23  rescission, no party may use the fact that the parties agreed to settle this

24  case, the settlement documents or any communications regarding

25  settlement as evidence of Defendant's liability in this lawsuit or the lack

26  thereof. In the event of such a rescission, Defendant shall pay the Claims

27  Administrator for services rendered up to the date the Claims

28  Administrator is notified that the settlement has been terminated.

15

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1

**NOTICE TO THE SETTLEMENT CLASS**

2       15.     The Parties agree that within thirty (30) days after preliminary approval of this

3   settlement agreement by the Court, Defendant will provide to the Claims Administrator all of the

4   following information about each Class Member in a format requested by the Claims

5   Administrator: (1) name, (2) last known home address, (3) Social Security number, (4) the period

6   of employment for each Class Member where the Class Member received a pay check between

7   April 23, 2003 and March 12, 2007. The Claims Administrator will perform address updates and

8   verifications as necessary prior to the first mailing. Within forty-five (45) days after preliminary

9   approval, and subject to the approval of the Court, the Claims Administrator will mail a Notice

10  of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") in the

11  form attached hereto as Exhibit "A" to each Class Member, by first class mail. Attached to the

12  Notice sent to each Class Member will be a Claim Form, as attached hereto as Exhibit "B." Any

13  Class Member requesting it will be sent by the Class Administrator a more detailed settlement

14  notice, as attached hereto as Exhibit "C."

15      16.     Within forty-five (45) days after preliminary approval, Defendant shall file a

16  declaration, under penalty of perjury, with the Court stating that it has researched its books and

17  records and provided the Claims Administrator with what it represents to be a full and complete

18  list of the Settlement Class, including the information that is required to be provided by

19  paragraph 15, above.

20                                      **CLAIM PROCESS**

21      17.     Class Members will be permitted forty-five (45) calendar days from the date the

22  notices are mailed by the Claims Administrator to postmark Claim Forms. Class Members will

23  also have forty-five (45) calendar days from the date the Notices are mailed by the Claims

24  Administrator to postmark Objections and/or Requests For Exclusion (also referred to as "Opt-

25  Outs"). The Claims Administrator will perform one address follow up on returned mail, and will

26  re-mail Claim Forms to an updated address (if any) within fifteen (15) business days of receipt of

27  the returned mail. It is the intent of the Parties that reasonable, but not extraordinary, means be

28  used to locate Class Members. The Claims Administrator will search using the social security

16

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1   number of the Class Member for a more current address if the Notice is returned. If no address is

2   found, no further action is required.

3        18.    Within ten (10) business days of receipt by the Claims Administrator of each

4   timely submitted Claim form, the Claims Administrator will send a deficiency notice to the Class

5   Member explaining any irregularity in the completed Claim Form. The deficiency notice will

6   provide the Class Member the greater of the remainder of the forty-five (45) day claim period or

7   fifteen (15) days from the mailing of the deficiency notice to postmark the response to any

8   deficiencies in writing. However, the failure of a Class Member to sign a Claim Form, or to

9   timely submit a Claim Form, shall invalidate a claim and will not be considered deficiencies

10   subject to cure, unless counsel for the Parties stipulate to allow cure. If a Claim Form is signed

11   and timely submitted by a Class Member but does not indicate the number of periods for which

12   claim is made, it shall be conclusively presumed that the Class Member is entitled to payment for

13   one period only.

14        19.    All original Claim Forms shall be sent directly to the Claims Administrator at the

15   address indicated on the Claim Form. Defendant has made a good faith effort to identify all Class

16   Members and will provide a detailed list of such Class Members to the Claims Administrator on

17   an Excel spreadsheet or in such other form as Defendant and the Claims Administrator may

18   agree. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator will

19   certify jointly to Class Counsel and Defendant's counsel which claims were timely filed and

20   which Class Members have opted out. The Claims Administrator shall be responsible for issuing

21   the Class Member payments and taking care of all required tax reporting (if any), and for

22   communicating this information to the Parties' Counsel. Upon completion of its calculation of

23   payments, the Claims Administrator shall provide Plaintiff and Defendant with a report listing

24   the amount of all payments to be made to each Qualified Claimant. If required, proof of

25   payment will be filed with the Court and provided to the Parties' counsel.

26        20.    If a Class Member submits both an Opt-Out and a completed Claim Form, the

27   Claim Form will be accepted, the Opt-Out will be disregarded, and the claim will be paid.

28

17

1    21.    Opt-Outs by Class Members must be postmarked to the Claims Administrator

2 within forty-five (45) days of the initial mailing by the Claims Administrator. Persons wishing

3 to Opt-Out must state in writing their name, address and telephone number, and state that they

4 wish to be excluded from the settlement.

5    22.    All objections to the settlement must be served and filed with the Court within

6 forty-five (45) days after the initial mailing by the Claims Administrator. All objections must be

7 served on Class Counsel and Defense Counsel, and filed with the Court, along with a Notice of

8 Intention to Appear. Class Members who fail to file and serve timely written objections in the

9 manner specified above shall be deemed to have waived any objections and shall be foreclosed

10 from making any objection (whether by appeal or otherwise) to the settlement, unless otherwise

11 ordered by the Court. Only Class Members who do not Opt-Out may file objections. Class

12 Counsel and Defense Counsel may, at least ten (10) days (or some other number of days as the

13 Court shall specify) before the Final Approval Hearing, file responses to any written objections

14 submitted to the Court.

15    23.    Within one hundred and eighty (180) days after the Effective Date, the Class

16 Administrator shall file with the Court a declaration or declarations certifying that all required

17 payments have been distributed pursuant to the terms of the Final Approval Order.

18 **RELEASE BY THE CLASS**

19    24.    Upon final approval by the Court, each Class Member who has not submitted a

20 valid exclusion form releases Pilot Travel Centers LLC and any parent, subsidiary, affiliate,

21 predecessor or successor, and all agents, employees, officers, directors, insurers and attorneys

22 thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs,

23 expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly

24 related to the Causes of Action in the Lawsuit, including all claims for or in the nature of

25 violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates

26 to violations of Labor Code sections 212 and 221, and Business & Professions Code section

27 17200 *et seq.* as it relates to violations of Labor Code sections 212 and 221. This release also

28 covers all claims for interest, attorney fees and costs related to the Lawsuit. The time period

18

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1    covered by this release is April 23, 2003 through March 12, 2007. The claims covered by this

2    release are referred to herein as the Released Claims. Class Members who have not timely

3    returned a valid claims form shall be bound by the release provisions of this Stipulation of

4    Settlement (unless they have validly opted-out). The parties jointly request and reserve the

5    Court's continuing jurisdiction over the construction, interpretation, implementation, and

6    enforcement of the Stipulation of Settlement and the Final Approval Order in accordance with

7    their respective terms, and over the administration and distribution of the settlement funds.

8         25.    Upon preliminary approval of the settlement, the Class Members shall be enjoined

9    from filing any actions, claims, complaints, or proceedings in state or federal court or with the

10   Department of Labor Standards Enforcement (DLSE), or from initiating other proceedings,

11   regarding the Released Claims defined in paragraph 24 above. This settlement is conditioned

12   upon the release by all Class Members as described in paragraph 24 above, and upon covenants

13   by all Class Members that they will not participate in any actions, lawsuits, proceedings,

14   complaints, or charges brought individually or by the DLSE in any court or before any

15   administrative body embodying the Released Claims, nor will Class Members oppose efforts by

16   Defendant to oppose any attempt to bring such claims against Defendant or the Releasees that

17   are embodied by the Released Claims.

18                      **DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

19        26.    The Parties shall promptly submit this Stipulation of Settlement to the Court in

20   support of a request for preliminary approval and determination by the Court as to its fairness,

21   adequacy, and reasonableness. Promptly upon execution of this Stipulation of Settlement, the

22   Parties shall apply to the Court for the entry of a preliminary order seeking the following:

23        a.    Scheduling a preliminary fairness hearing on the question of whether the

24              proposed settlement, including payment of attorneys' fees and costs, and

25              the Class Representative's individual settlement and enhancement award,

26              should be finally approved as fair, reasonable and adequate as to the

27              members of the two settlement classes;

28

                                    19

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1      b.   Certifying this action as a class action for purposes of settlement with

2           respect to the two (2) proposed settlement classes;

3      c.   Approving as to form and content the proposed Notices;

4      d.   Approving as to form and content the proposed Claim Form;

5      e.   Directing the mailing of the Short-Form Notice and Claim Form to the

6           Class Members;

7      f.   Preliminarily approving the settlement subject only to the objections of

8           Class Members and final review by the Court;

9      g.   Preliminarily approving estimated costs of administration payable to

10          Rosenthal & Co.;

11     h.   Preliminarily approving Class Counsel's request for attorneys' fees and

12          costs subject to final review of the Court; and

13     i.   Preliminarily approving Plaintiff's enhancement award and the settlement

14          of Plaintiff's individual claims.

15                **DUTIES OF THE PARTIES FOLLOWING FINAL APPROVAL**

16     27.  Following final approval of the settlement provided for in this Stipulation of

17  Settlement, Class Counsel will submit a proposed final order of approval and judgment:

18     a.   Approving the Settlement, adjudging the terms thereof to be fair,

19          reasonable and adequate, and directing consummation of its terms and

20          provisions;

21     b.   Approving an award of attorneys' fees and reimbursement of costs for

22          Class Counsel;

23     c.   Approving an enhancement award to Plaintiff in the amount of $5,000.00;

24     d.   Approving the settlement of Plaintiff's individual claims in the amount of

25          $10,000.00;

26     e.   Dismissing this action with prejudice as to the Released Claims and

27          permanently barring all Class Members from prosecuting against the

28
                                            20

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1              Releasees, any individual or class claims covered by the definition of

2              Released Claims set forth in paragraph 24 above; and

3        f.     Dismissing all of Plaintiff's claims in the Lawsuit with prejudice.

4                        **PARTIES' AUTHORITY**

5       28.    The signatories hereto hereby represent that they are fully authorized to enter into

6 this Stipulation of Settlement and bind the Parties hereto to the terms and conditions hereof.

7                     **MUTUAL FULL COOPERATION**

8       29.    The Parties agree to fully cooperate with each other to accomplish the terms of

9 this Stipulation of Settlement, including but not limited to: (a) executing such documents and

10 taking such other action as may reasonably be necessary to implement the terms of this

11 Stipulation of Settlement; and (b) continuing good faith efforts to effectuate settlement should

12 the Court deny preliminary or any pre-final approval. The Parties to this Stipulation of

13 Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of

14 Settlement and any other efforts that may become necessary by order of the Court, or otherwise,

15 to effectuate this Stipulation of Settlement and the terms set forth herein. As soon as practicable

16 after execution of this Stipulation of Settlement, Class Counsel shall, with the assistance and

17 cooperation of Defendant and its counsel, take all necessary steps to secure the Court's

18 preliminary and final approvals of this Stipulation of Settlement.

19                    **NO PRIOR ASSIGNMENTS**

20       30.    The Parties hereto represent, covenant, and warrant that they have not directly or

21 indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to

22 any person or entity any portion of any liability, claim, demand, action, cause of action or rights

23 herein released and discharged except as set forth herein.

24                 **TERMINATION OF SETTLEMENT**

25       31.    Subject to the obligation(s) of Mutual Full Cooperation as set out in Paragraph 29,

26 either Party may terminate this Settlement if the Court declines to enter the Preliminary Approval

27 Order, the Final Approval Order or final judgment in substantially the form submitted by the

28 Parties, or the Stipulation of Settlement as agreed does not become final because of appellate

21

1    court action. The terminating Party shall give to the other Party (through its counsel) written

2    notice of its decision to terminate no later than twenty (20) days after receiving notice that one of

3    the enumerated events has occurred.   Termination shall have the following effects:

4                a.      The Settlement Agreement shall be terminated and shall have no force or

5                effect, and no Party shall be bound by any of its terms.

6                b.      In the event the settlement is terminated, Defendant shall have no

7                obligation to make any payments to any party, class member or attorney, except

8                that Defendant shall pay the Claims Administrator for services rendered up to the

9                date the Claims Administrator is notified that the settlement has been terminated;

10                c.      The Preliminary Approval Order, Final Approval Order and Judgment,

11                including any order of class certification, shall be vacated;

12                d.      The Stipulation of Settlement and all negotiations, statements and

13                proceedings relating thereto shall be without prejudice to the rights of any of the

14                Parties, all of whom shall be restored to their respective positions in the Lawsuit

15                prior to the settlement;

16                e.      Except as otherwise discoverable, neither this Stipulated Settlement, nor

17                any ancillary documents, actions, statements or filings in furtherance of settlement

18                (including all matters associated with the mediation) shall be admissible or

19                offered into evidence in the Lawsuit or any other action for any purpose

20                whatsoever.

21                                   **CONSTRUCTION**

22         32.     The Parties hereto agree that the terms and conditions of this Stipulation of

23    Settlement are the result of lengthy, intensive arm's-length negotiations between the Parties, and

24    that this Stipulation of Settlement shall not be construed in favor of or against any party by

25    reason of the extent to which any party or her or its counsel participated in the drafting of this

26    Stipulation of Settlement.

27

28

22

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

## CAPTIONS AND INTERPRETATIONS

33.     Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Stipulation of Settlement or any provision hereof. Each term of this Stipulation of Settlement is contractual and not merely a recital.

## MODIFICATION

34.     This Stipulation of Settlement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court. This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto, and approved by the Court.

## INTEGRATION CLAUSE

35.     This Stipulation of Settlement contains the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein. No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

36.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

37.     It is agreed that because of the large number of Class Members, it is impossible or impractical to have each Class Member execute this Stipulation of Settlement. The Notice, Exhibits "A" and "C" hereto, will advise all Class Members of the nature of the settlement and

23

JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
BETWEEN PLAINTIFF AND DEFENDANT

1  shall have the same force and effect as if this Stipulation of Settlement were executed by each

2  Class Member.

3                              **COUNTERPARTS**

4        38.      This Stipulation of Settlement may be executed in counterparts, and when each

5  party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

6  original, and, when taken together with other signed counterparts, shall constitute one Stipulation

7  of Settlement, which shall be binding upon and effective as to all Parties. Facsimile signatures

8  on this Stipulation of Settlement shall be as fully effective as original signatures.

9
   DATED: ___3|26|08___          LITTLER MENDELSON, P.C.
10

11
                                 By: _____
12                                   Jody A. Landry
                                     Attorneys for Defendant
13                                   Pilot Travel Centers LLC

14
   DATED: _____          PILOT TRAVEL CENTERS LLC
15

16
                                 By: _____
17                                   Mitchell D. Steenrod
                                     Title: Senior Vice President-CFO
18

19
   DATED: __3-28-08__
20

21
                                 By: _____
22                                   Cheryl Ford

23

24

25

26

27

28
                                     25
   JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
   BETWEEN PLAINTIFF AND DEFENDANT

1   DATED: _3/28/08_                  KELLER GROVER LLP

2

3                                      By: _____

4                                          Eric A. Grover
                                           Class Counsel for Plaintiff
5

6   DATED: _3  28-08_

7                                      THIERMAN LAW FIRM

8

9                                      By: _____
                                           Mark R. Thierman
10                                         Class Counsel for Plaintiff

11  DATED: _____

12                                     LAW OFFICES OF SCOTT A. MILLER, A.P.C.

13                                     By: _____
14                                         Scott A. Miller
                                           Class Counsel for Plaintiff
15

16  DATED: _____           STEVEN L. MILLER, A PROFESSIONAL LAW
                                       CORP.
17

18                                     By: _____
19                                         Steven L. Miller
     SF1 28265202.2 / 37943-000004         Class Counsel for Plaintiff
20

21

22

23

24

25

26

27

28
                                           26
    JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
    BETWEEN PLAINTIFF AND DEFENDANT

1   DATED: _____         KELLER GROVER LLP

2

3                                  By: _____
                                       Eric A. Grover
4                                      Class Counsel for Plaintiff

5

6   DATED: _____         THIERMAN LAW FIRM

7

8

9                                  By: _____
                                       Mark R. Thierman
                                       Class Counsel for Plaintiff

10

11  DATED: 3/27/08                  LAW OFFICES OF SCOTT A. MILLER, A.P.C.

12

13                                 By: _____
                                       Scott A. Miller
14                                     Class Counsel for Plaintiff

15  DATED: 3/27/08                  STEVEN L. MILLER, A PROFESSIONAL LAW
16                                  CORP.

17

18                                 By: _____
                                       Steven L. Miller
19                                     Class Counsel for Plaintiff

    BF1 28265202.2 / 37943-000004

20

21

22

23

24

25

26

27

28
                                            26
    JOINT STIPULATION OF SETTLEMENT AND RELEASE   Case No. C07-02715 TEH
    BETWEEN PLAINTIFF AND DEFENDANT

EXHIBIT B

1

2

3

4            IN THE UNITED STATES DISTRICT COURT

5

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8

9    CHERYL FORD, et al.,                    NO. C 07-2715 TEH

10              Plaintiff,
                                            ORDER VACATING
11        v.                                HEARING DATE,
                                            GRANTING PRELIMINARY
12   PILOT TRAVEL CENTERS LLC, et           APPROVAL OF CLASS
     al.,                                   ACTION SETTLEMENT,
13                                          AND SETTING FINAL
              Defendants.                   APPROVAL HEARING
14

15

16        Plaintiff Cheryl Ford ("Plaintiff") filed an unopposed motion for an order

17   preliminarily approving a class action settlement between Plaintiff and Defendant Pilot

18   Travel Centers LLC (collectively the "Parties") and setting a final approval hearing.

19   Plaintiff set the motion for hearing on May 12, 2008.  The Court has considered the Joint

20   Stipulation of Settlement and Release Between Plaintiff and Defendant ("Settlement

21   Stipulation"), Notice of Proposed Class Action Settlement and Final Fairness and Approval

22   Hearing ("Class Notice"), the proposed Claim Form, and the proposed longer form notice

23   (Exhibits C, B, and A, respectively,[1] to the Settlement Stipulation), the written submissions

24   of counsel, and oral argument. Hearing on the preliminary approval motion is hereby

25   VACATED.  Good cause appearing therefore, the Court hereby finds and orders as follows:

26   _____

27        [1] The Court believes that the Parties intended the four-page Exhibit A to be the long-form
     notice, and the two-page Exhibit C, which informs class members that they can request a long-form
     notice, to be the short-form notice.  If this is incorrect, the Parties should submit a corrective
28   stipulation to the Court.

Case 3:07-cv-02715-TEH   Document 23   Filed 04/15/2008   Page 2 of 4

**United States District Court**
For the Northern District of California

1.      All defined terms contained herein shall have the same meaning as set forth in the Settlement Stipulation executed by the Parties and filed with this Court.

2.      The Court finds on a preliminary basis that the proposed settlement memorialized in the Settlement Stipulation is within the range of reasonableness and hereby grants preliminary approval of the settlement.

3.      The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose, the proposed Labor Code Section 212-related Settlement Classes (collectively the "Class") meet the requirements of certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class; (c) the claims of Plaintiff Cheryl Ford are typical of the claims of the members of the proposed Class; (d) Plaintiff Cheryl Ford and her counsel will fairly and adequately protect the interests of the Class; and (e) a class action is superior to the other available methods for an efficient resolution of this controversy.

4.      The Court hereby appoints, for settlement purposes only, Cheryl Ford as Class Representative and the law firms of Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation, as Class Counsel.

5.      The Court hereby appoints Rosenthal & Co. as the Claims Administrator.

6.      The Parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of settlement and the options facing the Class, including whether to make a claim under the settlement, request exclusion from the settlement, or object to the settlement. The notice plan proposed by the Parties in the Settlement Stipulation is the best practical notice under the circumstances. The Class Notice, the proposed Claim Form and the longer form notice, attached to the Settlement Stipulation as Exhibits C, B and A respectively, are hereby approved.

7.      Not later than thirty (30) days after the Court's entry of an Order of

2

1  Preliminary Approval, Defendant shall provide the Claims Administrator with the

2  information necessary to conduct the mailing of the Class Notice and the Claim Form

3  (the "Notice Packet"), as set forth in the Settlement Stipulation ¶ 15. The Claims

4  Administrator must mail the Notice Packet to Class Members not later than forty-five

5  (45) days after the Court's entry of this Order granting preliminary approval and pursuant

6  to the applicable provisions in the Settlement Stipulation.

7       8.    Any written objection or request for exclusion to the settlement must be

8  postmarked *no later than sixty (60)* days after the date on which the Notice Packets

9  are mailed. Any completed Claim Form must be postmarked *not later than sixty (60)* days

10  from the date on which the Notice Packets are mailed.

11       9.    Class Members are hereby enjoined from filing, initiating, or continuing to

12  prosecute any actions, claims, complaints, or proceedings in Court, with the California

13  Department of Labor Standards Enforcement ("DLSE"), with the California Labor and

14  Workforce Development Agency ("LWDA"), or with any other entity regarding any

15  Labor-Code section 212-related claim, whether predicated upon Labor Code section 212

16  or any other statute, regulation, or legal theory. This injunction will remain in effect until

17  Final Approval by the Court contingent upon the settlement not being terminated for any

18  of the reasons set forth in the Parties' Settlement Stipulation.

19       10.   Because the case is before this Court under the Class Action Fairness Act,

20  the Parties are required to notify "appropriate Federal and State officials" of the

21  settlement. 28 U.S.C. § 1715. If such notifications have not been made at the time of this

22  Order, the Parties must do so immediately and file proof of such notification with the

23  Court within five (5) court days of the date of this Order.

24       11.   The Court will conduct a Final Approval Hearing on September 22,

25  2008 at 10:00 a.m. to determine the overall fairness of the Settlement and to fix the

26  amount of attorneys' fees and costs to Class Counsel and enhancement to and individual

27  settlement with the Class Representative. Plaintiff shall file her motion for final approval

28  of the settlement, and Class Counsel shall file their motion for attorneys' fees, costs, and

3

1   Class Representative enhancement and individual settlement at least thirty five (35) days

2   before the Final Approval Hearing.

3

4   **IT IS SO ORDERED.**

5   Dated: April 15, 2008

6                                    THELTON E. HENDERSON, JUDGE
                                     UNITED STATES DISTRICT COURT
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

4

EXHIBIT C

1:52 PM
08/18/08
Cash Basis

# Keller Grover LLP
## Transactions by Account
### All Transactions

| Date | Name | Account | Class | Paid Amount |
|------|------|---------|-------|-------------|
| **Pilot Travel** | | | | |
| 06/08/2007 | FedEx | 1910 · $FedEx | Pilot Travel | 14.13 |
| 10/21/2007 | FedEx | 1910 · $FedEx | Pilot Travel | 14.19 |
| 03/30/2008 | FedEx | 1910 · $FedEx | Pilot Travel | 56.47 |
| 04/04/2008 | FedEx | 1910 · $FedEx | Pilot Travel | 19.61 |
| 04/04/2008 | FedEx | 1910 · $FedEx | Pilot Travel | 21.74 |
| 05/03/2007 | Specialized Legal Services, Inc. | 1913 · $Filing & Court Fees | Pilot Travel | 1,004.67 |
| 06/13/2007 | One Legal, Inc. | 1913 · $Filing & Court Fees | Pilot Travel | 14.95 |
| 06/15/2007 | One Legal, Inc. | 1913 · $Filing & Court Fees | Pilot Travel | 10.00 |
| 10/31/2007 | Eric Grover | 1936 · $Meals | Pilot Travel | 8.51 |
| 06/30/2007 | | 1956 · $Postage | Pilot Travel | 9.67 |
| 09/30/2007 | | 1956 · $Postage | Pilot Travel | 0.41 |
| 12/28/2007 | | 1956 · $Postage | Pilot Travel | 3.25 |
| 08/02/2007 | Pacer Service Center | 1960 · $Research | Pilot Travel | 1.76 |
| 11/01/2007 | Pacer Service Center | 1960 · $Research | Pilot Travel | 0.40 |
| 01/31/2008 | Pacer Service Center | 1960 · $Research | Pilot Travel | 8.08 |
| 12/19/2007 | Thomson West | 1960 · $Research | Pilot Travel | 0.45 |
| 01/01/2008 | Thomson West | 1960 · $Research | Pilot Travel | 0.59 |
| 04/30/2008 | Pacer Service Center | 1960 · $Research | Pilot Travel | 5.36 |
| 07/25/2007 | Mark S. Rudy, A Professional Corp. | 1977 · $Mediation Fee | Pilot Travel | 4,500.00 |
| Total Pilot Travel | | | | 5,694.24 |
| | | | | |
| **TOTAL** | | | | **5,694.24** |