1
2
3
4
5
6
7

ERIC A. GROVER (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Tel. (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD and
CLASS COUNSEL

8

9        **UNITED STATES DISTRICT COURT**

10       **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act, | Case No. C 07-2715 TEH |
| | CLASS ACTION |
| Plaintiff, | |
| v. | DECLARATION OF JOHN KEANE RE: NOTICE PROCEDURES |
| PILOT TRAVEL CENTERS LLC and DOES 1 through 10 inclusive, | Date:      September 22, 2008 |
| Defendants. | Time:      10:00 a.m.<br>Courtroom: 12 (19th Floor)<br>Judge:      Hon. Thelton E. Henderson |

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I, JOHN KEANE, declare:

1.      I am the General Manager of Rosenthal & Company LLC ("Rosenthal"), located at 75 Rowland Way, Suite 250, Novato, California.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2.      Rosenthal was retained to, among other things, mail the Short-Form Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing (the "Short-Form Notice") and Claim Form (the "Claim Form").  True and correct copies of the Short-Form Notice and Claim Form are attached hereto as Exhibits A and B, respectively.   We were also retained to provide copies of the Long-Form Notice of Proposed Class Action and Settlement and Final Fairness and Approval Hearing upon request.   A true and correct copy of the Long-Form Notice is attached hereto as Exhibit C.

3.      On April 28, 2008, Rosenthal received from the Defendant a computerized list of 2,880 names and addresses, characterized as the Class Member List, *i.e.*, all California employees of Pilot Travel Centers LLC who between April 23, 2003 and March 12, 2007 received one or more paychecks from Pilot.

4.      On or before May 7, 2007, Rosenthal caused the addresses in the Class Member List to be updated using the National Change of Address system, which updates addresses for all people who had moved during the previous four years and filed a change of address with the U.S. Postal Service.   New addresses were found for 473 class members.  The Class Member List was updated with these new addresses.

5.      Rosenthal identified two individuals as having appeared in the Class Member List twice, and one individual whose employment status indicated that the individual is not part of the Class.  Upon Counsel's request, Rosenthal consolidated the duplicate records and removed the individual who is not part of the Class.  The Class Member List was finalized with 2,877 Class Members.  One thousand one hundred and

DECLARATION OF JOHN KEANE                    Case No. C 07-2715 TEH

ninety (1,190) of the 2,877 Class Members have been identified as members of the Labor Code Section 2699 Class. All 2,877 are potential claimants in connection with the Labor Code Section 212 Class.

6.    On or before May 30, 2008, Rosenthal caused a toll-free telephone number to be established, and the staff members of the Rosenthal Call Center to be trained in the details of this settlement, so that they could provide information about filling out the Claim Form and receive requests for Notices and Claim Forms.

7.    On or before May 30, 2008, Rosenthal caused the Short-Form Notice to be printed, and each of the names and addresses of the class members to be printed on Claim Forms. Rosenthal then caused a Short-Form Notice and Claim Form to be inserted into a window envelope along with a return envelope for each Class Member (the "Notice Packet").

8.    On May 30, 2008, Rosenthal caused the 2,877 Notice Packets to be mailed by First Class postage at the U.S. Post Office in Santa Rosa, California.

9.    During the period May 30, 2008 through August 11, 2008, 19 Notice Packets were returned to Rosenthal by the U.S. Postal Service with forwarding addresses. Rosenthal caused the Class Member List to be updated with the new addresses and Notice Packets to be re-mailed to the class members at each of these new addresses.

10.    During the period May 30, 2008 through August 11, 2008, 679 Notice Packets were returned to Rosenthal by the U.S. Postal Service without forwarding addresses. Rosenthal conducted address searches using credit and other public source databases to locate new addresses for 675 of these class members, and new addresses were found for 512 of them and no new addresses were found for 167 of them. The Class Member List was updated with these new addresses and Notice Packets were re-mailed to these 512 class members using the new addresses. Of the four class members that were not searched: one class member was not searched because he/she had previously contacted Rosenthal to advise us of his/her new address and three were returned after the

1    filing deadline.

2        11.    Of the 512 class members with newly found addresses, 155 were returned

3    by the U.S. Postal Service once more without a forwarding address.  These addresses

4    were not searched again.

5        12.    Altogether, there are 322 class members with known bad addresses (155

6    searched, re-mailed and returned once more by the U.S. Postal Service and 167 searched

7    without a new address being found).

8        13.    As of the date of this declaration, 40 calls have been handled by the

9    Rosenthal Call Center.  Of these callers, 11 requested a Notice Packet.  All Notice Packet

10    requests have been fulfilled.

11        14.    As of the date of this declaration, Rosenthal has received five Requests for

12    Exclusion.  A list of the individuals requesting exclusion and copies of the exclusion

13    requests are attached hereto as Exhibit D.

14        15.    As of the date of this declaration, Rosenthal has received no Objections to

15    the Settlement.

16        16.    As of the date of this declaration, 521 Claim Forms have been filed by

17    Class Members.  Of these 521 claims: 440 are timely, five are late, three are duplicates,

18    one was submitted on behalf of a deceased Class Member and 72 were initially deficient.

19    The Parties have informed Rosenthal that they have agreed to accept the five late but

20    otherwise complete claims.  Rosenthal is working to cure the claims that were initially

21    deficient.  The Class Members who filed Claim Forms represent 18% of the entire

22    settlement Class.

23        17.    Of the 521 Claim Forms received, 271 are from Labor Code Section 2699

24    Class Members.  Of the 521 Claim Forms received, 478 are from Class Members who

25    claim to be Labor Code Section 212 Class Members.  The sum of the Section 2699 Class

26    Members' claims and the Section 212 Class Members' claims is greater than the total

27    number of Claims Forms received because some individuals are members of both

28
                                        3
    DECLARATION OF JOHN KEANE            Case No. C 07-2715 TEH

18.     A Notice of Small Estate Declaration and Release and a Small Estate Declaration and Beneficiary Release were mailed to the claimant who submitted a Claim Form on behalf of a deceased Class Member.  The documents have been completed and returned by the claimant.  Copies of the Notice of Small Estate Declaration and Release and the Small Estate Declaration and Beneficiary Release are attached hereto as Exhibits E and F, respectively.

19.     The most current weekly report of the claims process, dated August 29, 2008, is attached hereto as Exhibit G.

20.     Based on the scope of known work at this time, Rosenthal's estimated overall cost for administration of the Settlement will be between $30,000 and $35,000.

I declare under penalty of perjury pursuant to the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 3rd day of September, 2008 at Novato, California.

_____
John Keane

DECLARATION OF JOHN KEANE                4                Case No. C 07-2715 TEH

EXHIBIT A

Case No. C07-02715 TEH in the United States District Court for the Northern District of California

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
## AND FINAL FAIRNESS AND APPROVAL HEARING

**TO:   ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2003 AND MARCH 12, 2007 PAID A FEE TO CASH ONE OR MORE PILOT PAYCHECKS;**

### AND

**ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2006 AND MARCH 12, 2007 RECEIVED ONE OR MORE PAYCHECKS FROM PILOT.**

**NOTE:   THE ABOVE CLASSES DO NOT APPLY TO ANY PAY RECEIVED THROUGH DIRECT DEPOSIT.**

**YOU MAY BE ENTITLED TO BENEFITS AND YOUR RIGHTS MAY BE AFFECTED BY THIS PROPOSED CLASS ACTION SETTLEMENT AND BY THE FOLLOWING IMPORTANT DATES:**

|  |  |
|---|---|
| **July 29, 2008:** | **Deadline to object or to opt out of the Settlement** |
| **July 29, 2008:** | **Deadline to submit a Claim Form** |
| **September 22, 2008:** | **Final Fairness Hearing** |

A proposed class action settlement has been reached on the Plaintiff's claims that Defendant allegedly failed to provide payroll checks to California employees of Pilot Travel Centers LLC ("Pilot") that complied with requirements that they be negotiable by employees without paying a fee and also charged its California employees a fee to cash their paychecks at Defendant's retail locations if that is where the employee chose to cash their paycheck using Pilot's check cashing service offered to all customers.  Defendant denies that it violated any law.  The proposed settlement compromises the parties' dispute regarding Pilot's paychecks and the issue of check cashing fees.

**Labor Code Section 212 Class**:  The parties reached a proposed settlement under which Defendant will pay between $10 and $170 (up to a total of $501,500) to each of its California employees who paid check cashing fees to Defendant or third-parties to cash Pilot payroll checks **between April 23, 2003 and March 12, 2007** and who timely submit a signed and valid Claim Form to the Claims Administrator certifying, under penalty of perjury, that they paid one or more such check cashing fees during the settlement period.

**Labor Code Section 2699 Class**:  The proposed agreement also provides that Defendant will pay the State of California $99,375 and another $33,125 to be divided amongst its California employees who received a payroll check from Pilot at any time **between April 23, 2006 and March 12, 2007** and who timely submit a signed and valid Claim Form to the Claims Administrator certifying, under penalty of perjury, that they received one or more such checks during the settlement period.

**NOTE: A person may be a member of both settlement classes.**

**You may exclude yourself from the settlement** by sending your name and address and a written statement to the effect: "I want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated May 30, 2008.  I understand that by requesting exclusion, I will not be eligible to

receive any payment or other benefit from the settlement" to the **Claims Administrator**: Pilot Travel Centers LLC Payroll Check Settlement Administrator, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato, CA 94948-6177 via postage pre-paid U.S. Mail and postmarked **no later than July 29, 2008.** By making this exclusion you will not participate in this settlement, but you may pursue your own claim at your own cost. If you remain a member of the class(es), you will be bound by this settlement if finally approved, whether or not you submit a Claim Form.

**A Claim Form** is enclosed with this Notice. If you paid a fee to cash a payroll check from Pilot during the period April 23, 2003 and March 12, 2007 **and/or** received a payroll check from Pilot between April 23, 2006 and March 12, 2007, you may receive a settlement payment by submitting a fully completed Claim Form, signed under penalty of perjury, to the **Claims Administrator**: Pilot Travel Centers LLC Payroll Check Settlement, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato, CA 94848-6177 via postage pre-paid U.S. Mail and postmarked **no later than July 29, 2008.** All claims are subject to, and will not be paid before, the date final Court approval of the settlement becomes effective.

**The settlement provides that all of the claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out. The settlement also provides that each Settlement Class Member who does not opt out fully releases and discharges Pilot Travel Centers LLC and any parent, subsidiary, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related to all claims based upon deficiencies in the instrument used to pay the wages of Defendant's California employees, including all claims for violations of Labor Code sections 212, 221, and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, as well as Business & Professions Code section 17200 et seq. as it relates to violations of Labor Code sections 212 and 221, all for the period April 23, 2003 through March 12, 2007. With regard to these released claims, Settlement Class Members waive reliance on California Civil Code section 1542, which states: A general release does not extend to claims which the creditor does not know about or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**THIS RELEASE IS NOT INTENDED TO AND DOES NOT AFFECT THE RIGHT OF ANY SETTLEMENT CLASS MEMBER (EXCEPT THE REPRESENTATIVE PLAINTIFF) TO PARTICIPATE IN ANY OTHER CLASS ACTION OR INDIVIDUAL ACTION AGAINST DEFENDANT THAT INVOLVES ANY ISSUE UNRELATED TO LABOR CODE SECTIONS 212, 221 AND 225.5.**

**Objections** and **Final Fairness Hearing.** A hearing on final approval of this settlement is scheduled for September 22, 2008 at 10:00 a.m. in Courtroom 12 (19th Floor) of the United States District Court, 450 Golden Gate Avenue, San Francisco, CA 94102. You do not need to attend, but **any objections to the settlement must be in writing and filed with the Court no later than July 29, 2008** with a copy of the same sent to **Class Counsel** at: Pilot Travel Centers LLC Payroll Class Settlement, c/o Keller Grover LLP, 425 Second Street, Suite 500, San Francisco, CA 94107 and to Defendant's counsel c/o Jody A. Landry, Littler Mendelson, P.C., 501 W. Broadway, Suite 900, San Diego, CA 92101. In order to challenge the settlement or be heard at the Final Fairness Hearing, you must timely file an objection and comply with the requirements of the complete Long-Form Class Action Notice (this is only a summary).

**FOR MORE DETAILED INFORMATION you may request a Long-Form Class Action Notice. If you want this form** , please contact the **Claims Administrator**: Pilot Travel Centers LLC Payroll Check Settlement Administrator, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato, CA 94948-6177; phone no. 1-800-207-0343. **A copy of the Long-Form Class Action Notice will be sent promptly upon request.**

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION.**

EXHIBIT B

**Pilot Travel Centers LLC Payroll Check Settlement Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

## CLAIM FORM

«‖▯▯▯▯▯▯» Claim #: PTF-«Claim»-«CD»-«Seq»    «Match» Name/Address Changes (if any):

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St»  «Zip» «Country»

First Name _____  Last Name _____

Address _____

Email address: _____

City _____ , State _____ Zip _____

(_____) _____
Area Code    Daytime Telephone Number

(_____) _____
Area Code    Evening Telephone Number

*Ford v. Pilot Travel Centers LLC*
*USDC – Northern District Case No. C07-02715 TEH*

**THIS COMPLETED CLAIM FORM MUST BE RETURNED BY U.S. MAIL, POSTAGE PREPAID AND POSTMARKED ON OR BEFORE JULY 29, 2008, ADDRESSED TO PILOT TRAVEL CENTERS LLC PAYROLL CHECK SETTLEMENT ADMINISTRATOR, C/O ROSENTHAL & COMPANY LLC, P.O. BOX 6177, NOVATO, CA 94948-6177.**

PLEASE ANSWER THE FOLLOWING:  **(NOTE:  THESE QUESTIONS REFER TO AN ACTUAL PAYCHECK. YOUR ANSWER SHOULD NOT INCLUDE PAY YOU RECEIVED THROUGH DIRECT DEPOSIT.)**

1.  I was employed by PILOT TRAVEL CENTERS LLC in California and received a live payroll check during one or more pay periods between April 23, 2006 and March 12, 2007. ☐ Yes  ☐ No
    (This question relates to eligibility to participate in the Labor Code Section 2699 Class settlement.)

2.  Between April 23, 2003 and March 12, 2007, I paid a fee to cash my PILOT TRAVEL CENTERS LLC payroll check [select the number of times you paid this fee]:

    ☐ never; ☐ one time; ☐ two times; ☐ three times; ☐ four times; ☐ five times; ☐ six times; ☐ seven times; ☐ eight times; ☐ nine times; ☐ ten times; ☐ eleven times; ☐ twelve times; ☐ thirteen times; ☐ fourteen times; ☐ fifteen times; ☐ sixteen times; ☐ seventeen times  or more.
    (This question relates to eligibility to participate in the Labor Code Section 212 Class settlement.)

I have read the Notice of Proposed Class Action Settlement that I received with this Claim Form.  I understand and agree to be bound by the terms of the Settlement and the Release of Claims that is part of the Settlement, and I do so knowingly and of my own free will.  I have not assigned to anyone any claim that I am releasing in the Settlement.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

XXX - XX- ☐☐☐☐
Social Security No.
(Last four digits **ONLY**)

_____
Sign your name here

_____
Date (mm/dd/yyyy)

_____
Print Name

Other Names While Employed by Pilot Travel Centers (if any): _____

If you move, provide your CHANGE OF ADDRESS to Pilot Travel Centers LLC Payroll Check Settlement Administrator, c/o Rosenthal & Company LLC, P.O. Box 6177, Novato, CA 94948-6177, 1-800-207-0343.

EXHIBIT C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, et al.,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PILOT TRAVEL CENTERS LLC,<br>　　　　Defendant. | Case No. C07-02715 TEH<br><br>CLASS ACTION<br><br>NOTICE OF PROPOSED CLASS ACTION<br>SETTLEMENT AND FINAL FAIRNESS<br>AND APPROVAL HEARING |

**TO:   ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LCC WHO BETWEEN APRIL 23, 2003 AND MARCH 12, 2007 PAID A FEE TO CASH ONE OR MORE PAYCHECKS ISSUED BY PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 212 CLASS");**

**AND**

**ALL CALIFORNIA EMPLOYEES OF PILOT TRAVEL CENTERS LLC WHO BETWEEN APRIL 23, 2006 AND MARCH 12, 2007 RECEIVED ONE OR MORE PAYCHECKS FROM PILOT TRAVEL CENTERS LLC ("LABOR CODE SECTION 2699 CLASS").**

**NOTE: THE ABOVE CLASSES DO NOT APPLY TO ANY PAY RECEIVED THROUGH DIRECT DEPOSIT.**

**PLEASE READ THIS NOTICE CAREFULLY.**
**YOU MAY BE ENTITLED TO BENEFITS FROM THIS SETTLEMENT.**

Notice is hereby given that a proposed Joint Stipulation of Settlement and Release Between Plaintiff and Defendant ("Stipulation of Settlement" or "Settlement") of the class action lawsuit entitled <u>Cheryl Ford, et al. v. Pilot Travel Centers LLC</u> (the "Litigation") has been reached between Plaintiff and Defendant and has been granted preliminary approval by the United States District Court for the Northern District of California (the "Court").

The proposed Settlement will resolve all claims made against the Defendant (also referred to herein as "Pilot") and other Released Parties, as that term is defined in the Stipulation of Settlement, in connection with the above-captioned Litigation. A final hearing addressing the fairness, adequacy, and reasonableness of the Settlement will be held on September 22, 2008 to determine whether the Litigation should finally be settled. If you are a member of either or both Settlement Classes, you must file a Claim Form by July 29, 2008 to participate in the Settlement, the terms of which are set forth in detail in the Stipulation of Settlement filed with the Court. **If you fail to file a valid and timely Claim Form, you will receive nothing under the Settlement.**

## A. PURPOSE OF THIS NOTICE

The first Settlement Class is defined as all California employees of Pilot who between April 23, 2003 and March 12, 2007 paid a fee to Defendant or a third-party to cash one or more live paychecks issued by Pilot. This is called the "Labor Code Section 212 Class." The second Settlement Class is all California employees of Pilot who between April 23, 2006 and March 17, 2007 received one or more live paychecks from Pilot. This is called the "Labor Code Section 2699 Class." A person may be a member of both Settlement Classes.

The purpose of this Notice is to:  a) provide a brief description of the Litigation; b) inform you of the proposed Settlement; and c) discuss your rights and options with respect to the Litigation and the Settlement.

## B. DESCRIPTION OF THE LITIGATION

California Labor Code section 212 sets forth certain duties and responsibilities of an employer in the State of California to, among other things, provide paychecks that can be cashed by employees without having to pay a check cashing fee. Labor Code section 221 provides that an employer may not collect or receive any part of wages paid to an employee. Labor Code section 2699 provides for certain penalties for the violation of Labor Code section 212. Plaintiff contends that for the period June 8, 2003 through October 31, 2007, Defendant violated Labor Code sections 212 and 221, as well as California Business & Professions Code section 17200 et seq., by issuing paychecks drawn on an out-of-state bank and failing to make arrangements for its employees to cash their paychecks without incurring a check cashing fee and charging its employees to cash their paychecks at Defendant's retail locations if that is where the employee chose to cash their paycheck using Pilot's check cashing service offered to all customers.

Defendant denies all liability for such claims and has asserted a number of factual and legal defenses to Plaintiff's claims. Plaintiff and Defendant met with an experienced mediator and through him reached a compromise settlement.

The Court has made no ruling on the merits of Plaintiff's claims or Defendant's defenses. However, the Court has preliminarily approved the proposed Settlement. The Court will decide whether to give final approval to the Settlement at a hearing scheduled for September 22, 2008, at 10:00 a.m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102.

**Attorneys for the Class ("Class Counsel") in the Litigation are:**

| | |
|---|---|
| **Keller Grover LLP** | **Steven L. Miller, Esq.** |
| **Eric A. Grover, Esq.** | **Scott A. Miller, Esq.** |
| **425 Second Street, Suite 500** | **16133 Ventura Blvd., Suite 1200** |
| **San Francisco, CA 94107** | **Encino, CA 91436** |
| **Telephone: (415) 543-1305** | **Telephone: (888) 272-9529** |
| **Facsimile: (415) 543-7861** | **Facsimile: (818) 788-8080** |
| **eagrover@kellergrover.com** | **millaw@sbcglobal.net** |

**Attorneys for Defendant ("Defense Counsel") in the Litigation are:**

**Littler Mendelson, P.C.**
**Jody A. Landry, Esq.**
**501 W. Broadway, Suite 900**
**San Diego, CA 92101**
**Telephone: (619) 232-0441**
**Facsimile: (619) 232-4302**

## C. YOUR OPTIONS

If you fit within the above description of one or both Settlement Classes, you have several options. Each option will have its consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are explained below.

1. <u>You Can Remain a Member of the Class and Participate in the Settlement.</u>

If you are a member of one or both Settlement Classes and want to participate in the Settlement (and you do not opt out of the Settlement), you must complete and return a Claim Form to the Claims Administrator at the following address by First-Class U.S. Mail postmarked no later than July 29, 2008 to:

Pilot Travel Centers LLC Payroll Check Settlement Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
Toll-free: 1-800-207-0343

If you need another copy of the Claim Form, contact the Claims Administrator or Class Counsel. If any information on the Claim Form is incorrect, please state directly on the Claim Form what you believe is the correct information. Also, please provide your daytime telephone number and any other indicated information referred to on your Claim Form if it is not already included. If you want confirmation that your Claim Form has been received by the Claims Administrator, you may send your Claim Form by certified U.S. Mail with a return receipt request.

If you do not opt out of the Settlement, you will be bound by all the terms set forth in the Settlement, including a full release of claims that will prevent you from separately suing Defendant for the matters being settled in this Litigation. **Any Settlement Class Member who does not submit a timely and properly completed Claim Form will not receive a share of the Settlement and his or her claim will be barred.**

2. <u>You Can Do Nothing.</u>

If you are a member of one or both Settlement Classes and do nothing – that is, if you do not send a timely and properly completed Claim Form or opt out of the Settlement – you will not be entitled to a share of the Settlement. **However, you will be bound by the terms of the Settlement, including the release of claims, even though you did not receive any money or benefits from the Settlement.** Therefore, if you do nothing, you will not have the right to pursue your own lawsuit related to claims released by the Settlement.

3. <u>You Can Object to the Settlement.</u>

If you are a member of either Settlement Class who does not opt out of the Settlement, you may object to the Settlement, personally or through an attorney, by filing your <u>written</u> objection with the Court and faxing or mailing a copy of your objection to Class Counsel and Defense Counsel at the above addresses. All objections must be signed and should contain your address, telephone number and a reference to the case. All objections must be filed with the Court and faxed or postmarked on or before July 29, 2008. Your written objection should clearly explain why you object to the Settlement and must state whether you (or someone on your behalf) intend to appear at the Final Fairness

Hearing. If you timely submit a written objection, you may appear, personally or through an attorney, at your own expense, at the Final Fairness Hearing to present your objection directly to the Court. If you object to the Settlement and if the Court approves the Settlement as set forth in the Stipulation of Settlement, you will be bound by the terms of the Settlement in the same way as a Class Member who does not object.

4.   You Can Opt Out of the Class.

If you do not want to remain a member of the Settlement, you can request exclusion from the Settlement (i.e., opt out). You can opt out of the Class by mailing a written, signed request for exclusion to the Claims Administrator at the above-stated address, such that it is **postmarked** no later than July 29, 2008. This request for exclusion must contain the following information: (a) your printed full name, (b) your full address, and (c) the following language: "I want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated May 30, 2008. I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the Settlement." This request must be **signed** by you. If you opt out of the Settlement, you will no longer be a member of either Settlement Class, you will be barred from participating in this Settlement, and you will receive no benefit from this Settlement. By opting out of the Settlement Class, you will retain whatever rights or claims you may have, if any, against Defendant and the Released Parties, and you will be free to pursue them on an individual basis at your own cost, if you choose to do so.

## D.  SUMMARY OF TERMS OF SETTLEMENT

The principal terms of the Settlement reached between Plaintiffs and Defendants are summarized in this Notice.

1.   Settlement Terms.

The Settlement provides that (a) Pilot will stipulate to the certification of the two Settlement Classes for settlement purposes only, conditioned upon the Court granting final approval of the Settlement and entering judgment; (b) Pilot shall pay up to $925,000 (the "Settlement Amount") to resolve all Class claims, any enhancement award, Plaintiff's separate claims, costs of administration, and Class Counsel's attorneys' fees and costs, as described more fully below.

Administrative Costs: All administrative costs of Settlement, including the cost of notice, claims administration, cost of the Claims Administrator, and any other costs of Settlement, which are estimated not to exceed an aggregate of $35,000 shall be paid from the Settlement Amount.

Attorneys' Fees and Costs: Class Counsel will apply to the Court for an attorneys' fee award of up to 25% of the Settlement Amount, plus their actual costs and expenses up to $10,000, all of which will be paid out of the Settlement Amount.

Class Representative Enhancement Award and Settlement of Individual Claims: Plaintiff Cheryl Ford will request an enhancement award of up to $5,000, which will be paid out of the Settlement Amount. Plaintiff Ford will also execute a general release of all claims, known or unknown, against Defendant. In exchange for her general release of all possible claims against Defendant, Defendant has agreed to pay Plaintiff Ford $10,000, which will be paid out of the Settlement Amount.

Plan of Distribution: After the deductions from the total Settlement Amount described above, the remaining Settlement Amount will be distributed as follows:

The Labor Code Section 2699 Class Settlement and the State of California: A total of $132,500 has been allocated to settle the claims of the Labor Code Section 2699 Class. Under the provisions of Labor Code section 2699(i), 75% of the amount allocated to settle the Labor Code Section 2699 claims must be paid to the State of California's Labor and Workforce Development Agency ("LWDA") for enforcement of labor laws and education of employers. The remaining 25% will be paid directly to the members of the Labor Code Section 2699 Class. Therefore, $99,375 will be paid to the LWDA and $33,125 will be distributed to Labor Code Section 2699 Class members who make timely and valid claims. The payment to each individual qualified claimant will be calculated on a prorated basis based upon the claimant's number of pay periods during the Settlement period.

The Labor Code Section 212 Class Settlement: A total of $501,500 has been allocated to settle the claims of Labor Code Section 212 Class members who submit timely and valid claims. It is extremely difficult or impossible to know how many or which employees actually incurred a fee for cashing a payroll check. Based on an estimate of the number of timely and valid claims, it is anticipated that each Labor Code Section 212 Class qualified claimant will receive between $10 and $170, depending on the number of times they paid a fee to cash a paycheck. If the number of qualified claimant's is such that payments based on that formula will exceed the sum allocated to settle the claims of the Labor Code Section 212 Class, each qualified claimant will receive a pro rata share of the Settlement distribution. If the number of qualified claimants does not result in an aggregate payout of at least $100,300 (or 20% of the allocated amount), the individual payment to each qualified claimant will be increased on a pro rata basis to make the Settlement distribution to the Labor Code Section 212 Class meet a minimum payout of $100,300.

**Class Member Tax Matters:** The Settlement payments to the Labor Code Section 2699 Class members are in the nature of a statutory penalty, as provided for in Labor Code section 2699(i). It is the intent of the parties that the Labor Code Section 212 Class payments are in the nature of restitution to Labor Code Section 212 Class members who spent money out-of-pocket to cash their paychecks. Nothing contained in this Notice or in the Settlement Stipulation is intended to be or should be interpreted as providing tax advice. The tax issues for each Class Member are unique, and each Class Member should consult with their tax advisors concerning the tax consequences of any payment they receive.

2.   Release by Settlement Class Members.

**The Settlement provides that all of the paycheck related claims in the Litigation will be dismissed with prejudice, meaning that those claims can never again be asserted by any Settlement Class Member who does not opt out. The Settlement also provides that each Settlement Class Member who does not opt out fully releases and discharges Pilot Travel Centers LLC and any parent, subsidiary, predecessor or successor, and all agents, employees, officers, directors and attorneys thereof, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, penalties or damages which are based on, arise out of, or are directly related to all claims based upon deficiencies in the instrument used to pay the wages of Defendant's California employees and claims that Defendant improperly charged its employees check cashing fees, including all claims for violations of Labor Code sections 212, 221 and 225.5, and Labor Code section 2699 as it relates to violations of Labor Code sections 212 and 221, as well as Business & Professions Code section 17200 et seq. as it relates to violations of Labor Code sections 212 and 221, all for the period April 23, 2003 through March 12, 2007. With regard to these released claims, Settlement Class members waive reliance on California Civil Code section 1542, which states: A general release does not extend to claims which the creditor does not know about or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

**THIS RELEASE IS NOT INTENDED TO AND DOES NOT AFFECT THE RIGHT OF ANY SETTLEMENT CLASS MEMBER (EXCEPT THE REPRESENTATIVE PLAINTIFF) TO PARTICIPATE IN ANY OTHER CLASS ACTION OR INDIVIDUAL ACTION AGAINST DEFENDANT THAT INVOLVES ANY ISSUE UNRELATED TO LABOR CODE SECTIONS 212, 221 AND 225.5.**

3.   Conditions of the Settlement.

This Settlement is conditioned upon the Court entering an Order at or following the Final Fairness Hearing approving the Settlement as fair, reasonable, and adequate and in the best interests of the Class and a judgment that becomes effective and final.

## E. FAIRNESS HEARING ON PROPOSED SETTLEMENT

You are not required to attend the Final Fairness Hearing or file an objection, although you may do both. The Final Fairness Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, costs of administration, the enhancement award to Plaintiff, the settlement of Plaintiff's individual claims, and Class Counsel's request for attorneys' fees and costs will be held on September 22, 2008, at 10:00 a.m. in Courtroom 12 (19th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102. The Final Fairness Hearing may be continued to another date without further notice. If you plan to attend the Final Fairness Hearing, you may contact Class Counsel to confirm the date and time.

Any Settlement Class Member who does not object in the manner provided above shall be deemed to have approved the Settlement and to have waived any objections or to speak at the Fairness Hearing, and shall be forever foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the plan of distribution, the payment of attorneys' fees and costs, the claims process, the enhancement payment to individual Plaintiff Ford, the settlement of Plaintiff Ford's individual claims, or any other aspect of the Settlement. If the Settlement is not approved, the Litigation will continue to be prepared for class certification, trial or other judicial resolution.

## F. ADDITIONAL INFORMATION

**This Notice only summarizes the lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, 450 Golden Gate Avenue, San Francisco, California 94102 from 9:00 a.m. to 1:00 p.m., Monday through Friday. Any questions regarding this Notice or lawsuit may be directed to the Claims Administrator at the above address and telephone number. Alternatively, you may contact your own attorney, at your own expense, to advise you, or you may contact Class Counsel at the addresses, e-mail addresses and telephone numbers set forth above. If your address changes, or is different from the address on the envelope enclosing this Notice, please promptly notify the Claims Administrator.**

### PLEASE **DO NOT** CALL OR WRITE THE COURT ABOUT THIS NOTICE.

**IT IS SO ORDERED.**

DATED:  April 15, 2008

/s/ Thelton E. Henderson
The Honorable Thelton E. Henderson
UNITED STATES DISTRICT COURT JUDGE

EXHIBIT D

**Rosenthal & Company LLC**
Ford v. Pilot Travel
Exclusions
8/7/2008

**Count:**    **5**

| Rosenthal Control Number | Last | First | Status | Postmark Date |
|---|---|---|---|---|
| 101157901 | Hatmaker | Juanita | EXCLUSION | 7/25/2008 |
| 101623801 | Mason | Frederic | EXCLUSION | 7/21/2008 |
| 101807401 | Muniz | Antonia | EXCLUSION | 6/13/2008 |
| 102839101 | Woolard | Heather | EXCLUSION | 6/19/2008 |
| 102838801 | Woolard | Cory | EXCLUSION | 6/19/2008 |

PTP 101157901

July 24, 2008

Pilot Travel Centers LLC

Payroll Check Settlement Administrator

c/o Rosenthal & Company LLC

P.O. Box 6177

Novato, CA 94948-6177

ExclO3_080730

(1)

Excl. # 4

Cheryl Ford v. Pilot Travel Centers LLC

Case No. CO7-02715 TEH

I, Juanita Hatmaker, want to be excluded from the Ford v. Pilot Travel Centers class action settlement described in the Notice I received dated May 30, 2008.

I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the settlement.

My ~~entire~~ address is  18070 Road 26
                          Madera, CA 93638-0473

_____Juanita Hatmaker_____  Date July 24, 08
       Juanita Hatmaker

Last four digits only
SS #7664

Juanita Hatmaker
18020 Rd. 26
Madera, CA 93638

 **CERTIFIED MAIL**

7008 0150 0003 8530 4408

 UNITED STATES POSTAL SERVICE



0000    94948

 U.S. POSTAGE
PAID
FRESNO, CA
93705
JUL 25, 08
AMOUNT
**$3.12**
00011882-08

**Pilot Travel Centers LLC**
**Payroll Check Settlement Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177

# PTF

9494846177 8810

PTF. 101623801

July 16, 2008

To Whom it may concern    Exh. #5

RE: Cheryl Fero/V Pltf Travel Enterac

Please be advised as per your notification by mail as follows:

- I want to be excluded from the Pltf/Pltf Travel Center class action settlement described in the Notice of settlement class action. As of May 30, 2008 I understand that by requesting exclusion, I will not be eligible to receive any payment or other benefit from the settlement.

Thank You

Frederic Mason

REDERIC MASON
59 JUNIPER ST
IMPERIAL, CA 92251

SAN BERNARDINO CA 924

21 JUL 2008  PM 5 L

**Pilot Travel Centers LLC**
**Payroll Check Settlement Administrator**
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA  94948-6177

TF                    94948-6177

CASE NO CO 1-02715

PTF. 101807401

I Antonia C. muniz Wish to opt out of
The cheryl ford V. Pilot Travel center class action
law suit. I **do not** Want any Part in this
Suit, Any Questions Please feel free to call.

Thank you
Antonia muniz

Antonia muniz
s# 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
ome (530)476-3165
ell (530) 237-6235

**Excl 01_080618**

①

**Excl # 1**

PTF

Anthony Juaniz
P.O. Box 1357
Arbuckle CA 95912

MARYSVILLE CA 959
13 JUN 2008 PM 2 T



30304546177

Pilot Travel Centers LLC
Payroll Check Settlement Administrator
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177

Excl. #3

PTF. 102839101

To whom it may concern,

I want to be excluded from the Ford vs. Pilot Travel Centers class action settlement described in the Notice I recieved dated May 30, 2008. I understand that by requesting exclusion, I will not be eligible to recieve any payment or other benefit from the settlement.

Heather Woolard
1001 McDonald Way Apt 38
Bakersfield, CA 93309



Claims Administrator
PTC LLC Payroll Check Settlement Administrator
c/o Rosenthal & Co. LLC

PO Box 6177
Novato, CA 94948-6177

94948+6177

CORY R WOOLARD
1901 MCDONALD WAY APT 34
BAKERSFIELD, CA 93306

Excl02 . 080626
①

PTF. 102838801

Exd. # 2

To whom it may concern,

I want to be excluded from the Ford vs. Pilot Travel Centers class action settlement described in the Notice I recieved dated May 30, 2008. I understand that by requesting exclusion, I will not be eligible to recieve any payment or other benefit from the settlement.

Cory Woolard
1001 McDonald Way Apt 38
Bakersfield, CA 93309

CORY R WOOLARD
1091 MCDONALD WAY APT 36
BAKERSFIELD, CA 93309

34948241277

Claims Administrator
PTCYLC Payroll Check Settlement Administrator
c/o Rosenthal & Co. LLC
PO Box 6177
Novato, CA 94948-6177



EXHIBIT E

*Ford v. Pilot Travel* Settlement Administration
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1- 800-207-0343

## NOTICE OF SMALL ESTATE DECLARATION AND RELEASE

August 12, 2008

«‖▯▯▯▯▯▯» Claim #: PTF-D-«Claim»-«CD»   «MailRec»
«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»


Dear «First1» «Last1»:

We recently received a claim form for Eric Holt, a deceased claimant in the Ford v. Pilot Travel class action suit.  We believe you may be a beneficiary to Eric Holt and may be entitled to a payment from the Ford v. Pilot Travel Settlement.

Please carefully read the following instructions, determine which situation applies to you, and take the appropriate actions.
→ If the estate of Eric Holt is not now nor has ever gone through probate and is less than $100,000, please complete, sign, and date the enclosed Small Estate Declaration and Release, then have it notarized and return it to us in the enclosed Business Return Envelope.  If there are other beneficiaries to Eric Holt, then we will need notarized Small Estate Declaration and Release forms from all beneficiaries no later than *July 29,2008.*  *If we do not receive notarized Beneficiary Declarations from **all** beneficiaries, we will not be able to send out a check to any of the beneficiaries.*
→ If this estate is currently in probate, please send us the appropriate letters testamentary or letters of administration and a W9 for the estate.  A W9 has been enclosed for your convenience.
→ If probate has been closed or if the estate is equal to or greater than $100,000 as defined in Probate Code Section 13100:
  o If the Order of Distribution identifies who is entitled to distribution, then send a certified copy in the enclosed envelope.
  o If the Order of Distribution does not indicate to whom to distribute, probate should be opened so the funds can be distributed to the executor or administrator.

→ If the estate is now in a trust, the information outlined above still applies, but a Certification of the Trust and a copy of the will must be also be submitted.
  o If the will includes a pour-over clause such as "any future assets which may be acquired," then the settlement payment can be considered part of the estate and will be paid to the trust.  You must complete the enclosed W9 for the trust with the trust Tax Identification Number.
  o If there is no pour-over clause or no will and neither the trust nor the will name the settlement payment specifically, you should complete the Small Estate Declaration and Release if the value of the estate outside the trust is less that $100,000.
  o If the estate outside the trust plus the estimated distribution amount is equal to or greater than $100,000, then you must open the probate process to claim these funds.

If you are not a beneficiary of the deceased claimant, we ask that you pass this along to the beneficiary of Eric Holt.  If you have no knowledge of this matter or of the decedent, please let us know.  By doing so, you will be helping us in our effort to find the deserving party in this matter.

If you have any questions, please contact us at 1-800-207-0343.  Thank you.

Sincerely,
Rosenthal & Company LLC
Settlement Administrator

EXHIBIT F

***Ford v. Pilot Travel***
Settlement Administration Center
c/o Rosenthal & Company LLC
P.O. Box 6177
Novato, CA 94948-6177
1-800-207-0343

August 12, 2008

## SMALL ESTATE DECLARATION AND BENEFICIARY RELEASE

PLEASE PROMPTLY COMPLETE, SIGN, NOTARIZE, AND MAIL TO THE ADDRESS ABOVE

Claim #: PTF-ClaimID

«First1» «Last1»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»

Name/Address Changes (if any):

_____
_____
_____
_____

If your name or address is different from that shown above, please print your correct information on the blank lines above. You must provide proof of any name change.

Phone: _____   Email: _____

I, _____(complete legal name), declare as follows.

1.  The facts and information set forth in this Declaration and Release are based on my own personal knowledge, and if called upon to testify hereto in court I could and would competently testify to the same.

2.  This Declaration and Release concern the death of _____ _____.
    (Please print the name of the Decedent)

    The Decedent died on _____   in the City of _____,
    County of _____,   State of _____.

3.  At least 40 days have elapsed since the death of the Decedent. *You must attach a certified copy of the Decedent's death certificate to this Declaration and Release.*

4.  The current gross fair market value of the decedent's real and personal property in California, excluding the property described in Section 13050 of the California Probate Code, does not exceed one hundred thousand dollars ($100,000).

5.  No proceeding is now being or has ever been conducted in California for administration of the decedent's estate.

6.  Indicate which of the following statements apply:
    ☐  I was married to the Decedent from on or about _____ until _____.
    ☐  I am the/a successor of the Decedent as defined by my State's probate code and the Decedent died intestate.
    ☐  I am the beneficiary named by the decedent's will. *You must attach a complete copy of the Decedent's will.*
    ☐  I am the duly acting Successor Trustee of _____ Trust, which Trust is the sole legatee of the Will of Decedent and is accordingly the successor of decedent as defined in Probate Code §13006 and therefore entitled to succeed to decedent's interest in the described property. *You must attach a Certification of Trust or a copy of the Trust.*

7.  Please list all persons, including yourself, who have an interest or who would claim entitlement to the Settlement proceeds due the Decedent. (Attach additional pages as necessary). In addition, please fill in what percent share of the proceeds they are entitled to. If an estate exists for the deceased claimant, please provide all pertinent information regarding the estate and the claimant's settlement share will be sent to the estate. If the Decedent had a will or trust, please attach a complete copy of the Decedent's will or trust document.

| Beneficiary Name | Relationship to Decedent | Street Address | City, State & Zip | % Share |
|---|---|---|---|---|
| | | | | % |
| | | | | % |
| | | | | % |
| | | | | % |

**Please complete the reverse side and return to the address above.**

| Beneficiary Name | Relationship to Decedent | Street Address | City, State & Zip | % Share |
|---|---|---|---|---|
| | | | | % |

Case 3:07-cv-0279 STEM    Document 30    Filed 09/08/2008    Page 32 of 34

**Each of the beneficiaries listed above or on the reverse side must complete a copy of this form.**

8.  I do not know of any person, other than those listed on the opposite page, who would have a superior interest or who would claim entitlement to the Settlement proceeds due the Decedent, nor have I assigned or transferred my rights to anyone.

9.  If any person is later found to have a superior right to the funds paid to me through the Settlement in reliance on the statements in this Declaration and Release, I agree and understand that I shall have sole responsibility for the payment of any amounts owed to any person with a superior right.

10. By signing this Declaration and Release, I certify, under penalty of perjury under the laws of the State I reside in and the United States, that I am the/a legal beneficiary of the person to whom the Notice of Settlement was addressed (i.e., the Decedent), that I read and understand the Notice of Settlement, that I understand and agree to the Settlement on behalf of the Decedent, and that by signature below this is a full and complete release of the Defendants and their present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendants, or any other them, for all claims alleged in any or all of the complaints or amended complaints in this matter.

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**    ClaimID

Enter your Social Security Number (SSN) or Employer Identification Number (EIN):

SSN: ___ ___ ___ -- ___ ___ -- ___ ___ ___ ___    OR    EIN: ___ ___ ___ -- ___ ___ ___ ___ ___ ___ ___

Check Appropriate box:
☐ Individual/Sole Prop.  ☐ Medical or Legal Corporation  ☐ Corporation (Non-Medical/ Non-Legal)  ☐ Non-profit
☐ Partnership  ☐ Other_____

Print name as shown on your income tax return if different from «BeneFirst» «BeneLast»: _____

Under penalties of perjury, I certify that:
1.  The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**
2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**
3.  I am a U.S. person (including a U.S. resident alien).
Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed this _____ day of _____, _____ in _____, _____
                                    month              year          city,              state

_____
           signature

**NOTARY PUBLIC:**                                   STATE OF CALIFORNIA        )
                                        COUNTY OF _____)

On _____, before me, _____, a Notary Public, personally appeared _____

_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

2

# EXHIBIT G

Rosenthal & Company LLC
Ford v. Pilot Travel
Weekly Status Report
08/29/2008

Class Members: 2,877
Mailing Date: 5/30/2008
Filing Deadline: 7/29/2008
Exclusion Deadline: 7/29/2008

| Week Ending: | Notices Mailed: | Returned Undelivered Mail | Address Searches | Remails from Searches | P.O. Fwd Addr Remails | Phone Calls Received | Timely Claims Processed* | Late Claims Processed | Requests to Join the Class | Short Notice / Claim Form Remail Requests | Long Notice Requests | Deficiency Letters Mailed | Timely Opt-Outs Received | Late Opt-Outs Received |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 5/30/2008 | 2,877 | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 6/6/2008 | - | 108 | 108 | 76 | 3 | 14 | - | - | - | 1 | - | - | - | - |
| 6/13/2008 | - | 73 | 70 | 54 | 6 | 3 | 166 | - | - | - | 1 | 20 | - | - |
| 6/20/2008 | - | 499 | 483 | 369 | 3 | 3 | 93 | - | - | 2 | - | 16 | 1 | - |
| 6/27/2008 | - | 40 | 7 | 7 | 5 | 4 | 67 | - | - | 2 | - | 5 | 2 | - |
| 7/4/2008 | - | 81 | 4 | 2 | 1 | 2 | 65 | - | - | 4 | - | 9 | - | - |
| 7/11/2008 | - | 15 | - | 2 | 1 | 1 | 32 | - | - | 2 | - | 5 | - | - |
| 7/18/2008 | - | 12 | 5 | 2 | - | 1 | 27 | - | - | - | - | 5 | - | - |
| 7/25/2008 | - | 5 | 2 | 2 | - | 6 | 24 | - | - | 2 | - | 3 | - | - |
| 8/1/2008 | - | 5 | 2 | 2 | - | 2 | 31 | - | - | 2 | - | 3 | 2 | - |
| 8/8/2008 | - | 5 | - | - | - | 1 | 11 | 3 | - | 6 | 1 | 2 | 2 | - |
| 8/15/2008 | - | - | - | - | - | 2 | - | 3 | - | - | - | 2 | - | - |
| 8/22/2008 | - | - | - | - | - | 1 | - | 3 | - | - | - | - | - | - |
| 8/29/2008 | - | - | - | - | - | - | - | 2 | - | - | - | - | - | - |
| Total: | 2,877 | 838 | 679 | 512 | 19 | 40 | 516 * | 8 | 0 | 17 | 4 | 65 | 5 | 0 |

This includes one Beneficiary Release returned by the Beneficiary of a Deceased Class Member.

Opt Outs Recvd- % of Class: 0%