Eric A. Grover, Esq. (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA 94107
Tel. (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS, LLC, and DOES 1 TO 10 inclusive,<br><br>Defendant. | Case No. C07-02715 TEH<br><br>CLASS ACTION<br><br>**DECLARATION OF CHERYL FORD IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       September 22, 2008<br>Time:      10:00 a.m.<br>Courtroom: 12 (19th Floor)<br>Judge:     Hon. Thelton E. Henderson |

I, CHERYL FORD, declare as follows:

1. I am the Class Representative Plaintiff in the case entitled *Ford v. Pilot Travel Centers LLC*, and I submit this Declaration in support of the Motion for Final Approval of Class Action Settlement. I am a competent adult and was employed by the Defendant at times during the Class Period. I have personal knowledge of the facts set forth in this declaration, and could and would testify competently under oath if called as a witness.

2. I was employed by Defendant between March 2004 and November 2006 as a Cashier at their North Palm Springs location. During my employment with Defendant, I did not have direct deposit.

3. At all times while employed by Defendant, my paychecks were drawn on an out-of-state bank with no branches in California. I was never provided with any information from Defendant as to where I could cash my paycheck in California without incurring a fee. When I cashed my paycheck at work, I was forced to incur a $2.00 fee.

5. At the time I left Defendant's employ, I did not feel that it was right that I had to incur out-of-pocket expenses to cash my paychecks. I spoke with one of my attorneys, Steven L. Miller, and learned that, among other things, my paychecks should not have been drawn on an out-of-state bank and that I should have been able to cash my paychecks without incurring check cashing fees.

6. I exchanged numerous telephone calls with Mr. Miller regarding the facts of the case, and I reviewed the complaint to make sure everything was accurate. I also spent a lot of time with another of my attorneys, Robert Spencer, discussing the Rule 26 Initial Disclosures and making sure everything was accurate. I also exchanged numerous telephone calls with Mr. Spencer answering questions he had while preparing discovery requests propounded to the Defendant, including a First Set of Interrogatories and a Request for Production of Documents. I also spent time speaking with Mr. Spencer regarding the progress of the settlement discussions. I also spent time with Mr. Spencer

regarding the progress of the settlement discussions. I also spent time with Mr. Spencer discussing the potential settlement, how the settlement would be paid to the class members, and whether it was fair.

7. At the time I agreed to act as a Plaintiff/Class Representative, I understood that I might be responsible for some of the costs incurred by Defendant if the lawsuit was unsuccessful. I was also concerned about the possible repercussions to my future job opportunities if a potential employer was to find out that I have been a plaintiff in a class action wage and hour lawsuit.

8. I understood from the beginning that I was pursuing this case not only for my own benefit, but for the benefit of many past and present employees who were either not aware of their rights or were too afraid of losing their jobs to complain.

9. I believe that the settlement reached in this case is fair and will justly compensate the employees who are affected, in light of the risks and issues involved. I believe that the $5,000.00 enhancement I have requested is fair in light of the work I put into the case, the risks I took, the harm that I believe suing my employer may cause me in terms of future job prospects, and the benefits which have been achieved for the class members. Because I stepped forward, Defendant has had to confront its practices and ensure that its employees are receiving proper paychecks that can be cashed without fees.

10. I believe that the settlement I am to receive for my individual claim is fair and I have not privately benefited at the expense of the class.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed in the city/town of Desert Hot Springs California on September 5, 2008.

*Cheryl D Ford*
CHERYL FORD

2

DECLARATION OF CHERYL FORD IN SUPPORT OF
MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT
CASE NO. C07-02715 TEH