ERIC A. GROVER, Esq. (SBN 136080)
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, CA  94107
Tel. (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com

Attorneys for Plaintiff
CHERYL FORD and
CLASS COUNSEL

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL FORD, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>     Plaintiff,<br><br>     v.<br><br>PILOT TRAVEL CENTERS LLC and DOES 1 through 10 inclusive,<br><br>     Defendants. | Case No.: C07-02715 TEH<br><br>CLASS ACTION<br><br>**[PROPOSED] JOINT ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, CLASS REPRESENTATIVE ENHANCEMENT AND INDIVIDUAL SETTLEMENT**<br><br>Date:        September 22, 2008<br>Time:        10:00 a.m.<br>Courtroom: 12 (19th Floor)<br>Judge:       Hon. Thelton E. Henderson |

This matter having come before the Court on September 22, 2008 for the Final Approval Hearing on the parties' Joint Stipulation of Settlement and Release Between Plaintiff and Defendant (the "Stipulation of Settlement"), due and adequate notice having been given to Class Members as required by the Court's Order Vacating Hearing Date, Granting Preliminary Approval of Class Action Settlement, and Setting Final Approval Hearing ("Preliminary Approval Order") dated April 15, 2008, and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the proposed settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefor, it is hereby ORDERED AS FOLLOWS:

1. All terms used herein shall have the same meaning as given them in the Stipulation of Settlement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.

3. The Court hereby unconditionally certifies the two settlement classes, as defined in the Stipulation of Settlement, for purposes of this settlement only. The "Labor Code Section 2699 Class" is defined as all California employees of Defendant who received one or more live paychecks from Defendant between April 23, 2006 and March 11, 2007. The "Labor Code Section 212 Class" is defined as all California employees of Defendant who paid a fee to Defendant or a third-party to cash one or more live paychecks received from Defendant between April 23, 2003 and March 11, 2007.

4. Distribution of the Notice of Proposed Class Action Settlement and Final Fairness and Approval Hearing ("Notice") and Claim Form directed to the Class Members as set forth in the Stipulation of Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed settlement as set forth in the Stipulation of Settlement. The Notice provided adequate and appropriate notice to all persons entitled to such

notice, and therefore fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Stipulation of Settlement and within the Final Approval Order.

5.   The Court hereby finds the settlement was entered into in good faith and that Plaintiff has satisfied the standards and applicable requirements for final approval of this class action settlement under Federal Rule of Civil Procedure 23.

6.   The Court hereby approves the settlement as set forth in the Stipulation of Settlement, and finds that the settlement is, in all respects, fair, adequate, and reasonable. The Court directs the parties to effectuate the settlement according to the terms set forth in the Stipulation of Settlement. The Court finds that the settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations. In granting final approval of the Stipulation of Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the settlement Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial. Additionally, the Court finds that the terms of the Stipulation of Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member. The Court also finds that the two settlement classes have been properly certified for settlement purposes only.

7.   As of the date of this Final Order and the effective date as set forth in the Stipulation of Settlement, each and every released claim of each Class Member who did not timely opt-out is and shall be deemed to be conclusively released as against the Releasees (as defined in the Stipulation of Settlement). Except as to such rights or claims that may be created by the settlement, all Class Members as of the date of this Final Order and the effective date who did not timely opt-out are hereby forever barred and enjoined from prosecuting any of the released claims against any of the Releasees.

8.   Neither the settlement nor any of the terms set forth in the Stipulation of Settlement constitute an admission by Defendant, or any of the other Releasees, of liability to the plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the

1 Court of the validity of any of the claims alleged in the Lawsuit, or of any liability of Defendant
2 or any of the other Releasees.

3     9.    The Court hereby finds the total settlement amount provided for in the
4 Settlement to be fair, reasonable and adequate.

5     10.    The Court hereby confirms Keller Grover LLP, Thierman Law Firm, Law
6 Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation as Class
7 Counsel.

8     11.    Pursuant to the terms of the settlement, and the authorities, evidence, and
9 argument set forth in Class Counsels' application, an award of attorneys' fees in the aggregate
10 amount of $231,250 (equivalent to 25% of the total settlement value) and for costs and expenses
11 in the aggregate amount of $6,795.98 as final payment for and complete satisfaction of any and
12 all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted. The
13 Court finds that Class Counsel's request falls within the range of reasonableness and that the
14 result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made
15 in accordance with the terms of the Stipulation of Settlement.

16     12.    The Court also hereby approves as Class Representative and orders
17 payment to Plaintiff Cheryl Ford for her service as a Class Representative, the sum of $5,000.00.
18 The payment of the Class Representative enhancement shall be made in accordance with the
19 terms of the Stipulation of Settlement.

20     13.    The Court also approves the payment to Plaintiff Ford of $10,000.00 in
21 settlement of her individual claims against Defendant. The payment of this amount shall be made
22 in accordance with the terms of the Stipulation of Settlement.

23     14.    The Court approves the settlement of the California Labor Code section
24 2699 claims alleged in the Lawsuit and the allocation of $132,500.00 to settle these claims. Of
25 that amount, and in accordance with California Labor Code section 2699(i), 75%, or $93,375.00,
26 shall be paid to the State of California Labor and Workforce Development Agency in accordance
27 with the terms of the Stipulation of Settlement. The remaining 25%, or $33,125 shall be
28

1 distributed to all Qualified Claimants of the Labor Code Section 2699 Class in accordance with
2 the terms of the Stipulation of Settlement.

3     15.    The Court also approves the settlement of the California Labor Code Section 212 claims alleged in the Lawsuit and the allocation of up to $501,500.00 to settle these claims. Based on the Claims Administrator's report of claims made by Qualified Claimants, Defendant will be responsible for paying a total of $100,300.00 (20% of the amount allocated to settle the Section 212 claims) to Labor Code Section 212 Class Members. The Court hereby authorizes and directs the Claims Administrator to calculate and pay the claims of all Qualified Claimants of the Labor Code Section 212 Class in accordance with the terms of the Stipulation of Settlement.

    16.    The Court further approves the payment of up to $35,000.00 to Rosenthal & Co. for the costs of administering the settlement as set forth in the Stipulation of Settlement. The payment authorized by this paragraph shall be made in accordance with the terms of the Stipulation of Settlement.

    17.    If the settlement does not become final and effective in accordance with the terms of the Stipulation of Settlement, this Final Approval Order and all orders entered in connection herewith, including the Judgment on this Order, shall be vacated and shall have no further force or effect.

    18.    The Court hereby dismisses the Plaintiff's and Class Members' claims alleged in the operative complaint with prejudice.

    19.    Without affecting the finality of the Settlement or the Judgment to be entered hereon, this Court shall retain exclusive and continuing jurisdiction over the Lawsuit and the Parties, including all Class Members, for purposes of enforcing and interpreting the Settlement, this Order and the claims process established therein.

**IT IS SO ORDERED.**

Dated:_____,2008                          _____
                                                                           HONORABLE THELTON E. HENDERSON
                                                                           UNITED STATES DISTRICT JUDGE

Approved as to form:

Dated: September 5, 2008          KELLER GROVER LLP

                                  By: /s/ Eric A. Grover
                                  ERIC A. GROVER
                                  Attorneys for Plaintiff
                                  CHERYL FORD and CLASS COUNSEL

Dated: September 5, 2008          LITTLER MENDELSON, P.C.

                                  /s/ Jody A. Landry
                                  JODY A. LANDRY
                                  Attorneys for Defendant
                                  PILOT TRAVEL CENTERS LLC